# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/20/2005
Log Number 510308751

TO:    Beth Hallo
       ALSTOM Transportation Inc.
       353 Lexington Avenue, Suite 1100
       New York, NY, 10016-

JUN 22 2005

RE:    **Process Served in District of Columbia**

FOR:   ALSTOM Transportation Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin Patrick Baker, Pltf. vs. Alstom Transportation, Inc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Verified Complaint for Backpay, Jury Demand |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC<br>Case # 05-0002968 |
| **NATURE OF ACTION:** | Employee Litigation - Uncompensated Overtime Pay under Fair Labor Standards Act. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/17/2005 at 12:21 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | Alan Banov<br>1819 L Street NW<br>Suite 700<br>Washington, DC, 20036<br>202-822-8699 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790058792849 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC, 20005<br>202-572-3133 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action.



**Superior Court of the District of Columbia**
**Civil Division**

Baker, K. vs. Alstom Transportation, Inc_____    C.A. No. 05ca002968

## INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

April 18, 2005                   Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #5   (Judge Mary A. Terrell)

Initial conference: @ 9:15am  07/22/05    Courtroom: 219, Main Bldg., 2nd Floor
                                                          500 Indiana Ave., N.W.
                                                          Washington, D.C. 20001

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Kevin Patrick Baker
                                    *Plaintiff*

VS.

Alstom Transportation, Inc.
                                    *Defendant*

05-0002968

Civil Action No. [                    ]

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 8:30 am. and 5:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan Banov

Name of Plaintiff's Attorney

1819 L Street NW Suite 700

Address

Washington, D.C. 20036

202 822-9699

Telephone

By _____
                Deputy Clerk

Date [        APR 1 8 2005        ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 88

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KEVIN PATRICK BAKER,                     )
6608 Gude Ave                            )
Takoma Park, MD Plaintiff,               )         05-0002968
20912                                    )
                                         )
        v.                               ) Case No.
                                         )
                                         )    ┌─────────────────────────┐
ALSTOM TRANSPORTATION, INC.,             )    │       RECEIVED          │
                                         )    │   Civil Clerk's Office  │
SERVE: Registered Agent                  )    │                         │
        C T Corporation System           )    │      APR 1 8 2005       │
        1015 15th Street, NW              )    │                         │
        Suite 1000                       )    │    Superior Court of the │
        Washington, D.C.  20005,         )    │    District of Columbia │
                                         )    │    Washington, D.C.     │
        Defendant.                       )    └─────────────────────────┘
_____ ) Jury Trial Demanded

VERIFIED COMPLAINT FOR BACKPAY
(Uncompensated Overtime Pay under Fair Labor Standards Act)

A. Jurisdiction and Venue

1.    The Court has jurisdiction over this action under District Columbia Code 2001,

§11-921 because the actions about which Plaintiff Kevin Patrick Baker complains occurred

within the District of Columbia, and under the Fair Labor Standards Act of 1938, as amended

("FLSA"), 29 U.S.C. §216(b), because federal and state courts have concurrent jurisdiction under

the FLSA.

2.    The Court has jurisdiction over Defendant ALSTOM Transportation, Inc.

pursuant to D.C. Code 2001, §§13-422 and 13-423(a), because defendant conducts business in

Washington, D.C.

3.    Venue properly lies within this Court because defendant conducts business in

Washington, D.C.

## THE PARTIES

4.      Plaintiff Kevin Patrick Baker is a former employee of Defendant ALSTOM

Transportation, Inc. and was an employee of ALSTOM within the meaning of the FLSA, 29

U.S.C. §203(e).

5.      Defendant is a corporation which is a subsidiary of ALSTOM, an international

limited liability company which is based in Paris, France, and incorporated under the laws of

France.  Defendant services rail lines and rail cars, especially for Amtrak and MARC, used in the

District of Columbia and is an employer under the FLSA, 29 U.S.C. §203(d).

### C.  THE FACTS UNDERLYING PLAINTIFF'S CLAIMS

6.      Plaintiff has Associates Degrees in Engineering Science from Onondaga

Community College, in Electronic Engineering Technology from Tidewater Community College,

and in Automotive Technology from City Colleges of Chicago.  He has no bachelor's or

advanced degrees.

7.      Plaintiff began working for defendant in March 2000 through TechAid, a

temporary placement agency, which had placed Mr. Baker with defendant as a Technician in

defendant's Philadelphia Acela Test and Commissioning Site.

8.      TechAid paid plaintiff at an hourly rate.

9.      As a temporary employee with defendant, plaintiff acted only at the discretion and

direction of management.  He did not manage a budget or assets or supervise personnel.  His

duties included troubleshooting, repairing, and modifying of electro-mechanical devices.

2

10.    In September 2000, defendant interviewed plaintiff for a permanent position as either a salaried engineer or as an hourly technician. Operations Manager Matt Rivera conducted the interview.

11.    At that interview, Mr. Rivera offered plaintiff the position.

12.    Mr. Rivera encouraged plaintiff to accept the engineering position, because, he said, management would look more favorably upon him and consider him for promotions and higher raises more quickly. In addition, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked.

13.    In October 2000, plaintiff received a formal offer letter from defendant. The offer letter stated that plaintiff would be eligible for a salary review in six months.

14.    Plaintiff accepted the salaried position.

15.    On October 28, 2000, defendant formally hired plaintiff as a permanent employee with the title of Electrical Engineer at an annual salary of $55,000.

16.    Defendant assigned plaintiff primarily to the Acela Service Site in Washington, D.C. (also known as the Ivy City High Speed Rail).

17.    When he became a permanent employee, plaintiff's duties did not change from those he had when he was a temporary employee. Throughout his tenure he did the same type of work.

18.    From January 2001 to August 2001, plaintiff often worked over nine hours a day, without a lunch break, and defendant paid plaintiff overtime pay for all of his overtime work.

3

19.    By paying plaintiff overtime pay, defendant recognized that he was no longer, if ever, an FLSA-exempt employee.

20.    Meanwhile, in April 2001, after being a permanent employee for six months, plaintiff submitted his self-evaluation forms in anticipation of a review, on which he mentioned much of the overtime he worked for the benefit of the company.  Based on what Mr. Rivera had told plaintiff when defendant first offered the permanent position to him, plaintiff expected to receive a raise based on his many overtime hours worked, in addition to his excellent performance.  However, defendant did not review plaintiff's work or give him a raise.

21.    From August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime, documenting the overtime hours on his timesheet.

22.    Beginning in August 2001, defendant ceased paying plaintiff for any of the many hours of overtime he was working.

23.    Although plaintiff was continuing to work overtime without compensation, in February 2002, Mr. Moses ordered plaintiff not to include his overtime hours on his time sheet.

24.    However, Mr. Moses allowed plaintiff to document the overtime he worked in the "comments" section of his timesheet.  Plaintiff did so.

25.    In May 2002, defendant paid plaintiff a 5.8% raise, effective April 1, 2002.

26.    In November 2002, after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked. However, defendant still did not pay plaintiff for the overtime he worked.

4

27.    In March 2003, Mr. Amar named plaintiff Project Lead for the Maryland High Horse Power Locomotive Contract (otherwise known as the MARC trains).  However, plaintiff supervised no one, and his manager, Site Manager Curtis Moses, remained the customer's first point of contact and directed the work, while Mr. Amar managed the warranty aspect and controlled company assets.

28.    Also in March 2003, Mr. Amar stated at a meeting of employees that certain employees would not be doing all the work and that all employees would have to work their share.

29.    Afterwards, he privately told plaintiff that he was referring to him and that plaintiff would not have to work as many overtime hours.  In reality, this was an empty promise, because defendant continued to require plaintiff to work overtime without compensation.

30.    For instance, on August 23, 2003, Mr. Amar and Mr. Moses ordered plaintiff to work overtime to repair a locomotive.  Mr. Amar informed plaintiff that he would receive overtime pay as a bonus or a raise for doing this work.

31.    Plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work.

32.    As another example, on August 28, 2003, Mr. Amar and Mr. Moses ordered plaintiff to complete a repair, even though plaintiff had already worked 14 hours of overtime during that pay period.  Both managers promised that defendant would compensate plaintiff for that overtime, but defendant never did.

5

33.    In November 2003, Mr. Amar informed plaintiff that defendant's Human

Resources department was in the process of reviewing all of the Field Services job descriptions

and pay structures and that defendant would pay overtime pay to all field engineering personnel

as non-exempt employees.

34.    This was another unkept promise, though.

35.    In March 2004, Mr. Pete Dimola (new Project Operations Manager & Eastern

Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor

Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003.

36.    Plaintiff did so and also submitted records documenting those hours.

37.    The records revealed that during those two fiscal years plaintiff worked 1212

hours of overtime and that defendant had not compensated him for that overtime.

38.    Even after plaintiff submitted his records to Mr. Dimola, defendant still did not

compensate him for any of the overtime he worked during the two fiscal years.

39.    By contrast, other salaried and degreed personnel (such as Saluka Kulasinghe &

Kofi Anane-Osawe) received checks for overtime compensation in excess of $5,000 or more and

were reclassified as "non-exempt."

40.    Throughout his tenure with defendant, plaintiff's scheduled workweek was 40

hours per week. However, plaintiff often worked uncompensated overtime bi-weekly pay period.

41.    During his employment with defendant, plaintiff worked over two thousand hours

of uncompensated overtime for defendant to complete projects within deadlines.

42.    On June 22, 2004, defendant unfairly suspended plaintiff without pay.

43.    By letter dated June 28, 2004, from Ellie Snyder, Human Resources Manager,

defendant terminated plaintiff wrongfully and without good cause.

44.    Plaintiff's last annual salary was $59,858.

45.    Defendant suffered or permitted plaintiff to work the aforementioned overtime

hours.

46.    Plaintiff would work overtime to complete projects that he could not complete

during the regular workday.  Defendant knew that plaintiff would have to work overtime to

complete the projects.

47.    Also, defendant knew he worked these hours because plaintiff submitted these

hours on his timesheets, which he submitted regularly.

48.    From 2001 until he was terminated in June 2004, plaintiff kept a record of the

uncompensated overtime hours he worked.

49.    The employer did not pay plaintiff for his overtime work with overtime pay at 1.5

times his regular hourly rate.

### D.  STATEMENT OF CLAIMS
(Failure to Pay Overtime Pay)

50,    Plaintiff adopts and incorporates by reference paragraphs 1-49 above.

51.    Although defendant gave him the title of Electrical Engineer, plaintiff was not

exempt as a "professional" under the FLSA, 29 U.S.C. §213(a).  The work he did was more

descriptive of a technician, which is not a primary duty qualifying for exemption under the

FLSA, because it did not require knowledge of an advanced type, was not an occupation that has

7

attained recognized advanced status, was not "original and creative," or was within the teaching

or computer-related fields, under the Department of Labor's regulations, 29 C.F.R. §541.3(a).

52.    Also, plaintiff possesses only associate's degrees, not a bachelor's or advanced

degree, which is characteristic of a position qualified for the professional exemption.

53.    Nonetheless, defendant incorrectly considered plaintiff as an "exempt" employee,

instead of as non-exempt under the FLSA.

54.    In the circumstances, plaintiff was not a bona fide "professional" employee within

the meaning of the FLSA, 29 U.S.C. §213(a)(1), or Department of Labor regulations, 29 C.F.R.,

Part 541.

55.    Nor was plaintiff a bona fide "executive" or "administrative" employee under the

FLSA, 29 U.S.C. §213(a), or DOL regulations, 29 C.F.R., Part 541.  His position description did

not list any duties typical of an executive or administrative employee.  He performed no duties on

a daily basis which an executive or administrative employee would perform daily.

56.    Defendant violated the FLSA, 29 U.S.C. §207(a), by knowingly, willfully, and

continuously failing to pay plaintiff overtime pay for his overtime work in the activities described

above.

57.    As a result of defendant's violations of the FLSA, it unlawfully denied plaintiff

overtime pay for the period between April 14, 2002, and June 28, 2004.

8

REMEDIES

58.     WHEREFORE, plaintiff respectfully requests that the Court issue a judgment

granting him the following relief:

    a)     Overtime compensation beginning the date which is three years before the

          filing of this complaint, under 29 U.S.C. §255(a), because the employer's

          violations were willful;

    b)     Liquidated damages of an equal amount under 29 U.S.C. §216(b);

    c)     Prejudgment and postjudgment interest as of June 22, 2004, the date he was

          suspended without pay;

    d)     Reasonable attorneys' fees and costs under the FLSA, 29 U.S.C. §216(b); and

    e)     Such other and further relief as the Court seems just and warranted.

## F. JURY TRIAL DEMAND

59.     Plaintiff requests a jury trial on all issues of fact and damages arising herein.

9

<u>VERIFICATION</u>

I hereby certify under penalty of perjury that I am the plaintiff in the above-captioned

case; that I have read the foregoing Verified Complaint; and that the facts related herein are true

and correct to the best of my knowledge, information, and belief.

Executed at Washington, D.C., April ⟍5 , 2005.


_____
KEVIN PATRICK BAKER
6608 Gude Avenue
Takoma Park, MD  20912-4829



Respectfully submitted,


_____
ALAN BANOV #95059
NORBERTO SALINAS #474710
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036
(202) 822-9699
Fax: (202) 842-9331
<u>Attorneys for Plaintiff</u>


10