**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN PATRICK BAKER<br>6608 Gude Avenue<br>Takoma Park, Maryland 20912<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ALSTOM TRANSPORTATION, INC.<br>c/o<br> C T Corporation System<br> 1015 15th Street, N.W.<br> Suite 1000<br> Washington, D.C. 20005<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Civil File No.: 05-1352<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, ALSTOM Transportation, Inc., through undersigned counsel, pursuant to Federal Rule of Civil Procedure, Rule 8, hereby files its *Answer to Plaintiff's Complaint* and states the following in support thereof:

**A.　　JURISDICTION AND VENUE**

1.　　Defendant neither confirms nor denies the allegations set forth in paragraph 1 of Plaintiff's *Complaint* regarding its jurisdictional basis, as it would require a legal conclusion. To the extent that a response is required, the allegations are denied.

2.　　Defendant neither confirms nor denies the allegations set forth in paragraph 2 of Plaintiff's *Complaint* regarding its jurisdictional basis, as it would require a legal conclusion. To the extent that a response is required, the allegations are denied.

769137.1

3.  Defendant neither confirms nor denies the allegations set forth in paragraph 3 of Plaintiff's *Complaint* regarding its basis for venue, as it would require a legal conclusion. To the extent that a response is required, the allegations are denied.

## B. THE PARTIES

4.  Defendant admits the allegations set forth in paragraph 4 of Plaintiff's *Complaint*.

5.  Defendant admits the allegation set forth in paragraph 5 of Plaintiff's *Complaint*.

## C. THE FACTS UNDERLYING PLAINTIFF'S CLAIMS

6.  Defendant admits that Plaintiff now purports to have associates degrees in Electronic Science and Electronic Engineering Technology. Defendant admits that Plaintiff previously represented that he has a bachelor of science degree in electrical engineering, as he reported on his employment application. A copy of ALSTOM's job offer letter to Plaintiff is attached as **Exhibit A**. Plaintiff's employment application is attached as **Exhibit B**. ALSTOM's job posting announcing the Electrical Engineering vacancy is attached as **Exhibit C**. To the extent that the remaining allegations regarding Plaintiff's claim that he does not possess a bachelor's or advanced degree are contradicted by statements and/or representation made by Plaintiff during his hiring process, Defendant denies those allegations.

7.  Defendant admits the allegations set forth in paragraph 7 of Plaintiff's *Complaint.*

8.  Defendant is without knowledge or information sufficient to form a belief regarding the allegation set forth in paragraph 8 of Plaintiff's *Complaint*.

9.  Defendant admits that Plaintiff was a temporary worker, not on Defendant's payroll until October 2000, and denies the remaining allegations set forth in paragraph 9 of Plaintiff's *Complaint*.

10. Defendant admits that Plaintiff was interviewed by Operations Manager, Matt Rivera, for a permanent position at or around September 2000. Defendant is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in paragraph 10 of Plaintiff's *Complaint*.

11. Defendant is without knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 11 of Plaintiff's *Complaint*.

12. Defendant is without knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 11 of Plaintiff's *Complaint*.

13. Defendant admits that it sent a formal job offer letter to Plaintiff on October 16, 2000, notifying him that his position as an Electrical Engineer would be exempt from overtime.

14. Defendant admits that Plaintiff accepted the October 16, 2000 formal job offer as an overtime-exempt Electrical Engineer.

15. Defendant admits the allegations set forth in paragraph 15 of Plaintiff's *Complaint*.

16. Defendant admits the allegation set forth in paragraph 16 of Plaintiff's *Complaint*.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiff's *Complaint*.

18. Defendant neither admits nor denies the validity of Plaintiff's self-assessment regarding how many hours he worked on the job. Defendant admits that it in addition to his base salary, it compensated Plaintiff additional monies.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's *Complaint*.

20. Defendant admits that Plaintiff completed a self-evaluation in April 2001, and that he made reference to the hours that he worked. Defendant neither admits nor denies Plaintiff's allegations regarding his subjective expectations as those statements are self-serving. Defendant denies the remaining allegations set forth in paragraph 20 of Plaintiff's *Complaint*.

21. Defendant neither admits nor denies the validity of Plaintiff's self-assessment regarding how many hours he worked on the job.

22. Defendant denies that Plaintiff was entitled to overtime compensation. Defendant admits that beginning in August 2001, Plaintiff was paid what was he was promised and entitled to receive as a salaried exempt employee.

23. Defendant denies that Plaintiff was entitled to overtime compensation. Defendant is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in paragraph 23 of Plaintiff's *Complaint*.

24. Defendant admits that Plaintiff annotated his employment records as described in paragraph 24 of Plaintiff's *Complaint*. Defendant is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in paragraph 24 of Plaintiff's *Complaint*.

25. Defendant admits the allegations set forth in paragraph 25 of Plaintiff's *Complaint*.

26. Defendant denies the allegations set forth in paragraph 26 of Plaintiff's *Complaint*.

27. Defendant admits that Plaintiff held the responsibilities described in paragraph 27 of Plaintiff's *Complaint*. Defendant denies the remaining allegations set forth in paragraph 27 of Plaintiff's *Complaint*.

28. Defendant is without knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 28 of Plaintiff's *Complaint*.

29. Defendant denies that Plaintiff was entitled to overtime compensation, and on that basis, denies the allegations set forth in paragraph 29 of Plaintiff's *Complaint*.

30. Defendant denies that Plaintiff was entitled to overtime compensation, and on that basis, denies the allegations set forth in paragraph 30 of Plaintiff's *Complaint*.

31. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 31 of Plaintiff's *Complaint*.

32. Defendant denies that Plaintiff was entitled to overtime compensation, and on that basis, denies the allegations set forth in paragraph 32 of Plaintiff's *Complaint*.

33. Defendant denies that Plaintiff was entitled to overtime compensation, and on that basis, denies the allegations set forth in paragraph 33 of Plaintiff's *Complaint*.

34. Defendant denies that Plaintiff was entitled to overtime compensation. Defendant neither admits nor denies Plaintiff's self-serving remarks contained in paragraph 34 of Plaintiff's *Complaint*.

35. Defendant admits that, at or around March 2004, certain employees, including Plaintiff, were asked to provide records regarding the amount of time they worked on the job.

36. Defendant admits that Plaintiff submitted certain information.

37. Defendant denies that Plaintiff was entitled to overtime compensation. Defendant neither admits nor denies the validity of Plaintiff's self-calculation of the hours he worked.

38. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 38 of Plaintiff's *Complaint*.

39. Defendant admits that certain individuals were properly reclassified as non-exempt employees and compensated accordingly. Defendant denies Plaintiff's implication that he was entitled to overtime compensation.

40. Defendant admits that Plaintiff's routine work week consisted of 40 hours. Defendant denies that Plaintiff was entitled to overtime compensation.

41. Defendant denies that Plaintiff was entitled to overtime compensation. Defendant neither admits nor denies the validity of Plaintiff's self-assessment regarding the number of hours he worked.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiff's *Complaint*.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiff's *Complaint*.

44. Defendant admits the allegations set forth in paragraph 44 of Plaintiff's *Complaint*.

45. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 45 of Plaintiff's *Complaint*.

46. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 46 of Plaintiff's *Complaint*.

47. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 47 of Plaintiff's *Complaint*.

48. Defendant is without knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 48 of Plaintiff's *Complaint*.

49. Defendant denies that Plaintiff was entitled to overtime compensation and, on that basis, denies the allegations set forth in paragraph 49 of Plaintiff's *Complaint*.

### D. STATEMENT OF CLAIMS

50. Defendant incorporates and restates by reference its answers to each and every allegation contained in paragraphs 1 – 49 of Plaintiff's *Complaint*, as if fully stated herein.

51. Defendant denies the allegations set forth in paragraph 51 of Plaintiff's *Complaint*.

52. Defendant denies the allegations set forth in paragraph 52 of Plaintiff's *Complaint*.

53. Defendant denies the allegations set forth in paragraph 53 of Plaintiff's *Complaint*.

54. Defendant denies the allegations set forth in paragraph 54 of Plaintiff's *Complaint*.

55. Defendant denies the allegations set forth in paragraph 55 of Plaintiff's *Complaint*.

56. Defendant denies the allegations set forth in paragraph 56 of Plaintiff's *Complaint*.

57. Defendant denies the allegations set forth in paragraph 57 of Plaintiff's *Complaint*.

### E. REMEDIES

58. Defendant denies that Plaintiff is entitled to any of the relief sought in Plaintiff's *Complaint*.

### F. JURY TRIAL DEMAND

59. Defendant declines to provide an answer responsive to Plaintiff's jury trial demand.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For its first, separate affirmative defense, Defendant states that Plaintiff's claim fails to state a claim for relief.

### Second Affirmative Defense

For its second, separate affirmative defense, Defendant states that Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or laches.

### Third Affirmative Defense

For its third, separate affirmative defense, Defendant states that Plaintiff's claims may be barred, in whole or in part by Plaintiff's failure to exhaust administrative remedies.

### Fourth Affirmative Defense

For its fourth, separate affirmative defense, Defendant states that Plaintiff's claims may be barred, in whole or in part, because Plaintiff was an overtime exempt employee pursuant to the Fair Labor Standards Act.

### Fifth Affirmative Defense

For its fifth, separate affirmative defense, Defendant states that Plaintiff's claims may be barred, in whole or in part, because its actions were based in good faith and Defendant did not willfully violate the law.

<u>Sixth Affirmative Defense</u>

For its sixth, separate affirmative defense, Defendant states that Plaintiff's claims may be barred, in whole or in part, by the doctrine of accord and satisfaction.

<u>Seventh Affirmative Defense</u>

For its seventh, separate affirmative defense, Defendant states that claims may be barred, in whole or in part, by the FLSA's "window of correction."

<u>Eighth Affirmative Defense</u>

For its eighth, separate affirmative defense, Defendant states that because no discovery has taken place at this stage, Defendant reserves the right to assert other affirmative defenses as appropriate.

WHEREFORE, having answered, Defendant prays that Plaintiff's *Complaint* be dismissed in its entirety, with costs to Defendant.

_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM Transportation Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil File No.: 05-1352 |
| | ) |
| ALSTOM TRANSPORTATION, INC. | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 12th day of July 2005, that a copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was served electronically upon Plaintiff's counsel identified below:

    Alan Banov, Esquire
    Norberto Salinas, Esquire
    Alan Banov & Associates
    1819 L Street, N.W., Suite 700
    Washington, D.C. 20036

_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM Transportation Inc.