UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN PATRICK BAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1352 (RCL) |
| ) | |
| **ALSTOM TRANSPORTATION, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order regarding discovery of any form whatsoever that concerns the information listed below. The Court hereby orders that such discovery should be subject to the following terms and conditions:

1. That discovery materials provided pursuant to this Protective Order referring or relating in any manner to the personal data of any and all of Defendant ALSTOM Transportation's current or former employees, and Plaintiff Kevin P. Baker's tax records, tax returns, and his Social Security number, shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, employees in the Clerk's office and in the Court's courtroom, Plaintiff, Defendant (including its officials who may need to see such documents to assist it in this litigation), counsel of record, counsel's staffs, and other persons directly assisting counsel of record. For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means experts or outside consultants retained by counsel of record to assist in the preparation of their case.

2. That all copies of documents and discovery provided pursuant to this Protective Order

shall be stamped in advance with the legend, "Confidential," and accompanied with a statement of confidentiality setting forth the reasons why each such document or discrete category of documents should be subject to this Order. Any such documents marked "Confidential" shall be marked only upon a party's good faith belief that the documents contain information which should be subject to this Order.

      3. That the Plaintiff, Defendant, counsel of record, counsel's staffs, and persons directly assisting counsel of record shall not show, furnish, or otherwise disclose discovery provided pursuant to this Protective Order, or any other discovery designated with the legend, "Confidential," or so noted upon an accompanying document which reasonably describes the discovery so designated, to anyone other than the Court or each other.

      4. That the discovery provided pursuant to this Protective Order, and/or the data and information contained therein, and any other discovery designated with the legend "Confidential," if filed with the Court as exhibits to depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents, shall be filed under seal and shall be accessible to the Court, Plaintiff, Plaintiff's counsel of record, Defendant, and Defendant's counsel of record.

      5. That any and all copies of discovery provided pursuant to this Protective Order and/or the data and information contained therein, other than documents which have become part of the official record, shall be returned to respective counsel of record within 21 days after the completion of this case, including any appeals.

      6. That any person directly assisting counsel of record to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, shall be shown a copy

of this Protective Order and shall be subject to its terms.

    7. That the parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.

    8. This Protective Order will be effective on October 3, 2005.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, October 3, 2005.