# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER,      )
      )
          Plaintiff,      )
      )
          v.      ) Case No. 05-CV-1352 (RCL)
      )
ALSTOM TRANSPORTATION, INC.,      )
      )
          Defendant.      )
_____)

## MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR DOCUMENTS AND TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

### I. INTRODUCTION

Plaintiff Kevin P. Baker alleges that Defendant ALSTOM Transportation, Inc. violated the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §207(a), by unlawfully failing or refusing to pay plaintiff overtime pay for the overtime he worked as an Electrical Engineer during the period between April 14, 2002, and June 28, 2004. See Complaint ¶¶48, 57.

Defendant's defense essentially is that it properly classified Mr. Baker as exempt because he was a "professional" employee under the FLSA, 29 U.S.C. §213(a). See Answer ¶¶14, 22, 29-33, 51.

### II. PLAINTIFF'S DISCOVERY EFFORTS THUS FAR

On August 15, 2005, plaintiff served defendant with Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Documents (Exhibit 1 hereto). The date for defendant to serve responses to the discovery requests was no later than September 17, 2005.[1] On September 20, defendant served responses to plaintiff's Request for Admissions

---

[1] The requests were sent by facsimile transmission and by mail.

(Exhibit 2),[2] but did not then respond to plaintiff's other discovery requests.  Defendant did not formally or informally ask for extensions of time to serve its other discovery responses.

It was not until September 22, 2005, that defendant responded to plaintiff's Requests for Documents.  See Exhibit 3.  On that date defendant sent plaintiff its Response to Plaintiff's Request for Documents, but sent no documents.  In response to many requests, defendant stated:

> Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

On September 27, 2005, plaintiff's counsel sent a "deficiency letter" to defendant (Exhibit 4), in which they detailed the extent to which defendant's responses to plaintiff's discovery requests were unresponsive.  As indicated therein, defendant's responses to Plaintiff's Requests for Admissions failed to deny many requests unconditionally, so plaintiff deemed those requests as admitted, and plaintiff objected that defendant had served incomplete responses to Plaintiff's Request for Production of Documents while continuing to disregard plaintiff's interrogatories.  See Exhibit 4.  Since defendant's response, "Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery," was strange, plaintiff repeatedly asked defendant what it meant and to produce all non-privileged documents without delay.  See Ex. 4, pp. 4-6.

On September 29, defendant sent a letter to plaintiff's counsel, in which it stated that it would send a "formal response" to each of plaintiff's discovery-related issues by October 4.  See Exhibit 5.  It also stated that plaintiffs would receive Defendant's Answers to Plaintiff's Interrogatories by October 4 as well.  Once again defendant did not make any informal or formal request for more time to respond to the interrogatories.

---

[2]  Most of defendant's responses to his Request for Admissions were not responsive, so defendant thereby admitted many of plaintiff's Request for Admissions.  See below, Part III. B.

On October 4, <u>17 days after they were due</u>, defendant finally responded to Plaintiff's First Set of Interrogatories.  See Exhibit 6.  In a separate letter on October 4, defendant responded to its previously deficient responses by addressing those deficiencies with additional responses. See Exhibit 7.  Those responses, however, mirrored the defendant's previously submitted responses and thus failed to provide any additional information.  As has it been throughout this case, defendant chooses to argue, rather than comply with valid requests for complete discovery responses.

On October 13, after requiring plaintiff to pay for copies of the documents and after plaintiff sent defendant a check for $46.09, defendant delivered a large stack of documents to plaintiff's counsel.  Defendant's counsel did not indicate that it had any more non-privileged documents which were responsive to plaintiff's discovery requests or that plaintiff's counsel should come to its office to new any additional documents.[3]

On October 14, plaintiff's counsel wrote another deficiency letter, outlining the lingering deficiencies in defendant's responses, despite his attempts to obtain more complete responses. See Exhibit 8.  Among the deficiencies, Plaintiff's counsel stated:

> We received your late document responses on October 13, and are reviewing them to see if they now make any of your responses complete.

> However, we know enough that if by October 21, 2005, defendant does not respond satisfactorily to the foregoing points on plaintiff's interrogatories, we will forthwith file a motion to compel more complete responses.

See Exhibit 8.

---

[3]   To the contrary, defendant's counsel stated in a letter dated November 3, "All of the documents available to ALSTOM and responsive to Mr. Baker's document production request have been made available to you."  See Exhibit 14.  In another letter dated November 4, defendant's counsel again stated, "ALSTOM has already produced all of the relevant, non-privileged discoverable that were responsive to Plaintiff's Request for Production of Documents."  See Exhibit 15.

On October 17, plaintiff's counsel sent defendant three more letters, including one asking defendant to identify a convenient date for deposing two 30(b)(6) witnesses and a second asking for more complete discovery responses before the commencement of those depositions. See Exhibit 9. Later that day, one of defendant's attorneys responded to the letters in an e-mail stating: "Be advised that each will be responded to in appropriate fashion." See Exhibit 10.

However, defendant's counsel did not address the issues raised in the issues raised in the two discovery-related letters, so, in a series of e-mail exchanges on October 28, plaintiff's counsel asked defendant's attorneys if they planned to respond to the October 14 "deficiency letter." See Exhibit 10. Defendant's attorneys replied that they would be sending a response to the deficiency letter within a few days. See Exhibit 10. In turn, plaintiff's counsel agreed to postpone his motion to compel until November 2 in order to give defendant additional time to respond to plaintiff's "deficiency letter." See Exhibit 10. Also, on October 28, the parties agreed that the depositions would be held on November 7. Defendant agreed to produce witnesses who could testify in two factual areas, and plaintiff served defendant with notices of two 30(b)(6) depositions, to be held on November 7.

On November 1, plaintiff's counsel again requested full discovery responses before the upcoming 30(b)(6) depositions. See Exhibit 11. Defendant did not respond to this request.

Then, in an e-mail on November 2, as this motion neared completion, plaintiff's counsel gave defendant one last chance to respond to the points which had been raised the aforementioned letters, before filing this motion. See Exhibit 12. Plaintiff's counsel explicitly pointed out the extended period of time, until nearly the end of discovery, that plaintiff had to wait for complete discovery responses from defendant's attorneys. See Exhibit 12. Thus, plaintiff's counsel wrote, *inter alia* (Exhibit 12):

At present, absent receipt of more complete answers to the following, we plan to move to compel on the following:

Interrogatories 7, 8, 10, 14, 17, 18, 19, 21, 22, 23; undated verification

Requests for Documents 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 18

In addition, since you did not directly deny them, we deem as admitted Requests for Admission Nos. 2, 4, 9, 12, 13, 14, 15, 18, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 40, 41, 43, 44, but if you will provide revised responsive answers to these requests, we will not ask the Court to deem them admitted.

If you have any positive and concrete responses on these points, such as by providing supplemental answers, new documents, or explaining that we already have EVERYTHING you have, I will be happy to receive and read them before we complete the motion.

One of defendant's attorneys responded by stating that the deficiencies would be addressed in defendant's "responsive correspondence."  See Exhibit 12.  On the evening of November 3, one of defendant's counsel wrote plaintiff's counsel a letter (Exhibit 13), in which he argued about the sufficiency of defendant's discovery responses, but offered no new documents and did not supplement defendant's discovery responses.  On November 3, defendant's counsel wrote another letter (Exhibit 14), indicating that "documents responsive to [plaintiff's] discovery request would be made available for your inspection."  However, on November 4, the last workday before the noticed deposition (see p. 3 above), defendant's counsel let loose one more letter.  See Exhibit 15.  In that letter, defendant advised that one of its 30(b)(6) witnesses, Gregory C. Muscato, could not appear for the deposition noticed for November 7.  Defendant's counsel also stated, "All documents available to ALSTOM and responsive to [plaintiff's] document production request have been made available to you," and that ALSTOM already produced all "relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents."

Plaintiff's counsel addressed this inconsistency in an e-mail dated November 6. See Exhibit 17. He explicitly asked defendant's counsel whether defendant had any additional, relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents, and if so, to produce those documents at plaintiff's November 7 depositions.

To date, however, defendant has yet to responds to the November 6 e-mail, to provide complete responses to plaintiff's interrogatories and requests for admissions, or to revise its responses to plaintiff's requests for admissions.

### III. ARGUMENT

#### A. Applicable Principles

As the Court is aware, "Generally, courts construe the scope of discovery liberally in order to ensure that litigation proceeds with 'the fullest possible knowledge of the issues and facts before trial.'" *State of Wyoming v. U.S. Dep't of Agriculture,* 208 F.R.D. 449, 452 (D.D.C. 2002), quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), and citing FED. R. CIV. P. 26(b)(1). *See generally Laxalt v. McClatshy*, 809 F.2d 885, 888 (D.C. Cir. 1987); *Weahkee v. Holmes Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978); *Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

Rule 37(a)(3) of the Federal Rules of Civil Procedure provides that for purposes of a motion to compel under Rule 37(a), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." It is established that a court may appropriately remedy such a deficiency by granting a motion to compel more complete answers. *See*, *e.g.*, *Dollar v. Long Mfg., N.C.*, 561 F.2d at 617; *Von Der Heydt v. Kennedy*, 112 U.S. App.

6

D.C. 173, 299 F.2d 461, 462 (1962); *Chubb Integrated Systems*, 103 F.R.D. at 61.  Also, as the

Seventh Circuit said in *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.

1976),

> [W]hen, as here, the fact that the answers to interrogatories are evasive or incomplete cannot be determined until further proceedings have been conducted to obtain the information later determined to have been withheld, the evasive or incomplete answers are tantamount to no answer at all, and Rule 37(d) is applicable.

Plaintiff shows below that defendant has provided incomplete responses to his

interrogatories and requests for documents, has not supplemented the responses as requested, and

should be required to make them more complete as soon as possible.

B.  Defendant's Deficient Interrogatory Answers

Defendant provided incomplete responses to the following interrogatories:[4]

Interrogatory

1.     Identify all persons who have knowledge of the allegations and underlying facts set forth in the underlying Complaint and in your Answer and set forth, as to each person, the detailed facts to which that person has knowledge.

Defendant's Response

Objection.  ALSTOM objects to any suggestion that the version of events and facts alleged in Plaintiff's Complaint are accurate. Without waiver of this objection, and subject strictly thereto, ALSTOM states the following: Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination. Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed. Mr. Rivera is also familiar with the circumstances surrounding Plaintiffs acceptance of his overtime-exempt position with ALSTOM. ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.

---

[4]   Defendant also provided skimpy responses to interrogatories 2, 4, 6, 14, and 18.  Plaintiff will accept those responses as defendant's final responses, but will move to strike any later, inconsistent information which defendant may provide in this litigation.

<u>Argument</u>

Defendant did not comply with Definition No. 6 to plaintiff's discovery requests (Exhibit 1, p. 4) and provide contact information for the witnesses identified in its answer.  Definition No. 6 provided:

> The term "identify" as used herein in connection with "persons" means: State the names, races, titles, present home addresses, present business addresses and telephone numbers, and employers of such persons or, if the present titles and addresses are unknown, the last known addresses and employers of such persons.

It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories.  *See Jumawid v. Rose*, 127 F.R.D. 641, 642 (D.D.C. 1989); *Founding Church of Scientology v. Director, F.B.I.*, 27 Fed. R. Serv. 2d 601, 605 (D.D.C. 1979); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967).  Nor does defendant provide ANY "detailed facts to which that person has knowledge."  Defendant stated, *inter alia*:

> Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination.  Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed.  Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM.  ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.

However, defendant did not fulfill its obligations to provide a complete response to this interrogatory.  It is particularly disturbing because ALSTOM has known since about April 1, 2005, that Mr. Baker had legal claims for overtime pay, plaintiff filed suit in July 2005, and plaintiff served his discovery requests on August 15, 2005.

In its letter of November 3, defendant refused to divulge personal contact information for any of the witnesses identified in that answer, on the ground that if plaintiff's counsel contacted them, it would constitute an improper <u>ex parte</u> contact.  That is incorrect.  See Rule 4.3, District

of Columbia Bar Rules of Professional Conduct. The witnesses are not in the "control group" for making decisions on the direction of the company, and defendant's discovery responses do not provide any basis for believing that any of the referenced witnesses made the decisions on plaintiff's pay that are involved in this suit.

Defendant also stated that it "will supplement its Answer if additional, relevant, non-privileged facts are discovered." See Exhibit 13. Considering how long defendant was aware of the instant dispute, see above, isn't it time for it to provide complete information about what each witness supposedly knows? Plaintiff respectfully asks the Court to order a complete answer to this question. Defendant's failure to respond completely has prejudiced plaintiff in his depositions of defendant's witnesses, which began November 7, 2005.

<u>Interrogatory</u>

7.      Describe in detail all the circumstances of defendant's hiring plaintiff as an electrical engineer, including without limitation, all communications defendant had with plaintiff about the position(s) for which it considered him and the position(s) which it offered to him.

<u>Defendant's Response</u>

Please refer to Answer to Interrogatory No. 6.

<u>Argument</u>

This interrogatory went beyond Interrogatory No. 6, which focused on communications with one supervisor (Mr. Rivera), to ask details about the overall circumstances of defendant's hiring plaintiff. However, defendant incorporated by reference its flimsy response to No. 6. Defendant's answer to Interrogatory No. 6 was incomplete because it essentially distilled an important conversation about plaintiff's new position at ALSTOM to one sentence ("Matt Rivera communicated to Plaintiff that the Electrical Engineer position was exempt from overtime."). Plaintiff is not yet moving to compel a more complete answer to No. 6, and instead prefers to

move to strike any later, inconsistent information defendant may provide in this litigation.  In its

letter of November 3, defendant did not provide any additional information.  Therefore, the

Court should order defendant to make its response to No. 7 more complete.

<div align="center">Interrogatory</div>

8.    Describe in detail all of the electrical engineer's duties during the period between
January 1, 2001, and December 31, 2004.

<div align="center">Defendant's Response</div>

Objection.  ALSTOM objects on the grounds that this *Interrogatory* is vague, overly
broad, oppressive not reasonably calculated to lead to the discovery of relevant or admissible
evidence. ALSTOM further objects on the basis that Plaintiff fails to specify the identity of the
particular electrical engineer in question and the potential of variances in the day-to-day duties
and responsibilities for different employees may exist. As such, Defendant is incapable of
framing an appropriate response.

<div align="center">Argument</div>

Defendant's objections lack merit.  Instruction No. 7 informed defendant, "Unless

otherwise indicated, all information requested pertains to defendant's operations in the

Metropolitan Washington, D.C. area and to the period from January 1, 2000, to and including the

date on which trial begins," so that was the broadest scope possible.  Since ALSTOM apparently

employed only a few electrical engineers in that area (at least defendant has not stated

otherwise), it should not have been unduly burdensome to give a complete answer to that

interrogatory.  As this Court explained in *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000)

(Lamberth, J.),

> Once a showing of relevance has been made by the party seeking discovery, the party
> objecting to that discovery bears the burden of "show[ing] why discovery should not be
> permitted."  (quoting *Corrigan v. Methodist Hosp.,* 158 F.R.D. 54, 56 (E.D. Penn. 1994)
> (citing *Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118 (N.D. Ind. 1991)); *see
> also Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996) ("A
> party opposing discovery bears the burden of showing why discovery should be
> denied.").

Further, in context, following the reference to "electrical engineer" in Interrogatory No. 7,

defendant should have realized that plaintiff's interrogatory was referring to his job as electrical

engineer.

In its letter of November 3, defendant did not provide any additional information, but

merely referenced some documents it earlier provided. However, these documents do not

provide a clear, succinct definition of the electrical engineer's duties. Accordingly, the Court

should order defendant to provide a complete narrative response to this interrogatory.

<u>Interrogatory</u>

10.    Describe in detail all supervision of plaintiff when he worked for defendant as an
electrical engineer.

<u>Defendant's Response</u>

Objection. Plaintiff may primarily self directed. See ALS 0041 - 0045. Without waiver
of this objection, and subject strictly thereto, ALSTOM states the following: ALSTOM elects to
produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and
directs Plaintiff's attention to documents previously provided and/or available for inspection, to
include, but not limited to, ALS 0041 - 0045, ALS 0356 - 0370. ALSTOM further states that its
present and/or past managers, to include, but not limited to, Phil Schulp, Curtis Moses, Joe Cruz,
Jack Schroeder, Matt Rivera and Pascal Gerod served as resources for Plaintiff and assisted
Plaintiff is [sic] setting day-to-day task-related priorities.

<u>Argument</u>

Defendant's response, "Plaintiff may primarily self directed," is confusing. Also,

defendant identifies six of plaintiff's managers, but does not describe in detail their role in

supervising him. Moreover, defendant relied on documents it previously provided (ALS0041-

0045, ALS 0356-0370), but that mass of documents did not succinctly explain defendant's

supervision of plaintiff. In its letter of November 3 defendant clarified its answers, but again

relied on documents, rather than providing a more complete narrative response. Given

defendant's propensity to deny undisputed facts, see part C below, plaintiff cannot expect

defendant to accept as factual plaintiff's own summary of facts he extracts from those documents. For these reasons, plaintiff asks the Court to order defendant to provide a complete narrative answer to this interrogatory.

### Interrogatory

14. Describe in detail all communications which defendant had with plaintiff about his status as exempt or non-exempt before it discharged him.

### Defendant's Response

ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0026, wherein Plaintiff was specifically advised that his full time position as an Electrical Engineer "would be exempt from overtime."

### Argument

The interrogatory was not limited to written communications. Defendant's reliance on a single document (ALS 0026) did not answer the interrogatory completely, and it did not supplement its response, as plaintiff requested.

Defendant's letter of November 3 was again argumentative and did not provide any information about any oral communications which were responsive to this interrogatory. Plaintiff therefore requests that the Court order defendant to provide a complete narrative answer.

### Interrogatory

17. Describe in detail all communications which defendant ever had with plaintiff about overtime pay before he filed this suit.

### Defendant's Response

Objection. ALSTOM objects on the grounds that information responsive to this Interrogatory may be protected from disclosure pursuant to FRE 408. Without waiver of this objection, and subject strictly thereto, please refer to Answer to Interrogatory No. 6. ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable

information.

<u>Argument</u>

Defendant states, "ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information."  However, despite plaintiff's request about what steps defendant was taking to discover any further information which is responsive to this interrogatory, defendant did not respond.  Nor did defendant provide a privilege log to identify any documents it was withholding from disclosure pursuant to FRE 408.  In its letter of November 3 defendant again argued about whether its response was complete, but did not provide any additional information or indicate when it would attempt to discover any additional information or documents.  Therefore, the Court should order defendant to supplement this response now.

<u>Interrogatory</u>

18.    Describe in detail all facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay.

<u>Defendant's Response</u>

Objection.  ALSTOM objects on the grounds that information responsive to this Interrogatory may be protected from disclosure pursuant to FRE 408.  Without waiver of this objection, and subject strictly thereto, please refer to Answer to Interrogatory No. 6.  ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information.  ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiffs attention to documents previously provided and/or available for inspection, to include, but not limited to, Plaintiffs job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt. ALSTOM also refers Plaintiff to its job posting for the Electrical Engineer position (ALS 0022), which describes the necessary experience, skills, education and training required for the position. ALSTOM also relies upon Plaintiff's representations that he possessed the requisite skills, training and education to serve as an overtime-exempt Electrical Engineer.

<u>Argument</u>

This is one of the most critical discovery requests.  Whether defendant properly classified plaintiff as exempt is at the heart of its defense.  Accordingly, defendant must explain in detail why it did classify plaintiff as exempt.

In this response, Defendant states: "ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P. Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt."  Thus, ALSTOM refers to the job posting (ALS 0022), but it issued the posting three months after it hired plaintiff, and defendant's broad statement that it "relie[d]" on plaintiff's representations did not provide any details to answer this interrogatory completely.  The job offer (ALS0026) was self-serving (and conclusory) and did not explain why defendant chose to classify plaintiff as exempt.  The referenced documents cannot possibly provide "ALL the facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay" (emphasis added) and by themselves do not clearly explain why defendant classified plaintiff as exempt.  Also, considering defendant's propensity to argue about providing full discovery responses and to avoid giving straight-forward complete answers to discovery requests, plaintiff would expect defendant to dispute any analysis which plaintiff himself might make on the basis of those documents.  Further, some of the defendant's late discovery responses (<u>e.g.</u>, documents showing it paid him overtime and documents indicating that a bachelor's degree was not required for his job), contradict its position that the position was exempt.  Accordingly, defendant should have provided a narrative response.  Plaintiff asks the Court to order defendant to provide a complete narrative to this interrogatory.

<u>Interrogatory</u>

19.     Describe in detail any legal opinions on which defendant may have relied in classifying plaintiff as exempt from overtime pay.

<u>Defendant's Response</u>

Objection.  ALSTOM objects on the grounds that this *Interrogatory* is seeks [sic] information protected from disclosure by the attorney-client privilege and/or work product doctrine.

<u>Argument</u>

Legal opinions on classification of employees are not exempt from disclosure under the attorney-client privilege or work product doctrine, since it is a defense to a claim of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended."  29 U.S.C. §260.  *See Minebea Co. v. Papst*, 355 F.Supp. 2d 518, 523-25 (D.D.C. 2005) (finding attorney-client privilege waived when raising affirmative defense that makes intent and knowledge of the law relevant); *Recycling Solutions v. District of Columbia*, 175 F.R.D. 407, 408-09 (D.D.C. 1997); *United States v. Exxon Corp.*, 94 F.R.D. 246, 248-249 (D.D.C. 1981); *Anderson v. Nixon*, 444 F.Supp. 1195, 1200 (D.D.C. 1978).

In its letter of November 3 defendant again argued that its answer was complete and responsive, but did not waive this defense.  In its Answer, defendant stated as "its fifth, separate affirmative defense, . . . that Plaintiff's claims may be barred, in whole or in part, because its actions were based in good-faith and Defendant did not willfully violate the law."   There are two relevant "good-faith" defenses to FLSA claims.  The "good-faith defense" in 29 U.S.C. §258, which can be an absolute bar to an FLSA claim, depends on legal opinions of agencies or

15

courts.[5]  Sometimes the answer to this "fact-intensive" issue (Kearns, *Fair Labor Standards Act*,

§18.V.D.1.b, at 1233 (BNA, 1999)), depends on the extent to which the employer relied on a

legal opinion of its lawyer.  *See, e.g., Nat'l Automatic Laundry & Cleaning Council v. Shultz*,

443 F.2d 689, 697 (D.C. Cir. 1971) (citing *Van Dyke v. Bluefield Gas Co.*, 210 F.2d 620 (4th Cir.

1954), *cert. denied,* 347 U.S. 1014 (1954)) (advice of counsel may be an element of a good faith

defense when not contrary to an administrative ruling); *Marshall v. Atlantic Container Line*

*G.I.E.,* 470 F. Supp. 71, 74 (S.D.N.Y. 1979); *Ahearn v. Holmes Elec. Protective Co.*, 110

F.Supp. 822, 826 (S.D.N.Y. 1953).

It is a defense to a liquidated damages claim "if the employer shows to the satisfaction of

the court that the act or omission giving rise to such action was in good faith and that he had

reasonable grounds for believing that his act or omission was not a violation of the Fair Labor

Standards Act of 1938, as amended . . . ."  29 U.S.C. §260.  As with Section 258, success on the

good-faith defense may depend on advice of legal counsel.  *See, e.g., Nat'l Automatic Laundry &*

*Cleaning Council v. Shultz*, 443 F.2d at 697; *Quirk v. Baltimore County*, 895 F.Supp. 773, 788

(D. Md. 1995); *Doden v. Plainfield Fire Dist.*, No. 94 C 6294, 1995 U.S. Dist. LEXIS 17515, *8-

9 (N.D. Ill. 1995) (consultation with legal counsel can establish reasonable good faith); *Hill v.*

*J.C. Penney Co.*, 688 F.2d 370, 375 (5th Cir. 1982) (reliance on advice of counsel insulates

defendant from award of liquidated damages with respect to FLSA).  For these reasons,

defendant's objections are invalid.

---

[5] This section provides that "no employer shall be subject to any liability or punishment for or on
account of the failure of the employer to pay minimum wages or overtime compensation under
the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 *et seq*.], the Walsh-Healey Act
[41 U.S.C. 35 *et seq*.], or the Bacon-Davis Act [40 U.S.C. 276a *et seq*.], if he pleads and proves
that the act or omission complained of was in good faith in conformity with and in reliance on
any administrative regulation, order, ruling, approval, or interpretation, of any agency of the
United States, or any administrative practice or enforcement policy of any such agency with
respect to the class of employers to which he belonged."

Plaintiff invited defendant to waive any right to this defense, see Exhibit 8, but it did not so.  Therefore, it should provide a complete narrative response to this interrogatory.

<u>Interrogatory</u>

21.    Describe in detail any overtime pay which defendant has paid any of its electrical engineers anywhere in the United States, including without limitation their identity, their work sites, their position titles and the dates of such pay.

<u>Defendant's Response</u>

Objection.  The position of Electrical Engineer is an overtime exempt position. ALSTOM directs Plaintiff's attention to ALS 0022 for a description of the position. Without waiver of this objection, and subject strictly thereto, ALSTOM will supplement its answer if any relevant, non-privileged, discoverable information exists.

<u>Argument</u>

Whether defendant paid overtime to other electrical engineers is certainly relevant to the exemption issue here.  However, defendant's response is woefully inadequate.  Until it provided the documents on October 13, ALSTOM had not provided <u>any</u> documents regarding any overtime pay it has paid any other electrical engineers.  Plaintiff then asked defendant to provide information responsive to this interrogatory, but defendant has failed to do so.  Defendant did produce some documents on October 13, as mentioned, but it did not indicate which documents, if any, were responsive to this request.  "[A] party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control. . . ." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).  *See also Morgan v. Federal Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for

which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing). The Court should order defendant to supply a complete answer to this interrogatory.

<div align="center">Interrogatory</div>

22.    Describe in detail any complaints or suits for overtime pay ever brought by or on behalf of any employees against defendant (whether in court or in any administrative agencies), and all decisions or opinions with respect to those complaints or suits.

<div align="center">Defendant's Response</div>

Objection. ALSTOM objects to this Interrogatory on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive. Defendant further objects on the basis that this Interrogatory has absolutely no relevance to the subject matter of this litigation. As such, this Interrogatory is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to respond.

<div align="center">Argument</div>

Defendant's objections are meritless. Decisions and pleadings in overtime cases involving this same defendant may be instructive not only on its overtime pay practices; they may also include admissions or declarations against interest or even findings that ALSTOM's electrical engineers are not exempt! If so, ALSTOM could be collaterally estopped from making its exemption defense here. *See Rudberg v. State of Nevada*, 896 F. Supp. 1017 (D. Nev. 1995) (preclusive effect against employees); *Donovan v. United States Postal Service*, 530 F.Supp. 894, 897-900 (D.D.C. 1981). That defendant is withholding such documents can readily lead to the adverse inference that it must have documents about prior cases which could help plaintiff here. Plaintiff asks the Court to order defendant to provide a complete narrative response to this interrogatory.

<div align="center">Interrogatory</div>

23.    Describe in detail any facts which could possibly support plaintiff's claims herein.

<div align="center">18</div>

## Defendant's Response

Objection. ALSTOM objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive. ALSTOM further objects on the grounds that this interrogatory calls for information protected from disclosure by attorney-client privilege and/or work product doctrine. Defendant also objects to the extent that this Interrogatory is redundant and/or duplicitous to the previously-referenced Requests.

## Argument

Defendant objections lack merit. Plaintiff did not ask for any specific privileged documents, but requested "[a]ny facts which could possibly support plaintiff's claims." The request is not redundant of any prior interrogatories, and it is justifiable. Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports <u>his</u> claims. *See B. Braun Med. Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact." *Sargent-Welch Scientific Co. v. Ventron Co.*, 59 F.R.D. 500, 402 (N.D. Ill. 1973). *Accord, King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5-7 (D.D.C. 1987); *Diversified Prods. Corp. v. Sports Ctr.*, 42 F.R.D. 3, 4 (D. Md. 1967). Indeed, even a party's expected contentions at trial are discoverable. *See Anderson v. United Airlines, Inc.*, 49 F.R.D. 144, 148 (S.D.N.Y. 1969). Accordingly, defendant must answer this interrogatory completely.

## Verification

Defendant's interrogatory answers initially were not signed by an agent or official of defendant. The instructions in plaintiff's requests (No. 5) stated: "At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of the defendant having first-hand knowledge of some of the answers, as well as information as to the name(s), business address(es), and title(s) of the person(s) subscribing to the jurat." However, despite that

instruction and Federal Rule 33(b) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them."); *McDougald v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972), quoting Wright & Miller, *8 Federal Practice & Procedure* §2172, p. 535 n. 29 (1970); *Exxon Corp. v. F.T.C.*, 384 F.Supp. 755 (D.D.C. 1974), *remanded*, 174 U.S. App. D.C. 79, 527 F.2d 1386 (1976), defendant's interrogatory answers were not verified by an official representative of the company who has first-hand knowledge or information about some of the answers.

Later, on October 24, after plaintiff wrote his deficiency letter of October 14, defendant submitted an undated verification sheet signed by Gregory C. Muscato, Vice-President of Human Resources of ALSTOM Transportation, Inc.  It should have been dated.  Cf. *Hall v. Ametek*, 668 F.Supp. 417, 420 (E.D. Pa. 1987) (court did not accept undated verification in ruling on summary judgment, and other evidence contradicted the issue in the verification and created a genuine issue of material fact).

C.  Defendant's Non-Responsive Responses To Plaintiff's Requests For Admissions

Defendant's responses to Plaintiff's Requests for Admissions were no less evasive. Indeed, they were more so, since defendant repeatedly rephrased the request to suit its own purposes and gratuitously inserted self-serving, non-responsive opinions.  Defendant did not unconditionally deny the following requests for admissions, so they must be deemed admitted. See Federal Rule 36(a).[6]

Request

2.    Do you admit that plaintiff has no bachelor's or advanced degrees?

_____

[6]  It should also be noted that Plaintiff's Interrogatory No. 24 asked defendant to explain why it did not admit any of those requests.  However, defendant answered by stating that it addressed those issues in its separate Responses to Plaintiff's Request for Admissions.  See Ex. 6.

<u>Defendant's Response</u>

Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding the allegations set forth this Request. Without admitting or denying the allegation, Defendant relies upon plaintiff's application for employment, which represents that he held such a degree.

<u>Argument</u>

Defendant did not deny this request unconditionally, but just referred obliquely to

plaintiff's employment application. Defendant just does not want to give a straight-forward

response which could help plaintiff's claim. The request seeks <u>defendant's</u> knowledge on this

fact, not what someone else states. If it cannot deny the request, it should admit it.

<u>Request</u>

4.      Do you admit that in his interview of plaintiff, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked?

<u>Defendant's Response</u>

Defendant admits that plaintiff was interviewed for a position with the company. Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation. Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Rivera. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

<u>Argument</u>

The answer is not responsive, and defendant neither admitted nor denied this request.

Defendant does not contend that Mr. Rivera or others privy to the subject conversation do not

work for it or are outside its control. Once again if defendant has access to, or control over,

witnesses who know the answer to this request, it should answer the request unequivocally. *See*

*Weaver*, 107 F.R.D. at 717, quoted above, p. 17.

Request

9.    Do you admit that plaintiff's position did not require a prolonged course of specialized intellectual instruction?

Defendant's Response

Defendant neither admits nor denies any legal conclusion relating to the term "prolonged course of specialized intellectual instruction," which is vague, unduly broad and ambiguous as a request for admission.  Defendant, instead, admits that the Job Posting advertising the position of Electrical Engineer, that plaintiff applied for, stated the following requirement:  "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and plaintiff's application for employment represents that he held an advanced degree.

Argument

The reference to "prolonged course of specialized intellectual instruction" is, of course, to language in the Department of Labor's regulations on the "professional" exemption.  See 29 C.F.R. §541.3.  Accordingly, there is nothing vague or ambiguous about the phrase.  Defendant just does not want to answer this critical request.  Defendant's "admission" about the "Job Posting" was not at all responsive to the request, and the one job posting defendant has provided was dated January 2001, after plaintiff began work for ALSTOM as a direct hire.  See Moses Deposition, 11/7/05.[7]  Defendant's reference to plaintiff's application not only is gratuitous, but also, as plaintiff explained in his deposition, relies on a false premise.

Request

12.    Do you admit that defendant supervised plaintiff's work for it?

Defendant's Response

This Request is vague, ambiguous and difficult to decipher and Defendant can neither admit nor deny this Request.

---

[7]   Plaintiff has not yet received a copy of the transcript.

<u>Argument</u>

The objection is meritless.  The request was quite simple and clear.  However, defendant

did not specifically admit or deny this request.  Therefore, the request should be deemed

admitted.

<u>Request</u>

13.    Do you admit that during the period covered by his claims herein, plaintiff did not
supervise any employees?

<u>Defendant's Response</u>

Defendant denies the allegation set forth in this Request and specifically states that
plaintiff was directly and/or indirectly responsible for the work of others through quality
assurance and the rendering of necessary and timely assistance.

<u>Argument</u>

Defendant continued its deceitful responses by twisting the request and responding to <u>its</u>

revision of the request, not plaintiff's actual request.  Therefore, the Court should deem the

request as admitted.

<u>Request</u>

14.    Do you admit that the period covered by his claims herein, plaintiff did not work
unsupervised?

<u>Defendant's Response</u>

Defendant denies the allegation set forth in this Request and responds that plaintiff was
primarily self-directed.  Defendant further states that plaintiff had reporting requirements and his
performance was evaluated.

<u>Argument</u>

Defendant did not deny this request unconditionally.  While it initially denied the request,

the rest of its response was not responsive since it focused on its contention that "plaintiff was

primarily self-directed."  Working "self-directed" and "unsupervised" are not mutually

exclusive.  Therefore, the Court should deem the request as admitted.

<div align="center">Request</div>

15.     Do you admit that from January 2001 to August 2001, plaintiff often worked over nine hours a day, without a lunch break?

<div align="center">Defendant's Response</div>

Defendant admits that plaintiff submitted and Defendant maintained daily time records, and denies the opinion embedded in this Request as to the frequency of a 9-hour work day. Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding whether plaintiff consumed lunch on break on any given day.

<div align="center">Argument</div>

Defendant referred to time records it submitted, without directly admitting or denying

this request.  If defendant denied any "opinion embedded in this Request," it should have

explained how often plaintiff worked over nine hours a day without a lunch break.  Since

defendant has time records for every week plaintiff worked for it and since plaintiff's supervisors

signed each time record, defendant should be able to indicate how often plaintiff worked over

nine hours per day during that period.  However, it did not do so.  Accordingly, this request must

be deemed admitted.

<div align="center">Request</div>

18.     Do you admit that between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?

<div align="center">Defendant's Response</div>

Defendant admits that plaintiff worked in excess of a 40 hour work week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

Once again defendant was not responsive and gratuitously postured about its legal defense.  The request specifically asked whether "between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?"  However, defendant just stated that plaintiff worked more than 40 hours in a workweek, without indicating how often he did so or the aggregate of such overtime hours.  Therefore, this request must be deemed admitted.

<div align="center">Request</div>

21.     Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?

<div align="center">Defendant's Response</div>

Defendant admits that plaintiff made notations on his company timesheet regarding his hours worked.  Defendant denies that plaintiff was instructed not to capture his work hours.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

The request asked, "Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?"  However, defendant's response did not deal at all with the existence or non-existence of such an order.  It just postured again, deceitfully.[8]  Therefore, this request must be deemed admitted.

<div align="center">Request</div>

23.     Do you admit that in November 2002 after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked?

<div align="center">Defendant's Response</div>

Defendant admits that it consistently sought to fairly compensate all of its employees, to include plaintiff, through payment of additional compensation calculated in the form of overtime.

---

[8]     By contrast, in his deposition on November 7, Mr. Moses admitted that he told plaintiff not to itemize his overtime hours in the overtime row of on his time sheet.

Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

Defendant's response plainly did not address any communications between plaintiff and Mr. Amar. It just postured again. Since defendant did not deny this request unconditionally, it must be deemed admitted.

<div align="center">Request</div>

24. Do you admit that after August 2001 defendant did not pay plaintiff overtime pay?

<div align="center">Defendant's Response</div>

Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation. Defendant denies the remaining allegations of this Request.

<div align="center">Argument</div>

Defendant's response is argumentative and did not deal with the specific question whether "after August 2001 defendant did not pay plaintiff overtime pay." That was a simple question, and it is not clear why defendant believes there were "remaining allegations of this Request." Since defendant did not deny this request unconditionally, it must be deemed admitted.

<div align="center">Request</div>

27.    Do you admit that in March 2003 Mr. Amar indicated to plaintiff that he would not have to work as many overtime hours?

<div align="center">Defendant's Response</div>

Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of decreased hours. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

<div align="center">26</div>

Furthermore, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

Although Mr. Amar still works for defendant, defendant plainly stated that it did not know enough to admit or deny this request. Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

<div align="center">Request</div>

28.    Do you admit that on or about August 23, 2003, defendant asked or ordered plaintiff to work overtime to repair a locomotive?

<div align="center">Defendant's Response</div>

This Request is vague, ambiguous and fails to specifically identify the purported person who "asked" or "ordered" plaintiff toward any purpose. As such, Defendant neither admits nor denies this Request. To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

<div align="center">Argument</div>

Defendant's contention that it does not understand the request and cannot answer it shows that it did not read the following allegation in paragraph 30 of the Complaint: "[O]n August 23, 2003, Mr. Amar and Mr. Moses ordered plaintiff to work overtime to repair a locomotive." Discovery requests, of course, must be read in the context of underlying pleadings. *See Prins v. Int'l Tel. & Tel. Corp.*, 757 F.Supp. 87, 98 (D.D.C. 1991) (refusing to excuse defendant from responding to discovery requests, as required by the Federal Rules of Civil Procedure, where the requests are not vague and unduly broad when they are read in the context of the compiled record). Further, defendant's denial that plaintiff was entitled to overtime compensation is not responsive to the request, "Do you admit that on or about August 23, 2003,

<div align="center">27</div>

defendant asked or ordered plaintiff to work overtime to repair a locomotive?"  Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

### Request

29.     Do you admit that about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?

### Defendant's Response

This Request is vague, ambiguous and fails to specifically identify the purported person who made any purported promise to plaintiff.  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

### Argument

Defendant's contention that it does not understand the request and cannot answer it shows that it did not read the following allegations in paragraph 30 of the Complaint:  "[O]n August 23, 2003, Mr. Amar and Mr. Moses ordered plaintiff to work overtime to repair a locomotive.  Mr. Amar informed plaintiff that he would receive overtime pay as a bonus or a raise for doing this work."  Further, defendant's denial that plaintiff was entitled to overtime compensation is not responsive to the request, "Do you admit that on or about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?"  Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the Court should deem the request admitted.

### Request

30.     Do you admit that plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work?

<u>Defendant's Response</u>

This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Furthermore, Defendant denies any allegation that it failed to pay plaintiff what it was obligated to pay him by law.

<u>Argument</u>

Defendant asserts that it does not understand who allegedly ordered plaintiff to perform the overtime, but once again defendant fails to read a request in context, as it should.  See *Prins*, *supra*.  Obviously this request refers to the preceding two requests, which just as obviously refer to paragraph 30 of the Complaint.  In any event, the request is appropriately broad and designed to determine whether <u>any</u> agent of defendant requested or ordered the overtime.  Further, the issue is not whether defendant thinks it was obligated by law to pay plaintiff overtime pay (a point which it repeatedly and gratuitously denies, almost regardless of what the request says), but whether defendant actually paid plaintiff overtime on the one occasion, on August 23, 2003, referred to in paragraph 30 of the Complaint.  Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

<u>Request</u>

31.    Do you admit that on or about August 28, 2003, defendant asked or ordered plaintiff to work overtime to complete a repair job and promised that defendant would compensate plaintiff for working overtime?

<u>Defendant's Response</u>

This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

Argument

Similarly, it is immaterial that the Request fails to mention the person who allegedly ordered plaintiff to perform the referenced overtime.  Also, defendant's counsel did not read the request in the context of paragraph 32 of the Complaint, as it should.  See *Prins, supra*.  In paragraph 32 of the Complaint, plaintiff alleges:

> As another example, on August 28, 2003, Mr. Amar and Mr. Moses ordered plaintiff to complete a repair, even though plaintiff had already worked 14 hours of overtime during that pay period.  Both managers promised that defendant would compensate plaintiff for that overtime, but defendant never did.

Defendant again denies, gratuitously, that it was obligated by law to pay plaintiff overtime, but it neither admitted nor denied the request, so the Court should deem the request admitted.

Request

32.     Do you admit that in November Mr. Amar informed plaintiff that defendant's Human Resources department was in the process of reviewing all of the Field Services job descriptions and pay structures and that defendant would pay overtime pay to all field engineering personnel as non-exempt employees?

Defendant's Response

This Request fails to specify the calendar year at issue.  However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to November 2004.  Pursuant to Fed.R.Civ.P. Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation.  Defendant states that it has made reasonable inquiry.  However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

Argument

In context, see *Prins*, *supra*, defendant should have realized the request referred to November 2003.  See paragraph 33 of the Complaint.  Thinking it referred to November 2004, even though that was after defendant discharged plaintiff, defendant went on to state that it did

not have enough information with which to admit or deny the request. Accordingly, and since defendant did not categorically deny the request, it should be deemed admitted.

<div align="center">Request</div>

33.    Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?

<div align="center">Defendant's Response</div>

Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

This was a straight-forward factual inquiry: "Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?" Nonetheless, defendant side-stepped the request and once again advanced the non-responsive and gratuitous argument that "plaintiff, as a statutorily-exempt employee, was [not] entitled to overtime compensation." Accordingly, and since defendant did not deny the request, it must be deemed admitted.

<div align="center">Request</div>

34.    Do you admit that in March Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003?

<div align="center">Defendant's Response</div>

This Request fails to specify the calendar year at issue. However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to March 2004. Defendant admits that plaintiff, and others, submitted time records. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<div align="center">Argument</div>

Defendant asserts that plaintiff "fails to specify the calendar year at issue." However, defendant does not go to the trouble of reading the Complaint, which alleges (paragraph 35), "In

March 2004, Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003." Then, although it correctly assumes that the request referred to March 2004, defendant avoids a direct response, for it states that "plaintiff, and others, submitted time records," but does not deal at all with the issue whether Mr. Dimola requested their overtime records. Therefore, this request should be deemed admitted.

<u>Request</u>

36.     Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?

<u>Defendant's Response</u>

Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

<u>Argument</u>

It is quite surprising that defendant has so much difficulty giving straight answers. This time plaintiff asked it, "Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?" However, instead of admitting or denying that fact, defendant admitted a <u>different</u> fact –that it properly classified and paid Mr. Kulasinghe. The Court should not allow defendant to reframe the requests to suit its own purposes, but should deem this request as admitted.

<u>Request</u>

37.     Do you admit that in 2004 defendant paid Kofi Auane-Osawe overtime pay for his overtime work?

<u>Defendant's Response</u>

Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

<u>Argument</u>

Defendant did the same thing in this request regarding Kofi Auane-Osawe, as it did with No. 36.  The Court should not allow defendant to reframe the requests to suit its own purposes, but should deem this request as admitted.

<u>Request</u>

40.     Do you admit that defendant suffered or permitted plaintiff to perform all the work he did for defendant?

<u>Defendant's Response</u>

Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.  To the extent that any response is feasible, Defendant admits that plaintiff performed all of the work on his part to be performed.

<u>Argument</u>

Defendant improperly eluded this request, also, since it did not respond directly to the question whether it had "suffered or permitted plaintiff to perform all the work he did for defendant."  Those are English words and, while the facts elicited might help provide a legal conclusion, defendant cannot avoid answering the request.  Further, defendant's "admi[ssion] that performed all of the work on his part to be performed," is not responsive to the request.  Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

<u>Request</u>

41.     Do you admit that all of the work which plaintiff performed for defendant benefited it?

<u>Defendant's Response</u>

Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.

<u>Argument</u>

This request had a plain English question, "Do you admit that all of the work which plaintiff performed for defendant benefited it?"  None of the words in it is a "legal" term. However, defendant frivolously made that contention and refused to answer the question. Therefore, the request is admitted.

<u>Request</u>

43.    Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?

<u>Defendant's Response</u>

Defendant admits that plaintiff's position as an Electrical Engineer necessitated, at times, that he works in excess of 40 hours per week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

<u>Argument</u>

Still again defendant rephrases the request to avoid answering it directly.  The request asked, "Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?"  However, rather than dealing with that issue of defendant's knowledge, defendant again postured and "denies any suggestion that plaintiff, as a statutorily-exempt employee was entitled to overtime compensation."  Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

<u>Request</u>

44.    Do you admit that defendant did not pay plaintiff for his overtime work during the period of August 2001 to June 2004 with overtime pay at 1.5 times his regular hourly rate?

Defendant's Response

Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

Argument

Why should this response be any different from all the other non-responses advanced by defendant? The focus of this request was on payment, but still again (in case we have forgotten) defendant "denies any suggestion that plaintiff, as a statutorily-exempt employee was entitled to overtime compensation." Since defendant did not deny this request unconditionally and since it has yet to supplement its response, the request must be deemed admitted.

In sum, plaintiff respectfully requests that the Court deem as admitted Requests for Admission, Nos. 2, 4, 9, 12, 13, 14, 15, 18, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 40, 41, 43, and 44, or in the alternative, order defendant to provide responsive answers to these requests within five days.

D. Responses to Requests for Production of Documents

Defendant continued its gamesmanship in discovery by providing incomplete responses to Plaintiff's Requests for Production of Documents. First, it responded on September 21 with an obtusely worded Defendant's Responses to Plaintiffs Requests for Production of Documents and did not actually provide responsive documents until October 13, three weeks later, after it deposed plaintiff (and used at least one of the withheld documents as an exhibit therein). Further, in its November 3 letter, defendant suggested that other documents were available for inspection at its office. However, the next day, on November 4, defendant sent a letter maintaining that plaintiff received all relevant, responsive, non-privileged documents.

On November 6, plaintiff sent defendant an e-mail asking for clarification of that inconsistency.  See Exhibit 17.  To date, four days later, defendant has not responded to that inquiry.

Defendant has provided incomplete responses to the following requests for documents:

<div align="center">

Request

</div>

2.  All of plaintiff's pay records.


RESPONSE TO REQUEST NO. 2:

Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<div align="center">

Argument

</div>

This was a cryptic answer.  The response suggested either that plaintiff had to make another request for the referenced documents or that defendant had not located them.  Plaintiff asked what the response meant (see Ex. 4), since defendant has been on notice of plaintiff's overtime claims since well before his counsel wrote a "demand" letter to defendant in April 2005, and, in any event, plaintiff filed suit in July 2005 and served his discovery requests on August 15, 2005.  Defendant did not respond to that inquiry.

As mentioned, defendant did produce some documents on October 13, but it did not indicate which documents, if any, were responsive to this request.  Those documents contained plaintiff's time records, but clearly did not include any record of any payments which ALSTOM made to plaintiff.  As mentioned in the Complaint (¶18), defendant paid plaintiff overtime pay for all of his overtime work from January 2001 to August 2001.  However, in discovery defendant does not want to produce the pay records reflecting those overtime payments.  The Court should order defendant forthwith to provide all of plaintiff's pay records.

<u>Request</u>

3.  All of plaintiff's time and attendance records.


<u>RESPONSE TO REQUEST NO. 3:</u>

Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<u>Argument</u>

This is another cryptic answer.  See No. 2, above, p. 35.  The documents which defendant produced on October 13 did contain some of plaintiff's time and attendance records.  However, in light of the facts that defendant's written response was evasive and that when defendant produced documents on October 13, but it did not indicate which documents, if any, were responsive to this request, plaintiff cannot be sure that defendant has produced them all. Defendant has not assured plaintiff that it has done so.  See pp. 3-6 above.

<u>Request</u>

4.  All documents which reflect the time plaintiff worked on any projects.


<u>RESPONSE TO REQUEST NO. 4:</u>

Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<u>Argument</u>

This is another cryptic answer, like No. 2 above.  The documents which defendant produced on October 13 did contain some include documents which reflected the time plaintiff worked on some projects.  However, plaintiff cannot be sure that defendant has produced them all because defendant's written response was evasive; because when defendant produced documents on October 13, it did not indicate which documents, if any, were responsive to this

request; and because in his deposition, Mr. Moses identified daily e-mails which may have

referred to plaintiff's time.  The Court therefore should order full disclosure.

<div align="center">Request</div>

5.  All employee handbooks or personnel manuals which defendant has had since January 1, 2000, and which applied to plaintiff.

RESPONSE TO REQUEST NO. 5:

Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<div align="center">Argument</div>

In response to this request, defendant provided only certain few excerpts from its

handbook, and the excerpts pertained to policies that are neither relevant nor material to this

case.  Therefore, the Court should order defendant to produce <u>all</u> responsive documents to this

request, particularly a handbook containing all of defendant's pay and overtime policies.

<div align="center">Request</div>

6.  All organization charts which contained or referred to plaintiff's position.

RESPONSE TO REQUEST NO. 6:

Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<div align="center">Argument</div>

Defendant did not provide a copy of such organization charts with its document's

delivery on October 13.  Therefore, the Court should order defendant to produce such charts.

<div align="center">Request</div>

8.  All advertisements for electrical engineer positions or any other positions which were substantially similar to plaintiff's.

RESPONSE TO REQUEST NO. 8:

Objection.  The term "advertisement" is ambiguous, vague and undefined. Defendant further objects to this Request on the grounds that it calls for information regarding "substantially similar" positions. This aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections, and subject strictly thereto, Defendant states that to the extent that this Request calls for relevant job announcement information, Plaintiff has already been served with a copy of the relevant Job Posting, through receipt of Defendant's Initial Disclosures (e.g. ALS 0422). Defendant will supplement its response to this Request upon the discovery of relevant, non-privileged discoverable documents pursuant to Fed.R.Civ.P., Rule 34.

<u>Argument</u>

The requested advertisements are obviously quite probative for determining plaintiff's status as exempt or non-exempt since they very likely announced the qualifications which defendant required for that position.

Defendant's objections to this critical request are ridiculous.  The term, "advertisement," has a common English meaning, and the position at issue here (plaintiff's position as Electrical Engineer in the District of Columbia area) should be clear, so defendant should have readily understood this request.  Indeed, in its response (*supra*), defendant referred to a job posting which was within its initial disclosures.

Nor should it have been "unduly burdensome" or "oppressive" for defendant to produce the advertisements for this position.  Note that defendant repeatedly presents the same boilerplate objection ("overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence" to this and many other requests.  The Court should reject such robotic objections and deem the objections waived by defendant.  *See Alexander v. FBI*, 194 F.R.D. at 326 (mandating that the objecting party make a specific, detailed showing of how a discovery request is burdensome); *Lohrenz v. Donnelly*, 187 F.R.D. 1, 5 (D.D.C. 1999) (requiring party to state grounds for objection with specificity per Fed.R.Civ.P. 33); *Marens v. Carrabba's Italian Grill, Inc*., 196 F.R.D. 35, 38 (D. Md. 2000) (a party that objects to discovery requests on the grounds of burden or expense has an affirmative duty to particularize the basis of

the objections; failing to do so waives the objection); *Doe v. Nat'l Hemophilia Found.*, 194

F.R.D. 516, 520 (D. Md. 2000) (defendant's general objections to discovery requests did not

comport with Fed.R.Civ.P. Rule 33, which requires a party to specify its grounds for objection).

More importantly, though, defendant has provided <u>only one</u> document which is

responsive to this request, the Job Posting in its Initial Disclosures (ALS 0022).  That was dated

January 2001, months after plaintiff accepted the position at issue herein.  See Complaint ¶¶13,

15.  It is reasonable to believe that there is more than one relevant job posting/job description,

particularly since defendant itself, by objecting on burdensomeness grounds, insinuates that there

must be many such documents!  In his September 27 letter (Exhibit 4), October 14 letter (exhibit

8), November 2 e-mail (Exhibit 12), November 4 e-mail (Exhibit 16), and November 6 e-mail

(Exhibit 17), plaintiff asked defendant to produce any additional responsive documents it has,

but it has not done so, though there is good reason to believe that there are more responsive non-

privileged documents in defendant's possession, custody, or control.  The Court should order

defendant to produce all responsive documents (particularly advertisements or announcements

posted before plaintiff applied for the subject position) or, if it cannot do so after a diligent and

thorough search, it should say it does not have any more.

<u>Request</u>

9.  All job descriptions for plaintiff's position, all other electrical engineer positions in the
Metropolitan Washington area, or any other positions in the Metropolitan Washington area
which were substantially similar to plaintiff's.

<u>RESPONSE TO REQUEST NO. 9:</u>

Objection. Plaintiff has already been served with a copy of the relevant Job Posting/Job
Descriptions through receipt of Defendant's Initial Disclosures (e.g. ALS 0022).  Defendant
further objects to this Request on the grounds that it calls for information regarding
"substantially similar" positions. This aspect of the Request is overly broad, unduly burdensome,
oppressive and not reasonably calculated to lead to the discovery of admissible evidence.
Without waiver of these objections, and subject strictly thereto, Defendant will supplement is

response to this Request upon the discovery of relevant, non-privileged discoverable documents pursuant to Fed.R.Civ.P., Rule 34.

<div align="center">Argument</div>

For the reasons stated above regarding Request for Documents No. 8, the objections are ridiculous, and defendant's response is incomplete. The initial disclosures reference only one job posting (for January 2001), and the documents which defendant produced on October 14 included one Position Description for Test Engineering Specialist (ALS0372-4), which was apparently created in August 2002, which was over two years after defendant hired plaintiff and which defendant did not specifically reference in its written responses. It is reasonable to believe that defendant has more than one relevant job posting/job description, particularly since defendant itself, by objecting on burdensomeness grounds, insinuates that there must be many such documents!

In his September 27 letter (Exhibit 4), October 14 letter (exhibit 8), November 2 e-mail (Exhibit 12), November 4 e-mail (Exhibit 16), and November 6 e-mail (Exhibit 17), plaintiff asked defendant to produce any additional responsive documents, but it has not done so. The Court should order defendant to produce all responsive documents (particularly job postings or job descriptions pertaining to plaintiff's position) or, if it cannot do so after a diligent and thorough search, it should say it does not have any more.

<div align="center">Request</div>

10. Pay records for all electrical engineers employed anywhere by defendant since January 1, 2000.

RESPONSE TO REQUEST NO. 10:

Objection. Defendant declines to respond to this Request because it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Argument</u>

The pay records are clearly relevant to the issue of how, if at all, defendant has paid other electrical engineers for overtime work. Defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad. "[I]t is the responding party's burden to demonstrate why the [requests] are excessively burdensome." *Lacey v. Superior Dental Laboratories, Inc.*, 21 Fed. R. Serv. 2d 1375 (E.D. Pa. 1974). *Accord*, *Alexander v. FBI*, 192 F.R.D. at 53; *Chubb Integrated Systems Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 60-61 (D.D.C. 1984); cases cited above, p. 39. Thus, it does not indicate approximately how many electrical engineers it has employed since January 1, 2000. As plaintiff stated in his letter of September 27 (Exhibit 4), if defendant will inform plaintiff how many electrical engineers it has employed in the world, in the U.S., in the Eastern United States, and in the Washington Metropolitan area, plaintiff may be able to limit the scope to a smaller, more manageable, universe. Defendant has not responded to that concession. The Court should order defendant to produce all responsive documents.

<u>Request</u>

11. All personnel records of Saluka Kulasinghe.

RESPONSE TO REQUEST NO. 11:

Objection. This Request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, nonprivileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<u>Argument</u>

As indicated in his Complaint (¶39), plaintiff believes that defendant paid this Electrical Engineer/Service Engineer overtime pay, even though he had a bachelor's degree and was

salaried.  Accordingly, how defendant paid this colleague should be very instructive about

defendant's pay practices.

Defendant's objections lack merit.  The personnel records of this Electrical

Engineer/Service Engineer definitely will provide information relevant to the issue of how, if at

all, defendant pays other Washington area electrical engineers for overtime work.  Once again,

defendant obscurely stated that "copies of relevant, non-privileged, discoverable documents will

be made available for inspection pursuant to Rule 34 upon discovery."

On October 13, defendant <u>did</u> produce some personnel records of this employee, but it

did not indicate which of those documents were responsive to this request or whether it had any

more responsive documents.  Defendant has not responded to plaintiff's letters requesting that it

make its responses complete.  Therefore, the Court should order defendant to produce all

responsive documents or, if defendant cannot do so after a diligent and thorough search, it should

say it does not have any more.

<p align="center">Request</p>

12.  All personnel records of Kofi Auane-Osawe.

<u>RESPONSE TO REQUEST NO. 12:</u>

Objection. This Request is not reasonably calculated to lead to the discovery of
admissible evidence. Without waiver of this objection, and subject strictly thereto, Defendant
states that copies of relevant, nonprivileged, discoverable documents will be made available for
inspection pursuant to Rule 34 upon discovery.

<p align="center">Argument</p>

As indicated in his Complaint (¶39), plaintiff believes that defendant paid this Electrical

Engineer/Service Engineer overtime pay, even though he had a bachelor's degree and was

salaried.  Accordingly, how defendant paid this colleague of plaintiff should be instructive about

defendant's pay practices.

Defendant's objections lack merit.  The personnel records of this Electrical

Engineer/Service Engineer definitely will provide information relevant to the issue of how, if at

all, defendant pays other Washington area electrical engineers for overtime work.  Once again,

defendant obscurely stated that "copies of relevant, non-privileged, discoverable documents will

be made available for inspection pursuant to Rule 34 upon discovery."

On October 13, defendant <u>did</u> produce some personnel records of this employee, but it

did not indicate which of those documents were responsive to this request or whether it had any

more responsive documents.  Defendant has not responded to plaintiff's letters requesting that it

make its responses complete.  Therefore, the Court should order defendant to produce all

responsive documents or, if defendant cannot do so after a diligent and thorough search, it should

say it does not have any more.

<u>Request</u>

13.  Copies of computer files (including e-mails), magnetic tape recordings, videotapes,
and/or photographs which relate or pertain to plaintiff's employment by defendant.

<u>RESPONSE TO REQUEST NO. 13:</u>

Objection. Defendant objects to this Request on the grounds that it is overly broad, unduly
burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible
evidence. Defendant further objects to the extent that this Request is redundant and/or
duplicitous to the previously referenced Requests. Without waiver of these objections, and
subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable
documents will be made available for inspection pursuant to Rule 34 upon discovery.

<u>Argument</u>

Once again defendant raises frivolous objections.  The requested computer files could

very well lead to the discovery of admissible evidence pertinent to plaintiff's claim or

defendant's defense herein.  Defendant does not begin to shoulder its burden of showing it would

be unduly burdensome or oppressive to search for these complaints.

In his letter of September 27 (Exhibit 4), plaintiff requested that defendant produce the referenced media. However, there were no "computer files (including e-mails), magnetic tape recordings, videotapes, and/or photographs" among the documents which defendant produced on October 13. In his deposition on November 7, Mr. Moses confirmed that every day he or plaintiff sent e-mails which explained his work and might indicate his hours and the extent to which he worked unsupervised or supervised other employees. Therefore, plaintiff respectfully requests that the Court order defendant forthwith to produce those documents and media.

<u>Request</u>

14. All documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints.

<u>RESPONSE TO REQUEST NO. 14:</u>

Objection. Defendant objects to this Request on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive. Defendant further objects on the basis that the requested documents have absolutely no relevance to the subject matter of this litigation. As such, this Request is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to produce such documents.

<u>Argument</u>

Once again defendant raises frivolous objections. The requested overtime complaints could very well lead to the discovery of admissible evidence pertinent to plaintiff's claim or defendant's defenses herein, particularly if defendant conceded, or a court or agency found, that its other electrical engineers are non-exempt. Also, defendant does not begin to satisfy its burden of showing it would be <u>unduly</u> burdensome or oppressive to search for these complaints and related documents. Therefore, plaintiff respectfully requests that the Court order defendant forthwith to produce those documents.

<u>Request</u>

15. Any documents which could possibly support plaintiff's claims.

RESPONSE TO REQUEST NO. 15:

Objection. Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive. Defendant further objects on the grounds that this Request calls for information protected from disclosure by attorney-client privilege or work product doctrine. Defendant also objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests. Without waiver of these objections, and subject strictly thereto, discovery. Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

<u>Argument</u>

The objections lack merit.  The request is justifiable.  Plaintiff did not ask for any specific privileged documents, but requested "[a]ny documents which could possibly support plaintiff's claims."  Nor is there any showing that the information merely reflects defendant's counsel mental impressions, conclusions, or legal theories.  *Cf. Parks v. United States*, 451 A.2d 591, 608-609 (D.C. 1982), *cert. denied*, 461 U.S. 945 (1983).  Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports <u>his</u> claims.  *See B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."  *Sargent-Welch Scientific Co. v. Ventron Co.*, 59 F.R.D. 500, 402 (N.D. Ill. 1973).  *Accord*, *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5-7 (D.D.C. 1987); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967).  Indeed, even a party's expected contentions at trial are discoverable.  See *Anderson v. United Airlines, Inc.*, 49 F.R.D. 144, 148 (S.D.N.Y. 1969).

The courts readily require production of documents created in similar situations.  *See*, *e.g., Mervin v. F.T.C.,* 192 U.S. App. D.C. 212, 591 F.2d 821, 825 (1978) (requiring disclosure of memoranda which simply disclose facts, as distinguished from legal conclusions); *Fann v. Giant Food, Inc.,* 115 F.R.D. 593, 596, 597-8 (D.D.C. 1987) (accident reports); *Janicker v.*

*George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982) (investigative reports).  *See also Independent Petrochem. Corp. v. Aetna Cas. & Sur.*, 654 F.Supp. 1334, 1364-65 (D.D.C. 1978).  Further, a "general objection of work product is insufficient under . . . [the] definition [of Federal Rule 34(b), which requires responder to state "reasons for objection"] where it does not designate which documents allegedly enjoyed that privilege."  *Kansas Nebraska Natural Gas v. Marathon OIG*, 109 F.R.D. 12, 24 (D. Neb. 1985), citing 8 Wright and Miller, *Federal Practice and Procedure,* Civil §2213, at 641, n. 18.  Defendant did not provide a privilege log indicating what, if any, documents it claimed under the attorney-client or work product privileges, so you must provide the requested documents.

Moreover, defendant did not begin to satisfy its burden showing that the request is unduly burdensome or overly broad.  See authorities cited above.  However, if indeed it <u>is</u> burdensome to produce such documents that would suggest there are <u>many</u> documents that support plaintiff's claim!

Finally, defendant again makes its obtuse statement –"that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery."  Defendant did produce some documents on October 13, as mentioned, but it did not indicate which documents, if any, were responsive to this request.  Therefore, plaintiff respectfully requests that the Court order defendant forthwith to produce those documents.

<u>Request</u>

18.  All affidavits, reports, or statements taken from any witnesses or prospective witnesses for defendant.

<u>RESPONSE TO REQUEST NO. 18:</u>

Objection. Defendant objects on the grounds that this Request seeks information protected by attorney-client privilege or the work product doctrine. Defendant further objects to the extent that Plaintiff has already been served with copies of documents relevant to this Request, through receipt of Defendant's Initial Disclosures. These documents included, but are not limited to,

memoranda regarding the basis of Plaintiffs termination (i.e. his assault of a co-worker). See e.g. ALS 0014 - 18. Without waiver of these objections, and subject strictly thereto, Defendant states that it will supplement its response upon the discovery of additional relevant, non-privileged, discoverable documents pursuant to Rule 34.

<p align="center">Argument</p>

Defendant's objections lack merit.  The work product and attorney-client privileges do not protect from disclosure affidavits or statements of witnesses when there is no showing that such witnesses are in the corporate control group, and particularly after they have been shown to the witness and signed.  Moreover, defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad.  Nor does it produce a privilege log to identify what privileged documents it is withholding.

Finally, defendant again makes its obtuse statement –"Defendant states that it will supplement its response upon the discovery of additional relevant, non-privileged, discoverable documents pursuant to Rule 34."  Defendant did produce some documents on October 13, as mentioned, but it did not indicate which, if any, documents were responsive to this request. Therefore, plaintiff respectfully requests that the Court order defendant forthwith to produce those documents.

<p align="center">III.  CONCLUSION</p>

For the foregoing reasons, plaintiff respectfully requests that the Court issue an order compelling defendant forthwith to answer more completely Plaintiff's Interrogatories Nos. 1, 7, 8, 10, 14, 17, 18, 19, 21, 22, and 23, and Plaintiff's Requests for Production of Documents, Nos. 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, and 18 and to deem as admitted Plaintiff's Requests for Admissions, Nos. Nos. 2, 4, 9, 12, 13, 14, 15, 18, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 40, 41, 43, and 44.

<p align="center">48</p>

Under Federal Rule 37(a)(4), the Court may award reasonable costs and attorneys' fees to a party which prevails on a motion to compel where, as here, the opposing party fails or refuses, without substantial justification, to produce complete discovery responses, even after informal efforts have been made to secure them.  *See Cobell v. Norton*, 213 F.R.D. 16, 28-29 (D.D.C. 2003); *Green v Blazer Diamond Prods.*, No. 92-1385, 1994 U.S. Dist. LEXIS 21346, *18-20 (D.D.C. Dec. 8, 1994) (Lamberth, J.) (granting discovery sanctions against defendant which failed to answer discovery requests or submitted vague and evasive responses); *Long v. District of Columbia*, 110 F.R.D. 1, 3 (D.D.C. 1985).  Here an award of fees and costs is well justified since defendant not only has delayed in serving responses; it has not only served grossly incomplete response; it has not only given false promises of addressing plaintiff's issues (see Exhibits 5, 9, and 11); it has also persisted in rejecting plaintiff's repeated requests for more complete responses, while prejudicing plaintiff in his discovery efforts before he began taking depositions on November 7.[9]

Finally, because defendant's abject failure to provide complete discovery responses has prejudiced plaintiff in his discovery, including his depositions, plaintiff requests that the Court postpone the discovery cutoff until 30 days after its ruling on this motion and to extend the deadline to file dispositive motions by 45 days.[10]

---

[9]   If the Court grants this request, within 10 days plaintiff's counsel will provide an affidavit and bills to document the cost to plaintiff of this motion.

[10]   On November 9 plaintiff suggested a joint motion for postponing the deadline for several weeks, but defendant has not yet responded to that suggestion.

Respectfully submitted,


_____/s/_____
Alan Banov (D.C. Bar No. 95059)
Norberto P. Salinas (D.C. Bar No. 474710)
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
(202) 822-9699
Fax: (202) 842-9331
ab@banovlaw.com
Attorneys for Plaintiff