UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER,                    )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )  Case No. 05-CV-1352
                                        )
ALSTOM TRANSPORTATION, INC.,            )
                                        )
            Defendant.                  )
_____)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To:   Defendant ALSTOM Transportation, Inc.
      c/o  Pamela J. White, Esq.
      Neil E. Duke, Esq.
      Ober, Kaler, Grimes & Shriver
      A Professional Corporation
      120 East Baltimore Street
      Baltimore, MD  21202-1643

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Kevin

P. Baker (hereinafter "plaintiff"), by his undersigned counsel, hereby directs the following

interrogatories, requests for admissions, and requests for production of documents to be

answered in writing, under oath, separately and fully, within 30 days of service hereof:

### A. INSTRUCTIONS

1.      These discovery requests shall be deemed continuing to the full extent provided

by Federal Rule 26(e).  Accordingly, defendant is required seasonably to supplement and amend

its answers thereto, should defendant, its officials, agents, representatives, or attorneys come into

possession of further facts or information pertinent to the matters inquired into herein.

2.      In answering each interrogatory, request for admission, or request for documents

or its constituent part, please set out in full the question or request part answered, before



providing the answer, in accordance with Federal Rule 33 and L.Cv.R. 26.2(d) immediately thereafter.

3.      If any interrogatory cannot be answered in full, after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the fullest extent possible, specifying why such interrogatory cannot be answered completely and stating whatever knowledge or information is presently available concerning the unanswered portion of such interrogatory.

4.      In response to any interrogatory not expressly asking for documents, state whether there are any documents which reflect or relate to any of the information requested in that interrogatory, and identify the custodian(s) of the documents.  If any documents are withheld under any claim of privilege, explain said privilege in detail and identify those documents sufficiently in a privilege log to permit discovery of them should it later be determined that the claim has no merit.

5.      At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of defendant having first-hand knowledge of some of the answers, as well as information as to the name(s), business address(es), and title(s) of the person(s) subscribing to the jurat.

6.      If your response refers to any documents under Federal Rule 33(c), please refer to them specifically, by Bates number, exhibit number, or some other clearly identifiable means.

7.      Unless otherwise indicated, all information requested pertains to defendant's operations in the Metropolitan Washington, D.C. area and to the period from January 1, 2000, to and including the date on which trial begins.

## B. DEFINITIONS

1. The word "document" or "documents" means any existing printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including without limitation letters, memoranda, telegrams, notes, contracts, transcripts, calendars, diaries, books, grievances, arbitration decisions, court pleadings, statements, announcements, photographs, videotapes, tape recordings, computer files, electronic mail, computer printouts, and all data contained therein, and any carbon or photographic copies of such materials, regardless of origin or present location, to which the defendant has custody, possession, or control.

2. The word "person" or "persons" shall include, without limitation, natural persons, corporations, unions, associations, subordinate bodies of labor organizations, labor federations, government agencies, or any other kind of entity, private or governmental.

3. The word "defendant" herein shall include, without limitation, the above-named defendant and its subordinate components, officials, agents, representatives, or attorneys.

4. Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa; the disjunctive "or" shall be deemed to include the conjunctive "and" and vice versa; and each of the words "each," "every," "any," and "all" shall be deemed to include each of the other words in this clause.

5. The term "identify" as used herein in connection with a "document" means:

a) State the type of document (e.g., letter or memorandum); the date the document was created (or, if unknown, the date it was received); the name and address of the persons, if any, to whom copies of the document were sent, the organization, firm, or entity with which persons were associated on the date of the document"s creation; and

b)  State whether defendant or anyone acting on its behalf is in possession, custody, or control of the original or a copy of the document, and if not, furnish the name and address of the custodian of the original or a copy.

c)  If the document no longer exists, state, if known: (i) when it went out of existence, (ii) how it did so, and (iii) why it did so.

6.  The term "identify" as used herein in connection with "persons" means: State the names, races, titles, present home addresses, present business addresses and telephone numbers, and employers of such persons or, if the present titles and addresses are unknown, the last known addresses and employers of such persons.

7.  The term "describe in detail" as used herein means:

a)  Describe fully by reference to underlying facts, especially those averred in the pleadings, and

b)  Particularize as to (i) date, (ii) place, and (iii) identity of all persons involved. (Refer to Definition No. 6 above.)

## C.  INTERROGATORIES

1.  Identify all persons who have knowledge of the allegations and underlying facts set forth in the underlying Complaint and in your Answer and set forth, as to each person, the detailed facts to which that person has knowledge.

2.  Describe in detail plaintiff's job duties for Alstom while he was a temporary employee.

3.  Describe in detail all advertisements for the position of Electrical Engineer in defendant's Metropolitan Washington operations (the subject position) and for any similar

positions which defendant has placed in the Metropolitan Washington area since January 1, 2000.

4.     Describe in detail all requirements, educational or otherwise, for the position of electrical engineer in the Metropolitan Washington area.

5.     (If different from your response to Interrogatory No. 4)  Describe in detail all requirements, educational or otherwise, for the position for which defendant hired plaintiff.

6.     Describe in detail the communication between Matt Rivera and plaintiff about his working for defendant, including without limitation their meeting in about September 2000.

7.     Describe in detail all the circumstances of defendant's hiring plaintiff as an electrical engineer, including without limitation, all communications defendant had with plaintiff about the position(s) for which it considered him and the position(s) which it offered to him.

8.     Describe in detail all of the electrical engineer's duties during the period between January 1, 2001, and December 31, 2004.

9.     Describe in detail all of plaintiff's duties when he worked for defendant as an electrical engineer.

10.     Describe in detail all supervision of plaintiff when he worked for defendant as an electrical engineer.

11.     Describe in detail all pay and other benefits which defendant paid plaintiff as electrical engineer.

12.     Describe in detail all the duties performed by Saluka Kulasinghe when he worked for defendant.

13.     Describe in detail all the duties performed by Kofi Auane-Osawe when he worked for defendant.

14.    Describe in detail all communications which defendant had with plaintiff about his status as exempt or non-exempt before it discharged him.

15.    Describe in detail any record which anyone made of plaintiff's hours while he worked for defendant.

16.    Identify (with reference to Instruction 7 and Definition No. 6) all persons who have worked as electrical engineers for defendant in the Metropolitan Washington area since January 1, 1999.

17.    Describe in detail all communications which defendant ever had with plaintiff about overtime pay before he filed this suit.

18.    Describe in detail all facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay.

19.    Describe in detail any legal opinions on which defendant may have relied in classifying plaintiff as exempt from overtime pay.

20.    Describe in detail why defendant terminated plaintiff's employment.

21.    Describe in detail any overtime pay which defendant has paid any of its electrical engineers anywhere in the United States, including without limitation their identity, their work sites, their position titles and the dates of such pay.

22.    Describe in detail any complaints or suits for overtime pay ever brought by or on behalf of any employees against defendant (whether in court or in any administrative agencies), and all decisions or opinions with respect to those complaints or suits.

23.    Describe in detail any facts which could possibly support plaintiff's claims herein.

24.    Describe in detail why defendant may deny any of the following requests for admissions:

## D. REQUESTS FOR ADMISSIONS

1.    Do you admit that plaintiff has Associates Degrees in Engineering Science from Onondaga Community College, in Electronic Engineering Technology from Tidewater Community College, and in Automotive Technology from City Colleges of Chicago?

2.    Do you admit that plaintiff has no bachelor's or advanced degrees?

3.    Do you admit that in September 2000 Mr. Rivera interviewed plaintiff for a permanent position as either a salaried engineer or as an hourly technician?

4.    Do you admit that in his interview of plaintiff, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked?

5.    Do you admit that defendant directly employed plaintiff from October 2000 through June 2004?

6.    Do you admit that when he became a permanent employee, plaintiff's duties did not change from those he had when he was a temporary employee?

7.    Do you admit that defendant classified plaintiff as a full-time "exempt" employee?

8.    Do you admit that the subject position required a Bachelor of Science degree in Electrical/Electronics, Communications/Telecommunications Engineering or an equivalent degree?

9.    Do you admit that plaintiff's position did not require a prolonged course of specialized intellectual instruction?

10.    Do you admit that plaintiff's duties did not require that he consistently exercise independent discretion and judgment in performing his work?

11.    Do you admit that plaintiff's position did not require a master's degree?

12.    Do you admit that defendant supervised plaintiff's work for it?

13.    Do you admit that during the period covered by his claims herein, plaintiff did not supervise any employees?

14.    Do you admit that the period covered by his claims herein, plaintiff did not work unsupervised?

15.    Do you admit that from January 2001 to August 2001, plaintiff often worked over nine hours a day, without a lunch break?

16.    Do you admit that defendant paid plaintiff overtime pay for all of his overtime work between January and August 2001?

17.    Do you admit that defendant paid plaintiff overtime pay because it understood that he was not exempt from overtime pay?

18.    Do you admit that between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?

19.    Do you admit that plaintiff documented on his company timesheet the overtime hours he worked between August and December 2001?

20.    Do you admit that during the period covered by his claims herein, plaintiff informed defendant of the number of hours he worked each week?

21.    Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?

22.    Do you admit that Mr. Moses allowed plaintiff to document the overtime he worked in the "comments" section of his timesheet?

23.    Do you admit that in November 2002 after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational

Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked?

24.    Do you admit that after August 2001 defendant did not pay plaintiff overtime pay?

25.    Do you admit that after defendant named plaintiff Project Lead for the Maryland High Horse Power Locomotive Contract (otherwise known as the MARC trains), plaintiff still supervised no one?

26.    Do you admit that after defendant named plaintiff Project Lead for the MARC trains contract, he was not the point of contact for the customer?

27.    Do you admit that in March 2003 Mr. Amar indicated to plaintiff that he would not have to work as many overtime hours?

28.    Do you admit that on or about August 23, 2003, defendant asked or ordered plaintiff to work overtime to repair a locomotive?

29.    Do you admit that about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?

30.    Do you admit that plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work?

31.    Do you admit that on or about August 28, 2003, defendant asked or ordered plaintiff to work overtime to complete a repair job and promised that defendant would compensate plaintiff for working overtime?

32.    Do you admit that in November Mr. Amar informed plaintiff that defendant's Human Resources department was in the process of reviewing all of the Field Services job

descriptions and pay structures and that defendant would pay overtime pay to <u>all</u> field engineering personnel as non-exempt employees?

33.     Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?

34.     Do you admit that in March Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003?

35.     Do you admit that in or about March 2004 plaintiff submitted records of his overtime hours in fiscal years 2002-2003?

36.     Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?

37.     Do you admit that in 2004 defendant paid Kofi Auane-Osawe overtime pay for his overtime work?

38.     Do you admit that defendant classified Mr. Kulasinghe as non-exempt?

39.     Do you admit that defendant classified Mr. Auane-Osawe as non-exempt?

40.     Do you admit that defendant suffered or permitted plaintiff to perform all the work he did for defendant?

41.     Do you admit that all of the work which plaintiff performed for defendant benefited it?

42.     Do you admit that in some workweeks during the period covered by his claims herein, plaintiff worked more than 40 hours?

43.    Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?

44.    Do you admit that defendant did not pay plaintiff for his overtime work during the period of August 2001 to June 2004 with overtime pay at 1.5 times his regular hourly rate?

45.    Do you admit that the period covered by his claims herein, defendant knew it was not paying plaintiff overtime pay for his hours of work beyond 40 in a workweek?

46.    Do you admit that plaintiff's last day of physical work for defendant was June 22, 2004?

## E. REQUEST FOR DOCUMENTS

Plaintiff, by his undersigned attorneys, hereby requests that, within 30 days of receiving this request, defendant provide his attorneys with a copy of each of the following documents, or in any event produce them for inspection and copying at the office of Alan Banov, 1819 L Street, N.W., Suite 700, Washington, D.C. 20036:

1.    All of plaintiff's personnel records.

2.    All of plaintiff's pay records.

3.    All of plaintiff's time and attendance records.

4.    All documents which reflect the time plaintiff worked on any projects.

5.    All employee handbooks or personnel manuals which defendant has had since January 1, 2000, and which applied to plaintiff.

6.    All organization charts which contained or referred to plaintiff's position.

7.    Any evaluations, formal or informal, of plaintiff's work performance for defendant.

8.    All advertisements for electrical engineer positions or any other positions which were substantially similar to plaintiff's.

9.    All job descriptions for plaintiff's position, all other electrical engineer positions in the Metropolitan Washington area, or any other positions in the Metropolitan Washington area which were substantially similar to plaintiff's.

10.    Pay records for all electrical engineers employed anywhere by defendant since January 1, 2000.

11.    All personnel records of Saluka Kulasinghe.

12.    All personnel records of Kofi Auane-Osawe.

13.    Copies of computer files (including e-mails), magnetic tape recordings, videotapes, and/or photographs which relate or pertain to plaintiff's employment by defendant.

14.    All documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints.

15.    Any documents which could possibly support plaintiff's claims.

16.    Any insurance policies or agreements which may arguably be used to satisfy any part of a judgment which may be entered in this action, or which may likely indemnify or reimburse payments made to satisfy such a judgment.

17.    All reports made by experts whom you intend to call to testify at trial and/or any hearing of this matter, as well as their resumes or curriculae vitae.

18.    All affidavits, reports, or statements taken from any witnesses or prospective witnesses for defendant.

19.    Any documents to which any of defendant's may refer in preparation for depositions or trial.

20.    Any other documents upon which you are relying or planning to rely in supporting your defense.

21.    Any other documents which are mentioned or referenced in the foregoing interrogatories and requests for admissions or your answers to said interrogatories and requests for admissions.

Respectfully submitted,

ALAN BANOV #95059
NORBERTO SALINAS #474710
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036
(202) 822-9699
Fax: (202) 842-9331
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2005, copies of the foregoing Plaintiff's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents were served by facsimile transmission and by first class mail, postage prepaid upon the following counsel for defendant:

> Pamela J. White, Esq.
> Neil E. Duke, Esq.
> Ober, Kaler, Grimes & Shriver
> A Professional Corporation
> 120 East Baltimore Street
> Baltimore, MD 21202-1643

ALAN BANOV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER,      )
                        )
      Plaintiff,          )
                        )
      vs.              )   Civil File No.: 05-01352
                        )
ALSTOM TRANSPORTATION INC.,    )
                        )
      Defendant.     )
                        )
_____)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### REQUESTS FOR ADMISSION

Defendant, ALSTOM Transportation Inc., through its undersigned attorney, and in accordance with Rule 36 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), responds to *Plaintiff's Requests for Admissions* and states the following:

The word usage and sentence structure is that of the attorney and does not purport to be the language of the executing party. Each of Defendant's *Responses* is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion to any response therein if it were introduced in Court. All objections and grounds are expressly reserved and may be interposed at the time of trial.

### RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**    Do you admit that plaintiff has Associates Degrees in Engineering Science from Onondaga Community College, in Electronic Engineering Technology from Tidewater Community College, and in Automotive Technology from City Colleges of Chicago?

**RESPONSE**: Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding the allegations set forth in this

772982.1                                    1



Request. Without admitting or denying the allegation, Defendant relies upon plaintiff's

application for employment, which represents that he held such degrees.

**REQUEST FOR ADMISSION NO. 2:**     Do you admit that plaintiff has no
bachelor's or advanced degrees?

**RESPONSE:** Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without

sufficient information, knowledge or belief regarding the allegations set forth this

Request. Without admitting or denying the allegation, Defendant relies upon plaintiff's

application for employment, which represents that he held such a degree.

**REQUEST FOR ADMISSION NO. 3:**     Do you admit that in September
2000 Mr. Rivera interviewed plaintiff for a permanent position as either a salaried
engineer or as an hourly technician?

**RESPONSE**: Defendant admits that plaintiff was interviewed for a position with

the company. Defendant denies that plaintiff was offered a "permanent" position.

Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information,

knowledge or belief regarding any statement in the form of a promise regarding the

nature of his position. Defendant states that it has made reasonable inquiry. However,

despite Defendant's efforts, the information known or readily obtainable to it is

insufficient to enable it to admit or deny the allegation regarding the statements attributed

to Mr. Rivera. If necessary, Defendant will supplement its Response in accordance with

the Court's Scheduling Order.

**REQUEST FOR ADMISSION NO. 4:**     Do you admit that in his interview of
plaintiff, Mr. Rivera told plaintiff that after six months, management would review his
hours and adjust his salary to compensate for the overtime he worked?

**RESPONSE:** Defendant admits that plaintiff was interviewed for a position with

the company. Defendant denies that plaintiff, as a statutorily-exempt employee, was

entitled to overtime compensation. Pursuant to Fed.R.Civ.P., Defendant is

without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Rivera. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

**REQUEST FOR ADMISSION NO. 5:** Do you admit that defendant directly employed plaintiff from October 2000 through June 2004?

**RESPONSE**: Defendant admits that plaintiff was employed by the company between October 2000 through June 2004 and that his status was that of an employee.

**REQUEST FOR ADMISSION NO. 6**: Do you admit that when he became a permanent employee, plaintiff's duties did not change from those he had when he was a temporary employee?

**RESPONSE**: Defendant denies that plaintiff was classified as a permanent employee. Defendant denies that plaintiff's duties remain unchanged for the duration of his employment and states that plaintiff's duties as an Electrical Engineer evolved.

**REQUEST FOR ADMISSION NO. 7**: Do you admit that defendant classified plaintiff as a full-time "exempt" employee?

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 8**: Do you admit that the subject position required a Bachelor of Science degree in Electrical/Electronics, Communications/Telecommunications Engineering or an equivalent degree?

**RESPONSE**: Defendant admits that the Job Posting advertising the position of Electrical Engineer stated the following requirement: "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field."

**REQUEST FOR ADMISSION NO. 9**: Do you admit that plaintiff's position did not require a prolonged course of specialized intellectual instruction?

**RESPONSE**: Defendant neither admits nor denies any legal conclusion relating to the term "prolonged course of specialized intellectual instruction," which is vague, unduly broad and ambiguous as a request for admission. Defendant, instead, admits that the Job Posting advertising the position of Electrical Engineer, that plaintiff applied for, stated the following requirement: "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and plaintiff's application for employment represents that he held an advanced degree.

**REQUEST FOR ADMISSION NO. 10**:    Do you admit that plaintiff's duties did not require that he consistently exercise independent discretion and judgment in performing his work?

**RESPONSE**: Denied.

**REQUEST FOR ADMISSION NO. 11**:    Do you admit that plaintiff's position did not require a master's degree?

**RESPONSE**: Admitted. Defendant reiterates that the Job Posting advertising the position of Electrical Engineer, that plaintiff applied for, stated the following requirement: "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field."

**REQUEST FOR ADMISSION NO. 12**:    Do you admit that defendant supervised plaintiff's work for it?

**RESPONSE**: This Request is vague, ambiguous and difficult to decipher and Defendant can neither admit nor deny this Request.

**REQUEST FOR ADMISSION NO. 13**:    Do you admit that during the period covered by his claims herein, plaintiff did not supervise any employees?

**RESPONSE**: Defendant denies the allegation set forth in this Request and specifically states that plaintiff was directly and/or indirectly responsible for the work of others through quality assurance and the rendering of necessary and timely assistance.

**REQUEST FOR ADMISSION NO. 14**:   Do you admit that the period covered by his claims herein, plaintiff did not work unsupervised?

**RESPONSE**: Defendant denies the allegation set forth in this Request and responds that plaintiff was primarily self-directed. Defendant further states that plaintiff had reporting requirements and his performance was evaluated.

**REQUEST FOR ADMISSION NO. 15**:   Do you admit that from January 2001 to August 2001, plaintiff often worked over nine hours a day, without a lunch break?

**RESPONSE**: Defendant admits that plaintiff submitted and Defendant maintained daily time records, and denies the opinion embedded in this Request as to the frequency of a 9-hour work day.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding whether plaintiff consumed lunch on break on any given day.

**REQUEST FOR ADMISSION NO. 16**:   Do you admit that defendant paid plaintiff overtime pay for all of his overtime work between January and August 2001?

**RESPONSE**: Defendant admits that plaintiff was provided with additional compensation calculated in the form of overtime.  Defendant denies that plaintiff, as a statutory-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 17**:   Do you admit that defendant paid plaintiff overtime pay because it understood that he was not exempt from overtime pay?

**RESPONSE**: Defendant denies that plaintiff was paid statutorily-required overtime compensation.  Defendant denies that plaintiff, as a statutory-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 18**:    Do you admit that between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?

**RESPONSE**: Defendant admits that plaintiff worked in excess of a 40 hour work week. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 19**:    Do    you    admit    that    plaintiff documented on his company timesheet the overtime hours he worked between August and December 2001?

**RESPONSE**: Defendant admits that plaintiff made notations on his company timesheet characterizing his hours worked.    Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 20**:    Do you admit that during the period covered by his claims herein, plaintiff informed defendant of the number of hours he worked each week?

**RESPONSE**: Defendant admits that plaintiff made notations on his company timesheet characterizing his hours worked.    Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 21**:    Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?

**RESPONSE**: Defendant admits that plaintiff made notations on his company timesheet regarding his hours worked. Defendant denies that plaintiff was instructed not to capture his work hours. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 22**:    Do you admit that Mr. Moses allowed plaintiff to document the overtime he worked in the "comments" section of his timesheet?

**RESPONSE**: Defendant admits that plaintiff routinely made notations on his company timesheet regarding the hours he worked on a weekly basis. Defendant denies that plaintiff was instructed not to capture his work hours. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 23**:    Do you admit that in November 2002 after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked?

**RESPONSE**: Defendant admits that it consistently sought to fairly compensate all of its employees, to include plaintiff, through payment of additional compensation calculated in the form of overtime. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 24:**    Do you admit that after August 2001 defendant did not pay plaintiff overtime pay?

**RESPONSE**: Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation. Defendant denies the remaining allegations of this Request.

**REQUEST FOR ADMISSION NO. 25**:    Do you admit that after defendant named plaintiff Project Lead for the Maryland High Horse Power Locomotive Contract (otherwise known as the MARC trains), plaintiff still supervised no one?

**RESPONSE**: Defendant denies the allegation set forth in this Request and specifically states that plaintiff was directly and/or indirectly responsible for the work of others through quality assurance and the rendering of necessary and timely assistance.

**REQUEST FOR ADMISSION NO. 26**:    Do you admit that after defendant named plaintiff Project Lead for the MARC trains contract, he was not the point of contact for the customer?

**RESPONSE**: The term "point of contact" is vague, unduly broad and ambiguous, and this Request fails to define in what capacity or context for the usage of this term. To the extent that a response can be offered, Defendant denies the allegation set forth in this Request and reiterates that plaintiff was responsible for daily interaction with customers.

**REQUEST FOR ADMISSION NO. 27**:    Do you admit that in March 2003 Mr. Amar indicated to plaintiff that he would not have to work as many overtime hours?

**RESPONSE**: Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of decreased hours. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order. Furthermore, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 28**:    Do you admit that on or about August 23, 2003, defendant asked or ordered plaintiff to work overtime to repair a locomotive?

**RESPONSE**: This Request is vague, ambiguous and fails to specifically identify the purported person who "asked" or "ordered" plaintiff toward any purpose. As such, Defendant neither admits nor denies this Request. To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

**REQUEST FOR ADMISSION NO. 29**:    Do you admit that about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?

**RESPONSE**: This Request is vague, ambiguous and fails to specifically identify the purported person who made any purported promise to plaintiff. As such, Defendant neither admits nor denies this Request. To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

**REQUEST FOR ADMISSION NO. 30**: Do you admit that plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work?

**RESPONSE**: This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime." As such, Defendant neither admits nor denies this Request. To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation. Furthermore, Defendant denies any allegation that it failed to pay plaintiff what it was obligated to pay him by law.

**REQUEST FOR ADMISSION NO. 31**: Do you admit that on or about August 28, 2003, defendant asked or ordered plaintiff to work overtime to complete a repair job and promised that defendant would compensate plaintiff for working overtime?

**RESPONSE**: This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime." As such, Defendant neither admits nor denies this Request. To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 32**: Do you admit that in November Mr. Amar informed plaintiff that defendant's Human Resources department was in the process of reviewing all of the Field Services job descriptions and pay structures and that defendant would pay overtime pay to all field engineering personnel as non-exempt employees?

**RESPONSE**: This Request fails to specify the calendar year at issue. However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to November 2004. Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

**REQUEST FOR ADMISSION NO. 33**:    Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?

**RESPONSE**: Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 34**:    Do you admit that in March Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003?

**RESPONSE**: This Request fails to specify the calendar year at issue. However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to March 2004. Defendant admits that plaintiff, and others, submitted time records. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 35**:    Do you admit that in or about March 2004 plaintiff submitted records of his overtime hours in fiscal years 2002-2003?

**RESPONSE**: Defendant admits that plaintiff submitted time records. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 36**:    Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?

**RESPONSE**: Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

**REQUEST FOR ADMISSION NO. 37**:    Do you admit that in 2004 defendant paid Kofi Auane-Osawe overtime pay for his overtime work?

**RESPONSE**: Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

**REQUEST FOR ADMISSION NO. 38**:    Do    you    admit    that    defendant classified Mr. Kulasinghe as non-exempt?

**RESPONSE**: Defendant admits that the named individual was properly classified as a non-exempt employee.

**REQUEST FOR ADMISSION NO. 39**:    Do    you    admit    that    defendant classified Mr. Auane-Osawe as non-exempt?

**RESPONSE**: Defendant admits that the named individual was properly classified as a non-exempt employee.

**REQUEST FOR ADMISSION NO. 40**:    Do you admit that defendant suffered or permitted plaintiff to perform all the work he did for defendant?

**RESPONSE**: Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion. To the extent that any response is feasible, Defendant admits that plaintiff performed all of the work on his part to be performed.

**REQUEST FOR ADMISSION NO. 41**:    Do you admit that all of the work which plaintiff performed for defendant benefited it?

**RESPONSE**: Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.

**REQUEST FOR ADMISSION NO. 42**:    Do    you    admit    that    in    some workweeks during the period covered by his claims herein, plaintiff worked more than 40 hours?

**RESPONSE**: Defendant admits that plaintiff's position as an Electrical Engineer necessitated, at times, that he work in excess of 40 hours per week. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 43**:    Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?

**RESPONSE**: Defendant admits that plaintiff's position as an Electrical Engineer necessitated, at times, that he work in excess of 40 hours per week. Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 44**:    Do you admit that defendant did not pay plaintiff for his overtime work during the period of August 2001 to June 2004 with overtime pay at 1.5 times his regular hourly rate?

**RESPONSE**: Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 45**:    Do you admit that the period covered by his claims herein, defendant knew it was not paying plaintiff overtime pay for his hours of work beyond 40 in a workweek?

**RESPONSE**: Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**REQUEST FOR ADMISSION NO. 46**:    Do you admit that plaintiff's last day of physical work for defendant was June 22, 2004?

**RESPONSE**: Defendant admits that plaintiff was terminated on June 28, 2004, as a result of his misconduct.  Specifically, plaintiff was cited for assaulting one of his co-workers.

For ALSTOM Transportation, Inc.

Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER          )
                             )
            Plaintiff,       )
                             )
    vs.                      )    Civil File No.: 05-01352
                             )
ALSTOM TRANSPORTATION, INC.  )
                             )
            Defendant.       )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 19th day of September 2005, that a copy of the

foregoing *Defendant's Responses to Plaintiff's Requests for Admission* were served

electronically and by regular mail upon Plaintiff's counsel identified below:

Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036


Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD 21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER,         )
                             )

       Plaintiff,           )
                             )

       vs.                )   Civil File No.: 05-01352
                             )

ALSTOM TRANSPORTATION, INC.,   )
                             )

       Defendant.        )
                             )
_____)

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, ALSTOM Transportation, Inc., through its undersigned attorney, and in accordance with Rule 34 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), responds to *Plaintiff's Request for Production of Documents* and states the following:

### GENERAL OBJECTIONS

1. Defendant responds to Plaintiff's discovery request in accord with the Federal Rules of Civil Procedure, Rule 34 and the Local Rules 30.4. To the extent that Plaintiff's discovery requests exceed the boundaries of these Rules, those discovery requests or portions thereof are ignored.

2. Defendant preserves and retains any and all claims of attorney-client privilege and non-disclosure of attorney and work-product doctrine information. Any inadvertent production shall not be deemed a breach of those privileges and shall not be deemed a waiver of those privileges.

3. Defendant preserves and retains its obligation not to disclose any documents restricted from disclosure by federal, state or local statute.

773058.1                                    1



4. To the extent that the documents are claimed privileged, they have been withheld.

5. The foregoing general objections are hereby incorporated by reference into each Response or Answer made by Defendant to these discovery requests.

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: All of plaintiff's personnel records.

**RESPONSE TO REQUEST NO. 1**:    Objection.    Defendant objects to this Request to the extent that Plaintiff has already been served with copies of documents relevant to this Request, through receipt of Defendant's Initial Disclosures.    These documents included, but are not limited to, Plaintiff's Employment Application, Job Posting, Offer Letter, and Job Audit. See ALS 0001 – ALS 0071. Without waiver of this objection, and subject strictly thereto, Defendant states that it will supplement its response to this Request upon the discovery of relevant, non-privileged discoverable documents, pursuant to Fed.R.Civ.P., Rule 34.

**REQUEST NO. 2:** All of plaintiff's pay records.

**RESPONSE TO REQUEST NO. 2**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 3**: All of plaintiff's time and attendance records.

**RESPONSE TO REQUEST NO. 3**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 4**: All documents which reflect the time plaintiff worked on any projects.

**RESPONSE TO REQUEST NO. 4**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 5**: All employee handbooks or personnel manuals which defendant has had since January 1, 2000, and which applied to plaintiff.

**RESPONSE TO REQUEST NO. 5**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 6**: All organization charts which contained or referred to plaintiff's position.

**RESPONSE TO REQUEST NO. 6**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 7**: Any evaluations, formal or informal, of plaintiff's work performance for defendant.

**RESPONSE TO REQUEST NO. 7**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 8**: All advertisements for electrical engineer positions or any other positions which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 8**:    Objection.    The term "advertisement" is ambiguous, vague and undefined.    Defendant further objects to this Request on the grounds that it calls for information regarding "substantially similar" positions.    This aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably

calculated to lead to the discovery of admissible evidence.  Without waiver of these

objections, and subject strictly thereto, Defendant states that to the extent that this

Request calls for relevant job announcement information, Plaintiff has already been

served with a copy of the relevant Job Posting, through receipt of Defendant's Initial

Disclosures (e.g. ALS 0022).  Defendant will supplement its response to this Request

upon the discovery of relevant, non-privileged discoverable documents pursuant to

Fed.R.Civ.P., Rule 34.

**REQUEST NO. 9**: All job descriptions for plaintiff's position, all other electrical
engineer positions in the Metropolitan Washington area, or any other positions in the
Metropolitan Washington area which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 9**:        Objection.  Plaintiff has already been served

with a copy of the relevant Job Posting/Job Descriptions through receipt of Defendant's

Initial Disclosures (e.g. ALS 0022).  Defendant further objects to this Request on the

grounds that it calls for information regarding "substantially similar" positions.  This

aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably

calculated to lead to the discovery of admissible evidence.  Without waiver of these

objections, and subject strictly thereto, Defendant will supplement is response to this

Request upon the discovery of relevant, non-privileged discoverable documents pursuant

to Fed.R.Civ.P., Rule 34.

**REQUEST NO. 10**: Pay records for all electrical engineers employed anywhere by
defendant since January 1, 2000.

**RESPONSE TO REQUEST NO. 10**:        Objection.  Defendant declines to respond to

this Request because it is overly broad, unduly burdensome, oppressive and not

reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 11**: All personnel records of Saluka Kulasinghe.

**RESPONSE TO REQUEST NO. 11:**    Objection.  This Request is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 12:** All personnel records of Kofi Auane-Osawe.

**RESPONSE TO REQUEST NO. 12:**    Objection.  This Request is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 13:** Copies of computer files (including e-mails), magnetic tape recordings, videotapes, and/or photographs which relate or pertain to plaintiff's employment by defendant.

**RESPONSE TO REQUEST NO. 13:**    Objection.    Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests.  Without waiver of these objections, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 14:** All documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints.

**RESPONSE TO REQUEST NO. 14**:        Objection.        Defendant objects to this Request on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive.  Defendant further objects on the basis that the requested documents have absolutely no relevance to the subject matter of this litigation.  As such, this Request is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to produce such documents.

**REQUEST NO. 15**: Any documents which could possibly support plaintiff's claims.

**RESPONSE TO REQUEST NO. 15**:        Objection.        Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive.  Defendant further objects on the grounds that this Request calls for information protected from disclosure by attorney-client privilege or work product doctrine.  Defendant also objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests.  Without waiver of these objections, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**REQUEST NO. 16**: Any insurance policies or agreements which may arguably be used to satisfy any part of a judgment which may be entered in this action, or which may likely indemnify or reimburse payments made to satisfy such a judgment.

**RESPONSE TO REQUEST NO. 16**:        None applicable.

**REQUEST NO. 17**: All reports made by experts whom you intend to call to testify at trial and/or any hearing of this matter, as well as their resumes or curriculae vitae.

**RESPONSE TO REQUEST NO. 17**:        Objection.  ALSTOM has not designated an expert witness at this time.  However, ALSTOM reserves the right to supplement its *Response* in accordance with the Court's *Scheduling Order*.

**REQUEST NO. 18**: All affidavits, reports, or statements taken from any witnesses or prospective witnesses for defendant.

**RESPONSE TO REQUEST NO. 18**:      Objection.     Defendant objects on the grounds that this Request seeks information protected by attorney-client privilege or the work product doctrine.  Defendant further objects to the extent that Plaintiff has already been served with copies of documents relevant to this Request, through receipt of Defendant's Initial Disclosures.  These documents included, but are not limited to, memoranda regarding the basis of Plaintiff's termination (i.e. his assault of a co-worker). See e.g. ALS 0014 – 18.  Without waiver of these objections, and subject strictly thereto, Defendant states that it will supplement its response upon the discovery of additional relevant, non-privileged, discoverable documents pursuant to Rule 34.

**REQUEST NO. 19**: Any documents to which any of defendant's may refer in preparation for depositions or trial.

**RESPONSE TO REQUEST NO. 19**:      Objection.     Defendant objects to this Request and declines to respond on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive.  Defendant further objects on the grounds that this Request calls for information protected from disclosure by attorney-client privilege and/or work product doctrine or seeks the mental impressions of counsel.  Defendant also objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests.

**REQUEST NO. 20**: Any other documents upon which you are relying or planning to rely in supporting your defense.

**RESPONSE TO REQUEST NO. 20**:      Objection.  Defendant objects and declines to respond on the grounds that this Request is vague, ambiguous and impossible to discern.  Defendant further objects on the grounds that this Request seeks information

protected by attorney-client privilege and/or work product doctrine or seeks the mental impression of counsel.  Defendant also objects on the grounds that this Request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to this Request to the extent that Plaintiff has already been served with copies of documents responsive to this Request, through receipt of Defendant's Initial Disclosures.

REQUEST NO. 21: Any other documents which are mentioned or referenced in the foregoing interrogatories and requests for admissions or your answers to said interrogatories and requests for admissions.

RESPONSE TO REQUEST NO. 21:        Objection.      Defendant  objects  on  the grounds that this Request seeks information protected by attorney-client privilege and/or the work product doctrine.  Defendant further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this Request to the extent that Plaintiff has already been served with copies of documents responsive to this Request, through receipt of Defendant's Initial Disclosures.  Without waiver of these objections, and subject strictly thereto, copies of relevant, non-privileged, discoverable documents will be produced in accordance with the Court's Scheduling Order upon discovery.

Respectfully submitted,

Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER                     )
                                        )
      Plaintiff,                    )
                                        )
   vs.                                )    Civil File No.: 05-01352
                                        )
ALSTOM TRANSPORTATION, INC.             )
                                        )
      Defendant.                    )
_____ )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 21st day of September 2005, that a copy of the

foregoing *Defendant's Responses to Plaintiff's Requests for Production of Documents*

were served electronically and by regular mail upon Plaintiff's counsel identified below:

    Alan Banov, Esquire
    Norberto Salinas, Esquire
    Alan Banov & Associates
    1819 L Street, N.W., Suite 700
    Washington, D.C. 20036

                        _____
                        Pamela J. White (D.C. Bar No. 962787)
                        Neil E. Duke (D.C. Bar No. 471942)
                        Ober, Kaler, Grimes & Shriver
                        A Professional Corporation
                        120 East Baltimore Street
                        Baltimore, MD  21202-1643
                        (410) 685-1120
                        (410) 547-0699 – Fax

                        Attorneys for Defendant, ALSTOM
                        Transportation Inc.

## ALAN BANOV AND ASSOCIATES

ALAN BANOV
Admitted in the District of Columbia and Maryland

*By Facsimile Transmission*

Pamela J. White, Esq.
Neil E. Duke, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD 21202-1643

September 27, 2005

NORBERTO SALINAS
Admitted in the District of Columbia and Michiga

MARIA BREMIS
Admitted in the District of Columbia and Marylan

Re:     Kevin Patrick Baker v. ALSTOM Transportation, Inc.
          Case No. 05-CV-1352 (RSL) (D.D.C.)

Dear Ms. White and Mr. Duke:

The gamesmanship will stop now, or this week we will file a motion to compel proper and complete responses to plaintiff's discovery requests.

First, you arbitrarily noticed plaintiff's deposition without paying us the courtesy of asking whether the date was good for him or us.

Then, on September 16, Norbert Salinas e-mailed you the last draft of the Proposed Protective Order after incorporating your edits, which you two discussed by telephone that afternoon. We have not heard from you since then and, as a result, have been unable to submit it to the Court.

Next, on September 19, 2005, defendant served improper responses to Plaintiff's Requests for Admissions. "It is expected that denials [to requests for admissions] will be forthright, specific, and unconditional." United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996) (citing 8A Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d §2260, at 555 (1994), citing U.S. v. American Tel. & Tel. Co., 83 F.R.D. 323, 333 (D.D.C. 1979)). However, defendant's responses were paragons of deceit, as explained below:

### Requests for Admissions

2.     Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt v. First Am. Bank, 490 A.2d 182, 185 (D.C. 1985).

4.     Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

9.     Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.



EXHIBIT
4

Letter to Pamela O. Barton, Esq. and Neil E. Duke, Esq.
Re:    Kevin Patrick Baker v. ALSTOM Transportation, Inc.
September 27, 2005
Page 2

12.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

13.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

14.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

15.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

17.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

18.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

21.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

23.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

24.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

25.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

27.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

Leonard J. Koenick, Esq. and Neil E. Duke, Esq.
Re:    Kevin Patrick Baker v. ALSTOM Transportation, Inc.
September 27, 2005
Page 4

43.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

44.    Since defendant did not deny this request unconditionally, it must be deemed admitted. See Federal Rule 36(a); American Tel. & Tel. Co., 83 F.R.D. at 333; Burt, 490 A.2d at 185.

Next, on September 21, 2005, defendant served grossly incomplete responses to Plaintiff's Requests for Production of Documents. Defendant repeatedly advanced frivolous objections and non-responses, as explained below:

## Requests for Production of Documents

2-7.    Defendant has been on notice of plaintiff's overtime claims since well before we wrote his demand letters and, in any event, we filed suit in July 2005 and served plaintiff's discovery requests on August 15, 2005. It astonishes us that you cannot now locate and produce plaintiff's pay records, time and attendance records, etc., or even indicate when you will produce them.   Why do you say that the documents "will be made available for inspecting pursuant to Rule 34 upon discovery"? We have already begun discovery. Also, why couldn't defendant serve us copies last week?

8, 9.    The objections are ridiculous. The term, "advertisement," has its common English meaning, and it should not have been unduly burdensome or oppressive to produce the Job Posting in your Initial Disclosures (ALS 0022). Also, the advertisements and job description are obviously quite relevant to plaintiff's status as exempt or non-exempt. If you have any additional responsive documents, please produce them now.

10.    The pay records are clearly relevant to the issue of how, if at all, defendant has paid other electrical engineers for overtime work. Defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad. "[I]t is the responding party's burden to demonstrate why the [requests] are excessively burdensome." Lacey v. Superior Dental Laboratories, Inc., 21 Fed. R. Serv. 2d 1375 (E.D. Pa. 1974). Accord, Alexander v. FBI, 192 F.R.D. 50, 53 (D.D.C. 2000); Chubb Integrated Systems Ltd. v. Nat'l Bank of Washington, 103 F.R.D. 52, 60-61 (D.D.C. 1984). Thus, it does not indicate approximately how many electrical engineers it has employed since January 1, 2000. If defendant will inform us how many electrical engineers it has employed in the world, in the U.S., in the Eastern United States, and in the Washington Metropolitan area, we may be able to limit the scope to a smaller universe.

11, 12.    Defendant's objections lack merit. The personnel records of these former colleagues of plaintiff definitely will provide information relevant to the issue of how, if at all, defendant pays other Washington area electrical engineers for overtime work. Once again, what do you mean by stating that "copies of relevant, non-privileged, discoverable documents will be

made available for inspection pursuant to Rule 34 upon discovery"?  We have already begun discovery.

13.    Once again defendant raises frivolous objections.  The requested computer files could very well lead to the discovery of admissible evidence pertinent to plaintiff's claim or defendant's defense herein.  Defendant does not begin to shoulder its burden of showing it would be unduly burdensome or oppressive to search for these complaints.  Please produce them now.

14.    Once again defendant raises frivolous objections.  The requested overtime complaints could very well lead to the discovery of admissible evidence pertinent to plaintiff's claim or defendant's defense herein, particularly if defendant conceded, or a court or agency found, that its electrical engineers are non-exempt.  Also, defendant does not begin to satisfy its burden of showing it would be unduly burdensome or oppressive to search for these complaint files.  Please produce them now.

15.    The objections lack merit.  We do not ask for any specific privileged documents, but request "[a]ny documents which could possibly support plaintiff's claims."  The request is justifiable.  Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports his claims.  See B. Braun Medical Inc. v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."  Sargent-Welch Scientific Co. v. Ventron Co., 59 F.R.D. 500, 402 (N.D. Ill. 1973).  Accord, King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5-7 (D.D.C. 1987); Diversified Products Corp. v. Sports Center, 42 F.R.D. 3, 4 (D. Md. 1967).  Indeed, even a party's expected contentions at trial are discoverable.  See Anderson v. United Airlines, Inc., 49 F.R.D. 144, 148 (S.D.N.Y. 1969).

The courts readily require production of documents created in similar situations.  See, e.g., Mervin v. F.T.C., 192 U.S. App. D.C. 212, 591 F.2d 821, 825 (1978) (requiring disclosure of memoranda which simply disclose facts, as distinguished from legal conclusions); Fann v. Giant Food, Inc., 115 F.R.D. 593, 596, 597-8 (D.D.C. 1987) (accident reports); Janicker v. George Washington University, 94 F.R.D. 648, 650 (D.D.C. 1982) (investigative reports).  See also Independent Petrochem. Corp. v. Aetna Cas. & Sur., 654 F.Supp. 1334, 1364-65 (D.D.C. 1978).  Further, a "general objection of work product is insufficient under . . . [the] definition [of Federal Rule 34(b), which requires responder to state "reasons for objection"] where it does not designate which documents allegedly enjoyed that privilege."  Kansas Nebraska Natural Gas v. Marathon OIG, 109 F.R.D. 12, 24 (D. Neb. 1985), citing 8 Wright and Miller, Federal Practice and Procedure, Civil §2213, at 641, n. 18.  Since you have not provided a privilege log indicating what, if any, documents are claimed under the attorney-client or work product privileges, you must provide the requested documents.

Moreover, defendant does not begin to satisfy its burden showing that the request is unduly burdensome or overly broad.  However, if indeed it is burdensome, it is good to know

Letter to Pamela J. Preis, Esq.
Re:    Kevin Patrick Baker v. ALSTOM Transportation. Inc.
September 27, 2005
Page 6

that there are so many documents that support plaintiff's claim that it would be "unduly burdensome" to produce them!

18.    The objections lack merit. The work product and attorney-client privileges do not protect from disclosure affidavits or statements of witnesses, particularly after they have been shown to the witness and signed. Moreover, defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad. Nor does it produce a privilege log to identify what privileged documents it is withholding.

19.    The request inadvertently left out the word, "witnesses." The request should have requested, "Any documents to which any of defendant's witnesses may refer in preparation for depositions or trial." In any event, though, the objections lack merit. The work product and attorney-client privileges do not protect from disclosure documents to which any of defendant's witnesses may refer in preparation for depositions or trial. "[A] party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control. . . ." Weaver v. Gross, 107 F.R.D. 715, 717 (D.D.C. 1985). See also Morgan v. Federal Home Loan Mortg. Corp., 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); Tavoulareas v. Piro, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing). Moreover, defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad. Nor does it produce a privilege log to identify what privileged documents it is withholding.

20.    The objections lack merit. The work product and attorney-client privileges do not protect from disclosure "[a]ny other documents upon which you are relying or planning to rely in supporting your defense." The connotation is that such documents will be produced into evidence, so they would not include any privileged documents, unless defendant is waiving some privilege in seeking to have them admitted. Defendant does not begin to satisfy its burden of showing that the request is unduly burdensome or overly broad. Nor does it produce a privilege log to identify what privileged documents it is withholding.

As a result of defendant's failure or refusal to produce the above-referenced documents, we are concerned that you will either attempt to surprise plaintiff during his deposition tomorrow with documents that you should have already produced or will later produce documents which could possibly change his deposition answers. In any event, your discovery responses are incredibly incomplete.

Re:   Kevin Patrick Baker v. ALSTOM Transportation, Inc.
September 27, 2005
Page 7

Interrogatories

Finally, 41 days after we served plaintiff's interrogatories you have neither responded to them or sought an extension of time for responding.

If by September 28 you do not produce complete interrogatory answers and document responses, we will file a motion to compel the next day.

We look forward to your prompt cooperation and will appreciate it.

Sincerely,

Alan Banov

AB/NS/se
cc:  Mr. Kevin Baker

O B E R | K A L E R
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Neil E. Duke**
neduke@ober.com
410-347-7398

**Offices in**
Maryland
Washington, D.C.
Virginia

September 29, 2005

**<u>VIA FACSIMILE AND U.S. MAIL</u>**
Alan Banov, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

Re:    Kevin Patrick Baker v. ALSTOM Transportation Inc.
       *Civil Action No.05-CV-1352(RSL)*

Dear Counsel:

This correspondence acknowledges receipt of your letter[1], dated September 27th, which was received late that evening.  The tone of your letter is unnecessary and the substance lacks merit.  First, you complain that the Notices that were served to secure plaintiff's deposition were made in an arbitrary fashion without any regard to you or your client's availability.  Your contention is most inappropriate.  Rule 30.1 of the Local Rules of Practice, instructs that deposition notices should be served five (5) days in advance of the proposed deposition. According to the rules, this constitutes "reasonable notice."  On August 22nd, you were served with a *Deposition Notice*, designating the date of September 14th to depose Mr. Baker.  Our *Notice* most certainly comported with the Local Rules by affording both you and Mr. Baker more than reasonable notice.  Notwithstanding, on August 25th, you directed an inappropriately terse missive which accused us of being less than courteous for having not consulted with you before sending the Deposition Notice.  You offered additional dates wherein you were available for Mr. Baker's deposition, to include the date of September 28th.  On August 26th I promptly sent you a letter wherein I accepted your proposed date of September 28th.  On that same date, you received an *Amended Deposition Notice*, designating September 28th for Mr. Baker's deposition.  By email, dated August 26th, you requested that I reschedule the start of Mr. Baker's September 28th deposition from 1:30 p.m. to 9:30 a.m., for your own convenience.  As a matter of courtesy, I accommodated your request.  Given the sum of these facts, your claim of discourtesy as it relates to the scheduling of Mr. Baker's deposition is highly disingenuous.

The next issue that you raise in your letter is the finalization of the draft Protective Order accomplished by your associate, Norberto Salinas, and your suggestion that you have been unable to submit it to the Court because you have not heard back from me.  Your contention is wholly misguided.  You correctly note that Mr. Salinas and I spoke on several occasions regarding the draft Protective Order.  My discussions with Mr. Salinas were amicable and led to

---

[1] I am also in receipt of your letter, dated September 28th, which adds little if any value to your September 27th letter. Your September 28th letter similarly threatens the imminent filing of a Motion to Compel. Additionally, you state your intention to file a motion for partial summary judgment. Your forecasting of such a filing is nothing more than an attempt to posture, to which a response is unnecessary.
773727

EXHIBIT
5

Alan Banov, Esquire
September 29, 2005
Page 2

what I considered to be a final product. If you had any question regarding my final approval of the document, nothing precluded you from extending the courtesy of a phone call to directly discuss this issue with me. As I explained to you yesterday at the close of Mr. Baker's deposition, I previously provided my final edits to your draft Protective Order and you are at liberty to file it with the Court if you see fit to do so.

Notably, it would appear that you are not in fact prepared to file your draft Protective Order. This evening Mr. Salinas telephoned me, advised that you had made changes to the draft Protective Order and sought my approval of your revisions. I am in receipt of your amended draft Protective Order and will respond to your request tomorrow after I have an opportunity to discuss your revisions with my client.

Finally, your letter takes exception to ALSTOM's discovery responses and suggests your intent to file a "Motion to Compel" by September 28th (the date that we would be occupied by Mr. Baker's deposition), if your discovery demands were not met. Your claims of discovery inadequacy lack merit. Nonetheless, in light of the formal nature of the arguments posed in your letter, we will respond in kind by October 4th with a formal response to each of the discovery-related issues outlined in your September 27th letter, consistent with Rule 26.2 of the Local Rules of Practice. You may also anticipate the filing of Defendant's Answers to Plaintiff's Interrogatories contemporaneous to that response.

In closing, your persistent invectives are highly inappropriate and counterproductive. I will remain available and accessible to discuss any issue that arises during the course of this litigation.

Very truly yours,

Neil E. Duke

NED/cks
cc:    Pamela J. White, Esquire

772477.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER,       )
                         )
      Plaintiff,        )
                         )
      vs.             )   Civil File No.: 05-01352
                         )
ALSTOM TRANSPORTATION INC.,   )
                         )
      Defendant.       )
                         )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, ALSTOM Transportation Inc., ("ALSTOM"), in accordance with Rule 33 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), answers *Plaintiff's Interrogatories* and states the following:

(a)    The information supplied in these *Answers* are not based solely on the knowledge of the executing party, but includes the knowledge of the party, its agents, representatives and attorneys, unless privileged.

(b)    The word usage and sentence structure is that of the attorney and does not purport to be the language of the executing party.

## OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1.    Each of ALSTOM's Answers, when submitted, are made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion to any response therein if it were introduced in Court. All objections and grounds are expressly reserved and may be interposed at the time of trial.


EXHIBIT
6

2.      Each of ALSTOM's Answers, when submitted, are based upon information, documents and writings presently available to and located by ALSTOM and its attorneys.  Discovery is continuing and will continue as long as permitted by rule, statute or stipulation by the parties herein.   Further, investigation by ALSTOM's attorneys and agents will continue.  ALSTOM's reserves the right, prior to at the time of trial, to introduce any evidence from any source that may hereafter be discovered, and testimony of witnesses whose identities and/or knowledge of events, circumstances and facts may hereafter be discovered.

3.      If any information has been omitted from the Answers, when submitted, ALSTOM reserves the right to supplement the Answers and these Objections and to set forth any response or information omitted from the Answer.  No incidental or implied admissions are intended by the Answers.  The fact that ALSTOM responds to any Interrogatory is not intended, nor should be construed, as a waiver by ALSTOM of any Objection to any Answer.

4.      To the extent that the information in any Answer herein is derived from or contained in documents or writings prepared by anyone other than ALSTOM, its agents or representatives, ALSTOM does not admit that the statement or information contained therein is correct.

5.      ALSTOM objects to the Interrogatories to the extent that they seek to elicit information protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable privilege.

6.    ALSTOM objects to each and every Interrogatory that seeks information containing confidential and proprietary business information absent an appropriate protective order.

7.    ALSTOM objects to each and every Interrogatory that seeks information which originated with Plaintiff, or information equally available to Defendant on the grounds that each such Interrogatory subjects ALSTOM to oppression, harassment and undue burden and expense, failing to reach the threshold of Defendant's legitimate discovery needs.

9.    Each and every one of the aforementioned Objections are incorporated by reference as though fully set forth in each Answer which has been objected to.  Thus, although the foregoing Objections are not restated in each Answer, each of the foregoing Objections is intended to apply to each Answer as though fully set forth.

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1**:    Identify all persons who have knowledge of the allegations and underlying facts set forth in the underlying Complaint and in your Answer and set forth, as to each person, the detailed facts to which that person has knowledge.

**ANSWER TO INTERROGATORY NO. 1**:    Objection.  ALSTOM objects to any suggestion that the version of events and facts alleged in Plaintiff's Complaint are accurate.  Without waiver of this objection, and subject strictly thereto, ALSTOM states the following: Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination.  Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff

performed. Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM. ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.

**INTERROGATORY NO. 2:**       Describe in detail plaintiff's job duties for ALSTOM while he was a temporary employee.

**ANSWER TO INTERROGATORY NO. 2:**       Objection. Plaintiff was employed by TechAid while serving as a temporary employee with ALSTOM. As such, ALSTOM objects to this Interrogatory to the extent that it seeks information that emanates from TechAid. ALSTOM further objects on the basis that Plaintiff served as a temporary hire with ALSTOM at different locations and this Interrogatory fails to specify which job site is being referred to with respect to information regarding Plaintiff's job duties. Accordingly, further clarification is necessary for ALSTOM to provide an appropriate response. Without waiver of this objection, and subject strictly thereto, ALSTOM states that Plaintiff's general duties consisted of testing, monitoring, repairing and inspection of railcars.

**INTERROGATORY NO. 3:**       Describe in detail all advertisements for the position of Electrical Engineer in defendant's Metropolitan Washington operations (the subject position) and for any similar positions which defendant has placed in the Metropolitan Washington area since January 1, 2000.

**ANSWER TO INTERROGATORY NO. 3:**       ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0022.

**INTERROGATORY NO. 4**:    Describe in detail all requirements, educational or otherwise, for the position of electrical engineer in the Metropolitan Washington area.

**ANSWER TO INTERROGATORY NO. 4**:    ALSTOM    elects    to    produce

documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and

directs Plaintiff's attention to documents previously provided and/or available for

inspection, to include, but not limited to, ALS 0022.

**INTERROGATORY NO. 5**:    (If different from your response to Interrogatory No. 4) Describe in detail all requirements, educational or otherwise, for the position for which defendant hired plaintiff.

**ANSWER TO INTERROGATORY NO. 5**:    Please    refer    to    Answer    to

Interrogatory No. 4.

**INTERROGATORY NO. 6**:    Describe in detail the communication between Matt Rivera and plaintiff about his working for defendant, including without limitation their meeting in about September 2000.

**ANSWER TO INTERROGATORY NO. 6**:    Objection.  ALSTOM objects on the

grounds that this Interrogatory is vague, overly broad and ambiguous.  Without waiver of

these objections, and subject strictly thereto, ALSTOM states that in or around September

2000, Matt Rivera communicated to Plaintiff that the Electrical Engineer position was

exempt from overtime.    Notwithstanding Mr. Rivera's description of this particular

feature of the job, Plaintiff elected to accept the position of Electrical Engineer.  Plaintiff

declined to accept a position lower in status than that of Electrical Engineer wherein he

may have been afforded overtime compensation.

**INTERROGATORY NO. 7**:    Describe in detail all the circumstances of defendant's hiring plaintiff as an electrical engineer, including without limitation, all communications defendant had with plaintiff about the position(s) for which it considered him and the position(s) which it offered to him.

**ANSWER TO INTERROGATORY NO. 7**:    Please    refer    to    Answer    to Interrogatory No. 6.

**INTERROGATORY NO. 8**:    Describe in detail all of the electrical engineer's duties during the period between January 1, 2001, and December 31, 2004.

**ANSWER TO INTERROGATORY NO. 8**:    Objection.  ALSTOM objects on the grounds that this *Interrogatory* is vague, overly broad, oppressive not reasonably calculated to lead to the discovery of relevant or admissible evidence.  ALSTOM further objects on the basis that Plaintiff fails to specify the identity of the particular electrical engineer in question and the potential of variances in the day-to-day duties and responsibilities for different employees may exist.  As such, Defendant is incapable of framing an appropriate response.

**INTERROGATORY NO. 9**:    Describe in detail all of plaintiff's duties when he worked for defendant as an electrical engineer.

**ANSWER TO INTERROGATORY NO. 9**:    ALSTOM    elects    to    produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and refers Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0022, ALS 0026, ALS 0041 - 0045, ALS 0356 – 0370.

**INTERROGATORY NO. 10**:    Describe in detail all supervision of plaintiff when he worked for defendant as an electrical engineer.

**ANSWER TO INTERROGATORY NO. 10**:    Objection.  Plaintiff may primarily self directed.  See ALS 0041 – 0045.  Without waiver of this objection, and subject strictly thereto, ALSTOM states the following: ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to

include, but not limited to, ALS 0041 – 0045, ALS 0356 - 0370.  ALSTOM further states

that its present and/or past managers, to include, but not limited to, Phil Schulp, Curtis

Moses, Joe Cruz, Jack Schroeder, Matt Rivera and Pascal Gerod served as resources for

Plaintiff and assisted Plaintiff is setting day-to-day task-related priorities.

**INTERROGATORY NO. 11**:    Describe in detail all pay and other benefits which
defendant paid plaintiff as an electrical engineer.

**ANSWER TO INTERROGATORY NO. 11**:    ALSTOM    elects    to    produce

documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and

directs Plaintiff's attention to documents previously provided and/or available for

inspection, to include, but not limited to, ALS 0219 - 0221.

**INTERROGATORY NO. 12**:    Describe in detail all the duties performed by
Saluka Kulasinghe when he worked for defendant.

**ANSWER TO INTERROGATORY NO. 12**:    ALSTOM    elects    to    produce

documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and

directs Plaintiff's attention to documents previously provided and/or available for

inspection, to include, but not limited to, ALS 0396 - 0443.

**INTERROGATORY NO. 13**:    Describe in detail all the duties performed by Kofi
Auane-Osawe when he worked for defendant.

**ANSWER TO INTERROGATORY NO. 13**:    ALSTOM    elects    to    produce

documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and

directs Plaintiff's attention to documents previously provided and/or available for

inspection, to include, but not limited to, ALS 0444 – 0491.

**INTERROGATORY NO. 14**:    Describe in detail all communications which
defendant had with plaintiff about his status as exempt or non-exempt before it
discharged him.

**ANSWER TO INTERROGATORY NO. 14:**    ALSTOM    elects    to    produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0026, wherein Plaintiff was specifically advised that his full time position as an Electrical Engineer "would be exempt from overtime."

**INTERROGATORY NO. 15:**    Describe in detail any record which anyone made of plaintiff's hours while he worked for defendant.

**ANSWER TO INTERROGATORY NO. 15:**    ALSTOM    elects    to    produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0222 - 0355.

**INTERROGATORY NO. 16:**    Identify (with reference to Instruction 7 and Definition No. 6) all persons who have worked as electrical engineers for defendant in the Metropolitan Washington area since January 1, 1999.

**ANSWER TO INTERROGATORY NO. 16:**    ALSTOM    elects    to    produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0375 - 0395.

**INTERROGATORY NO. 17:**    Describe in detail all communications which defendant ever had with plaintiff about overtime pay before he filed this suit.

**ANSWER TO INTERROGATORY NO. 17:**    Objection. ALSTOM objects on the grounds that information responsive to this Interrogatory may be protected from disclosure pursuant to FRE 408. Without waiver of this objection, and subject strictly

thereto, please refer to Answer to Interrogatory No. 6. ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information.

**INTERROGATORY NO. 18**:    Describe in detail all facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 18**:    ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt. ALSTOM also refers Plaintiff to its job posting for the Electrical Engineer position (ALS 0022), which describes the necessary experience, skills, education and training required for the position. ALSTOM also relies upon Plaintiff's representations that he possessed the requisite skills, training and education to serve as an overtime-exempt Electrical Engineer.

**INTERROGATORY NO. 19**:    Describe in detail any legal opinions on which defendant may have relied in classifying plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 19**:    Objection. ALSTOM objects on the grounds that this *Interrogatory* is seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

**INTERROGATORY NO. 20**:    Describe in detail why defendant terminated plaintiff's employment.

**ANSWER TO INTERROGATORY NO. 20**:    Objection. Plaintiff does not contest the basis of his termination as a part of his instant Complaint. Accordingly, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection and subject strictly thereto, ALSTOM elects to produce

documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and

directs Plaintiff's attention to documents previously provided and/or available for

inspection, to include, but not limited to, ALS 0002 - 0021.

**INTERROGATORY NO. 21**:    Describe in detail any overtime pay which
defendant has paid any of its electrical engineers anywhere in the United States, including
without limitation their identify, their work sites, their position titles and the dates of such
pay.

**ANSWER TO INTERROGATORY NO. 21**:    Objection. The position of Electrical

Engineer is an overtime exempt position. ALSTOM directs Plaintiff's attention to ALS

0022 for a description of the position. Without waiver of this objection, and subject

strictly thereto, ALSTOM will supplement its answer if any relevant, non-privileged,

discoverable information exists.

**INTERROGATORY NO. 22**:    Describe in detail any complaints or suits for
overtime pay ever brought by or on behalf of any employees against defendant (whether
in court or in any administrative agencies), and all decisions or opinions with respect to
those complaints for suits.

**ANSWER TO INTERROGATORY NO. 22**:    Objection. ALSTOM objects to this

Interrogatory on the grounds that the production of documents related to other employees

is overly broad, unduly burdensome and oppressive. Defendant further objects on the

basis that this Interrogatory has absolutely no relevance to the subject matter of this

litigation. As such, this Interrogatory is not reasonable calculated to lead to the discovery

of admissible evidence and Defendant declines to respond.

**INTERROGATORY NO. 23**:    Describe in detail any facts which could possibly
support plaintiff's claims herein.

**ANSWER TO INTERROGATORY NO. 23**:    Objection. ALSTOM objects to this

Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome and oppressive.    ALSTOM further objects on the grounds that this

Interrogatory calls for information protected from disclosure by attorney-client privilege and/or work product doctrine. Defendant also objects to the extent that this Interrogatory is redundant and/or duplicitous to the previously-referenced Requests.

**INTERROGATORY NO. 24**:    Describe in detail why defendant may deny any of the following requests for admissions.

**ANSWER TO INTERROGATORY NO. 24**:    Objection.    ALSTOM's specific objections and denials of *Plaintiff's Requests for Admission* are addressed separately in its *Responses to Plaintiff's Requests for Admission*.

## VERIFICATION

I solemnly swear or affirm under the penalty of perjury that I have read the foregoing Interrogatory answers and know the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth above, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers; that I reserve the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations the Interrogatory answers are true to the best of my knowledge, information, and belief.

_____
Gregory C. Muscato

_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN PATRICK BAKER )
)
      Plaintiff, )
)
    vs. )   Civil File No.:
)
ALSTOM TRANSPORTATION INC. )
)
      Defendant. )
)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 4th day of October 2005, that a copy of the

foregoing *Defendant's Answers to Plaintiff's Interrogatories* were served electronically

and by regular mail upon Plaintiff's counsel identified below:

    Alan Banov, Esquire
    Norberto Salinas, Esquire
    Alan Banov & Associates
    1819 L Street, N.W., Suite 700
    Washington, D.C. 20036

                        Pamela J. White (D.C. Bar No. 962787)
                        Neil E. Duke (D.C. Bar No. 471942)
                        Ober, Kaler, Grimes & Shriver
                        A Professional Corporation
                        120 East Baltimore Street
                        Baltimore, MD  21202-1643
                        (410) 685-1120
                        (410) 547-0699 – Fax

                        Attorneys for Defendant, ALSTOM
                        Transportation Inc.

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

**Neil E. Duke**
neduke@ober.com
410-347-7398

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Offices in**
Maryland
Washington, D.C.
Virginia

October 4, 2005

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Alan Banov, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

Re:    Kevin Patrick Baker v. ALSTOM Transportation Inc.
       *Civil Action No.05-CV-1352(RSL)*

Dear Counsel:

This correspondence is forwarded to you in response to your letter, dated September 27th, wherein you allege that Defendant's previously-filed discovery responses were "deficient." Your contention has no merit, as *Defendant's Responses to Requests for Admission* and *Responses to Requests for Production of Documents* complied with the Federal and Local Rules of Practice. Defendant's adherence to these rules is fully set forth in this correspondence.

**A.    <u>Defendant's Responses to Plaintiff's Requests for Admission</u>**

As a preliminary matter, the legal authorities that you cite do not support your contention that Defendant's purported failure to "unconditionally deny" *Plaintiff's Requests for Admission* results in each request being "deemed admitted." In *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996), the principal discovery dispute related to Rule 30(b)(6) and a party's duty to properly prepare a corporate designee for a deposition. The matter of lesser importance to the court related to a Rule 36 issue of whether the defendant had made a reasonable inquiry into the authenticity of certain documents. In *Taylor*, the defendant denied the authenticity of certain documents because the documents originated from other sources. The court observed that some of the documents appeared to either originate or were sent to the defendant. Accordingly, at a minimum, the defendant was obligated to check its own files. There is no evidence that the court in *Taylor* reached the conclusion that any fact was deemed admitted, pursuant to Rule 36, due to the absence of an "unconditional denial." As such, your citation of *Taylor* is misplaced.

Your letter also cites *Burt v. First American Bank*, 490 A.2d 182 (D.C.App. 1985), in support of your proposition that a defendant's failure to unconditionally deny a request for admission deems the request admitted. However, your dependence on *Burt* is equally misplaced because the facts involved in that case bear no relation to this instant matter. In *Burt*, a bank filed suit to recover on a promissory note and credit agreement from one of its borrowers. During the litigation, the bank served the borrower with its requests for admission, however, the borrower failed to file any response whatsoever. Given the borrower's failure to respond to the

EXHIBIT
1

Alan Banov, Esquire
October 4, 2005
Page 2

Bank's requests for admission, the court ruled that the matters contained in the request were deemed admitted. Simply stated, the court reached its decision not as a result of any alleged inadequacy related to the borrower's response, but because of the borrower's complete failure to file **any** response. That is not the issue in this present matter. Defendant filed a timely response to *Plaintiff's Requests for Admission*. Accordingly, the court's ruling in *Burt* is inapplicable.

The final case that you inappropriately rely upon is *U.S. v. American Tel. & Tel. Co.*, 83 F.R.D. 323 (D.D.C. 1979). As with your other legal authorities, *American Tel. & Tel. Co.*, does not support your contention that an unconditional denial of a Request for Admission causes that request to be deemed admitted. In fact, in *American Tel. & Tel. Co.*, the parties had not even reached the discovery stage. Rather, the parties were engaged in debate regarding the most effective and expeditious means of proceeding in complex antitrust litigation. One of the mechanisms suggested by the plaintiff, United States government, was the use of requests for admissions to facilitate the processing of certain stipulations. The court ultimately concurred with the plaintiff's suggestion and the parties were instructed to submit such requests to each other. In *American Tel. & Tel. Co.*, the court was not faced with either the issue of an inadequate response to a request for admission, nor a party's failure to provide any response whatsoever to a request for admission.[1] As such, your reliance on *American Tel. & Tel. Co.* similarly lacks basis or justification.

In addition to your above-referenced failed citations, your insistence that Defendant has failed to provide a response that complies with Rule 36 is in error. Rule 36 specifically instructs that a party in responding, may specifically deny a matter alleged or set forth the reasons why it cannot admit or deny the matter. *Id.* Moreover, when good faith requires, a party may qualify an answer or deny only a part of a matter of which an admission is sought. *Id.*

What is clear from your September 27th letter is that you did not take the time to review Defendant's responses to each request for admission. Had you done so, you would have realized that Defendant's responses fully comported with Rule 36 and that each response meets the substance of the requested admission.

## REQUESTS FOR ADMISSION, RESPONSES, AND RESPONSES TO OBJECTIONS

**REQUEST FOR ADMISSION NO. 2:**    Do you admit that plaintiff has no bachelor's or advanced degrees?

**RESPONSE:**    Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding the allegations set forth this Request. Without

---

[1] In *American Tel. & Tel. Co.*, the court cited the basic propositions that your September 27th letter attempts to articulate in dicta. However, as stated above, the court was never faced with having to consider the merits of any argument related to the adequacy of a party's response to requests for admission.
773829.1

Alan Banov, Esquire
October 4, 2005
Page 3

admitting or denying the allegation, Defendant relies upon plaintiff's application for employment, which represents that he held such a degree.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the request.  Plaintiff has represented at various points during the course of his employment (even under oath), that he possessed a bachelor's degree. Defendant relied upon those representations in offering Plaintiff a position with the company. Plaintiff now suggests that his prior representations regarding his educational background were false.  As such, Defendant is without sufficient information, knowledge or belief regarding the veracity of Plaintiff's prior attestations.  Moreover, Plaintiff has failed to submit a copy of his college transcripts as a part of his Initial Disclosures.

**REQUEST FOR ADMISSION NO. 4:**     Do you admit that in his interview of plaintiff, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked?

**RESPONSE:**     Defendant admits that plaintiff was interviewed for a position with the company.  Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation.  Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Rivera.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the request.  Notwithstanding the adequacy of Defendant's prior response, Defendant has made additional further inquiry into the allegation set forth in this Request and restates its denial.

773829.1

Alan Banov, Esquire
October 4, 2005
Page 4

**REQUEST FOR ADMISSION NO. 9**:    Do you admit that plaintiff's position did not require a prolonged course of specialized intellectual instruction?

**RESPONSE**:    Defendant neither admits nor denies any legal conclusion relating to the term "prolonged course of specialized intellectual instruction," which is vague, unduly broad and ambiguous as a request for admission.  Defendant, instead, admits that the Job Posting advertising the position of Electrical Engineer, that plaintiff applied for, stated the following requirement:   "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and plaintiff's application for employment represents that he held an advanced degree.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Moreover, Plaintiff has failed to respond to Defendant's concern regarding the ambiguity of this Request or its reference to a legal term of art.

**REQUEST FOR ADMISSION NO. 12**:    Do you admit that defendant supervised plaintiff's work for it?

**RESPONSE**:    This Request is vague, ambiguous and difficult to decipher and Defendant can neither admit nor deny this Request.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Plaintiff's Request is not artfully phrased and Plaintiff has failed to respond to Defendant's concern regarding its ambiguity.

**REQUEST FOR ADMISSION NO. 13**:    Do you admit that during the period covered by his claims herein, plaintiff did not supervise any employees?

**RESPONSE**:    Defendant denies the allegation set forth in this Request and specifically states that plaintiff was directly and/or indirectly responsible for the work of others through quality assurance and the rendering of necessary and timely assistance.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegation set forth

773829.1

Alan Banov, Esquire
October 4, 2005
Page 5

in the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial

was inadequate.

**REQUEST FOR ADMISSION NO. 14**:    Do you admit that the period covered by his claims
herein, plaintiff did not work unsupervised?

**RESPONSE**:    Defendant denies the allegation set forth in this Request and responds that
plaintiff was primarily self-directed.  Defendant further states that plaintiff had reporting
requirements and his performance was evaluated.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegation set forth

in the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial

was inadequate.

**REQUEST FOR ADMISSION NO. 15**:    Do you admit that from January 2001 to August
2001, plaintiff often worked over nine hours a day, without a lunch break?

**RESPONSE**:    Defendant admits that plaintiff submitted and Defendant maintained daily time
records, and denies the opinion embedded in this Request as to the frequency of a 9-hour work
day.    Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information,
knowledge or belief regarding whether plaintiff consumed lunch on break on any given day.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant admitted the existence of daily

time records and properly stated its lack of information, knowledge or belief regarding Plaintiff's

self-serving observation that he did not lunch on any given day.  Plaintiff fails to state his basis

for concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 17**:    Do you admit that defendant paid plaintiff overtime
pay because it understood that he was not exempt from overtime pay?

Alan Banov, Esquire
October 4, 2005
Page 6

**RESPONSE**:    Defendant denies that plaintiff was paid statutorily-required overtime compensation.  Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegation set forth in the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 18**:    Do you admit that between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?

**RESPONSE**:    Defendant admits that plaintiff worked in excess of a 40 hour work week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied plaintiff's suggestion that he was entitled to overtime compensation and on that basis denied that the hours that plaintiff worked beyond a 40 hour week were "overtime."  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 21**:    Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?

**RESPONSE**:    Defendant admits that plaintiff made notations on his company timesheet regarding his hours worked.  Defendant denies that plaintiff was instructed not to capture his work hours.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied plaintiff's suggestion that he was entitled to overtime compensation and on that basis denied that he received any

Alan Banov, Esquire
October 4, 2005
Page 7

instructions regarding "overtime hours."  Plaintiff fails to state his basis for concluding that

Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 23:**    Do you admit that in November 2002 after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked?

**RESPONSE:**    Defendant admits that it consistently sought to fairly compensate all of its employees, to include plaintiff, through payment of additional compensation calculated in the form of overtime.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION:**    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 24:**    Do you admit that after August 2001 defendant did not pay plaintiff overtime pay?

**RESPONSE:**    Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Defendant denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION:**    Defendant's response complied with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 25:**    Do you admit that after defendant named plaintiff Project Lead for the Maryland High Horse Power Locomotive Contract (otherwise known as the MARC trains), plaintiff still supervised no one?

**RESPONSE:**    Defendant denies the allegation set forth in this Request and specifically states that plaintiff was directly and/or indirectly responsible for the work of others through quality assurance and the rendering of necessary and timely assistance.

Alan Banov, Esquire
October 4, 2005
Page 8

**RESPONSE TO OBJECTION**:     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request. Defendant denied the allegations set forth in this

Request. Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

**REQUEST FOR ADMISSION NO. 27**:     Do you admit that in March 2003 Mr. Amar
indicated to plaintiff that he would not have to work as many overtime hours?

**RESPONSE**:     Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient
information, knowledge or belief regarding any statement made to plaintiff in the form of a
promise of decreased hours. Defendant states that it has made reasonable inquiry. However,
despite Defendant's efforts, the information known or readily obtainable to it is insufficient to
enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar. If
necessary, Defendant will supplement its Response in accordance with the Court's Scheduling
Order. Furthermore, Defendant denies that plaintiff, as a statutorily-exempt employee, was
entitled to overtime compensation.

**RESPONSE TO OBJECTION**:     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.

**REQUEST FOR ADMISSION NO. 28**:     Do you admit that on or about August 23, 2003,
defendant asked or ordered plaintiff to work overtime to repair a locomotive?

**RESPONSE**:     This Request is vague, ambiguous and fails to specifically identify the
purported person who "asked" or "ordered" plaintiff toward any purpose. As such, Defendant
neither admits nor denies this Request. To the extent that any Response is feasible, Defendant
denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation
and denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION**:     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request. Defendant denied the allegations set forth in this

Request. Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

Alan Banov, Esquire
October 4, 2005
Page 9

**REQUEST FOR ADMISSION NO. 29**:   Do you admit that about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?

**RESPONSE**:   This Request is vague, ambiguous and fails to specifically identify the purported person who made any purported promise to plaintiff.  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION**:   Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this

Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

**REQUEST FOR ADMISSION NO. 30**:   Do you admit that plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work?

**RESPONSE**:   This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Furthermore, Defendant denies any allegation that it failed to pay plaintiff what it was obligated to pay him by law.

**RESPONSE TO OBJECTION**:   Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this

Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

**REQUEST FOR ADMISSION NO. 31**:   Do you admit that on or about August 28, 2003, defendant asked or ordered plaintiff to work overtime to complete a repair job and promised that defendant would compensate plaintiff for working overtime?

**RESPONSE**:   This Request fails to specifically identify the person who allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To

Alan Banov, Esquire
October 4, 2005
Page 10

the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION:**    Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this

Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

**REQUEST FOR ADMISSION NO. 32:**    Do you admit that in November Mr. Amar informed plaintiff that defendant's Human Resources department was in the process of reviewing all of the Field Services job descriptions and pay structures and that defendant would pay overtime pay to all field engineering personnel as non-exempt employees?

**RESPONSE:**    This Request fails to specify the calendar year at issue.  However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to November 2004.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation.  Defendant states that it has made reasonable inquiry.  However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

**REQUEST FOR ADMISSION NO. 33:**    Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?

**RESPONSE:**    Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION:**    Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this

Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

Alan Banov, Esquire
October 4, 2005
Page 11

**REQUEST FOR ADMISSION NO. 34:**     Do you admit that in March Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003?

**RESPONSE:**     This Request fails to specify the calendar year at issue.  However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to March 2004. Defendant admits that plaintiff, and others, submitted time records.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION:**     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that

Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 36:**     Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?

**RESPONSE:**     Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

**RESPONSE TO OBJECTION:**     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that

Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 37:**     Do you admit that in 2004 defendant paid Kofi Auane-Osawe overtime pay for his overtime work?

**RESPONSE:**     Defendant admits that the named individual was properly classified as a non-exempt employee and paid accordingly.

**RESPONSE TO OBJECTION:**     Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that

Defendant's response was inadequate.

773829.1

Alan Banov, Esquire
October 4, 2005
Page 12

**REQUEST FOR ADMISSION NO. 40**:    Do you admit that defendant suffered or permitted plaintiff to perform all the work he did for defendant?

**RESPONSE**:    Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.  To the extent that any response is feasible, Defendant admits that plaintiff performed all of the work on his part to be performed.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that

Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 41**:    Do you admit that all of the work which plaintiff performed for defendant benefited it?

**RESPONSE**:    Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.

**RESPONSE TO OBJECTION**:    Defendant's objection is well founded and Plaintiff fails to

clarify or to structure this Request in a fashion that does not call for Defendant to draw a legal

conclusion.

**REQUEST FOR ADMISSION NO. 43**:    Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?

**RESPONSE**:    Defendant admits that plaintiff's position as an Electrical Engineer necessitated, at times, that he work in excess of 40 hours per week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P., Rule 36

and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that

Defendant's response was inadequate.

Alan Banov, Esquire
October 4, 2005
Page 13

**REQUEST FOR ADMISSION NO. 44:**    Do you admit that defendant did not pay plaintiff for his overtime work during the period of August 2001 to June 2004 with overtime pay at 1.5 times his regular hourly rate?

**RESPONSE:**    Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION:**    Defendant's response complied with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request. Defendant denied the allegations set forth in this Request. Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**B.**    **Defendant's Responses to Plaintiff's Requests for Production of Documents**

Fed.R.Civ.P., Rule 34(b) instructs that a party responding to a request for production of documents shall serve a written response within 30 days after service of the request. In this matter, Defendant served a timely written response. Rule 34(b) further instructs that the response shall also state that inspection will be permitted as requested, accordingly, Defendant has offered to make any responsive documents available for inspection. Moreover, Defendant served Plaintiff with all of the documents in its possession contemporaneous with the filing of its Response (ALS 0001 - 0071). Defendant has since secured additional documents, consistent with its on-going discovery obligations ALS 0072 – 0491). Defendant will make these documents available for inspection as well. Defendant declines to incur the costs associated with reproducing a set of the aforesaid documents for Plaintiff. If Plaintiff desires reproduction of the said responsive documents, payment for copying costs will have to be rendered. You may contact me at your earliest convenience to arrange for payment.

**REQUEST NO. 2:**  All of plaintiff's pay records.

**RESPONSE TO REQUEST NO. 2:**    Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION:**    Defendant's response fully complies with Fed.R.Civ.P., Rule 34. Copies of relevant, non-privileged, discoverable documents are available for inspection, to include, but not limited to ALS 0219 – 221.

Alan Banov, Esquire
October 4, 2005
Page 14

**REQUEST NO. 3**:  All of plaintiff's time and attendance records.

**RESPONSE TO REQUEST NO. 3**:        Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34.   Copies of relevant, non-privileged, discoverable documents are available for inspection, to include, but not limited to ALS 0222 - 0355.

**REQUEST NO. 4**:  All documents which reflect the time plaintiff worked on any projects.

**RESPONSE TO REQUEST NO. 4**:        Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34.   Copies of relevant, non-privileged, discoverable documents are available for inspection, to include, but not limited to ALS 0222 - 0355.

**REQUEST NO. 5**:  All employee handbooks or personnel manuals which defendant has had since January 1, 2000, and which applied to plaintiff.

**RESPONSE TO REQUEST NO. 5**:        Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34.  To the extent that such documents exist, Defendant will supplement its response upon the discovery of such documents.

**REQUEST NO. 6**:  All organization charts which contained or referred to plaintiff's position.

**RESPONSE TO REQUEST NO. 6**:        Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

Alan Banov, Esquire
October 4, 2005
Page 15

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34.  To the extent that such documents exist, Defendant will supplement its response upon

the discovery of such documents.

**REQUEST NO. 7**: Any evaluations, formal or informal, of plaintiff's work performance for
defendant.

**RESPONSE TO REQUEST NO. 7**:     Copies of relevant, non-privileged, discoverable
documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34.  Copies of relevant, non-privileged, discoverable documents are available for inspection

and/or were previously produced, to include, but not limited to ALS 0356 - 0370.

**REQUEST NO. 8**:  All advertisements for electrical engineer positions or any other positions
which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 8**:     Objection. The term "advertisement" is ambiguous,
vague and undefined.  Defendant further objects to this Request on the grounds that it calls for
information regarding "substantially similar" positions.  This aspect of the Request is overly
broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of
admissible evidence.  Without waiver of these objections, and subject strictly thereto, Defendant
states that to the extent that this Request calls for relevant job announcement information,
Plaintiff has already been served with a copy of the relevant Job Posting, through receipt of
Defendant's Initial Disclosures (e.g. ALS 0022).  Defendant will supplement its response to this
Request upon the discovery of relevant, non-privileged discoverable documents pursuant to
Fed.R.Civ.P., Rule 34.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34 and responsive document(s) has been produced.  Plaintiff's objection lacks basis.

**REQUEST NO. 9**: All job descriptions for plaintiff's position, all other electrical engineer
positions in the Metropolitan Washington area, or any other positions in the Metropolitan
Washington area which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 9**:     Objection. Plaintiff has already been served with a
copy of the relevant Job Posting/Job Descriptions through receipt of Defendant's Initial

Alan Banov, Esquire
October 4, 2005
Page 16

Disclosures (e.g. ALS 0022). Defendant further objects to this Request on the grounds that it calls for information regarding "substantially similar" positions. This aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of these objections, and subject strictly thereto, Defendant will supplement is response to this Request upon the discovery of relevant, non-privileged discoverable documents pursuant to Fed.R.Civ.P., Rule 34.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34 and responsive document(s) has been produced. Plaintiff's objection lacks basis.

**REQUEST NO. 10**: Pay records for all electrical engineers employed anywhere by defendant since January 1, 2000.

**RESPONSE TO REQUEST NO. 10**:    Objection. Defendant declines to respond to this Request because it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34.    Copies of relevant, non-privileged, discoverable documents are available for inspection, to include, but not limited to ALS 0375 - 0395.

**REQUEST NO. 11**: All personnel records of Saluka Kulasinghe.

**RESPONSE TO REQUEST NO. 11**:    Objection.    This Request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 34.    Copies of relevant, non-privileged, discoverable documents are available for inspection, to include, but not limited to ALS 0396 - 0443.

**REQUEST NO. 12**: All personnel records of Kofi Auane-Osawe.

**RESPONSE TO REQUEST NO. 12**:    Objection.    This Request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and

Alan Banov, Esquire
October 4, 2005
Page 17

subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION:**     Defendant's response fully complies with Fed.R.Civ.P., Rule 34. Copies of relevant, non-privileged, discoverable documents are available for inspection and/or were previously produced, to include, but not limited to ALS 0444 - 0491.

**REQUEST NO. 13:** Copies of computer files (including e-mails), magnetic tape recordings, videotapes, and/or photographs which relate or pertain to plaintiff's employment by defendant.

**RESPONSE TO REQUEST NO. 13:**     Objection. Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests. Without waiver of these objections, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION:**     Defendant's response fully complies with Fed.R.Civ.P., Rule 34. Plaintiff fails to respond to Defendant's concern that this request is redundant to Plaintiff's other requests which call for information related to his employment history. Copies of relevant, non-privileged, discoverable documents are available for inspection and/or were previously produced responsive to Plaintiff's other requests. See e.g. ALS 0001 – 0071.

**REQUEST NO. 14:** All documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints.

**RESPONSE TO REQUEST NO. 14:**     Objection. Defendant objects to this Request on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive. Defendant further objects on the basis that the requested documents have absolutely no relevance to the subject matter of this litigation. As such, this Request is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to produce such documents.

Alan Banov, Esquire
October 4, 2005
Page 18

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34 and Plaintiff fails to adequately respond to Defendant's concerns.

**REQUEST NO. 15**: Any documents which could possibly support plaintiff's claims.

**RESPONSE TO REQUEST NO. 15**:     Objection. Defendant objects to this Request on the
grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive.
Defendant further objects on the grounds that this Request calls for information protected from
disclosure by attorney-client privilege or work product doctrine. Defendant also objects to the
extent that this Request is redundant and/or duplicitous to the previously-referenced Requests.
Without waiver of these objections, and subject strictly thereto, Defendant states that copies of
relevant, non-privileged, discoverable documents will be made available for inspection pursuant
to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34 and Plaintiff fails to adequately respond to Defendant's concerns.  Copies of relevant,

non-privileged, discoverable documents are available for inspection and/or were previously

produced responsive to Plaintiff's other requests.

**REQUEST NO. 18**: All affidavits, reports, or statements taken from any witnesses or
prospective witnesses for defendant.

**RESPONSE TO REQUEST NO. 18**:     Objection. Defendant objects on the grounds that
this Request seeks information protected by attorney-client privilege or the work product
doctrine. Defendant further objects to the extent that Plaintiff has already been served with
copies of documents relevant to this Request, through receipt of Defendant's Initial Disclosures.
These documents included, but are not limited to, memoranda regarding the basis of Plaintiff's
termination (i.e. his assault of a co-worker). See e.g. ALS 0014 – 18. Without waiver of these
objections, and subject strictly thereto, Defendant states that it will supplement its response upon
the discovery of additional relevant, non-privileged, discoverable documents pursuant to Rule
34.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P.,

Rule 34.  Copies of relevant, non-privileged, discoverable documents are available for inspection

Alan Banov, Esquire
October 4, 2005
Page 19

and/or were previously produced, to include, but not limited to ALS 0014 - 0018. Plaintiff's

objection fails to address Defendant's prior production.

**REQUEST NO. 19**: Any documents to which any of defendant's may refer in preparation for
depositions or trial.

**RESPONSE TO REQUEST NO. 19**:    Objection. Defendant objects to this Request and
declines to respond on the grounds that it is vague, ambiguous, overly broad, unduly burdensome
and oppressive. Defendant further objects on the grounds that this Request calls for information
protected from disclosure by attorney-client privilege and/or work product doctrine or seeks the
mental impressions of counsel. Defendant also objects to the extent that this Request is
redundant and/or duplicitous to the previously-referenced Requests.

**RESPONSE TO OBJECTION**:    Plaintiff admits the error of this Request and suggests that

he inadvertently omitted a material term in the Request. Defendant reiterates its prior objections.

Defendant restates that its response fully complies with Fed.R.Civ.P., Rule 34. Defendant's

"witnesses" may rely upon any or all of the documents previously identified as available for

inspection and/or were previously produced.

**REQUEST NO. 20**: Any other documents upon which you are relying or planning to rely in
supporting your defense.

**RESPONSE TO REQUEST NO. 20**:    Objection. Defendant objects and declines to
respond on the grounds that this Request is vague, ambiguous and impossible to discern.
Defendant further objects on the grounds that this Request seeks information protected by
attorney-client privilege and/or work product doctrine or seeks the mental impression of counsel.
Defendant also objects on the grounds that this Request is overly broad, unduly burdensome,
oppressive and not reasonably calculated to lead to the discovery of admissible evidence.
Moreover, Defendant objects to this Request to the extent that Plaintiff has already been served
with copies of documents responsive to this Request, through receipt of Defendant's Initial
Disclosures.

**RESPONSE TO OBJECTION**:    Defendant reiterates its prior objections. Defendant restates

that its response fully complies with Fed.R.Civ.P., Rule 34. Defendant's counsel may rely upon

773829.1

Alan Banov, Esquire
October 4, 2005
Page 20

any or all of the documents previously identified as available for inspection and/or were previously produced.

If you have any questions regarding this matter, please contact me at your earliest convenience.

Very truly yours,

Neil E. Duke

NED/cks
cc:     Pamela J. White, Esquire

# ALAN BANOV AND ASSOCIATES

ALAN BANOV
Admitted in the District of Columbia and Maryland

NORBERTO SALINAS
Admitted in the District of Columbia and Michigan

MARIA BREMIS
Admitted in the District of Columbia and Maryland

October 14, 2005

By Facsimile Transmission and by Mail
Pamela J. White, Esq.
Neil E. Duke, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD 21202-1643

Re:   Kevin Patrick Baker v. ALSTOM Transportation, Inc.
      Case No. 05-CV-1352 (RSL) (D.D.C.)

Dear Ms. White and Mr. Duke:

This will follow up on our prior letters to you about deficiencies in defendant's discovery responses.

<u>Interrogatories</u>

On October 4, 15 days after they were due, you finally responded to Plaintiff's Interrogatories, without previously seeking an extension of time for responding. They are not only late; they are also deficient in many respects.

1.   Defendant did not comply with Definition No. 6 and provide contact information for the witnesses identified in its answer. It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories. See Jumawid v. Rose, 127 F.R.D. 641, 642 (D.D.C. 1989); Founding Church of Scientology v. Director, F.B.I., 27 Fed. R. Serv. 2d 601, 605 (D.D.C. 1979); Diversified Products Corp. v. Sports Center, 42 F.R.D. 3, 4 (D. Md. 1967). Nor does defendant provide ANY "detailed facts to which that person has knowledge." You stated:

ALSTOM objects to any suggestion that the version of events and facts alleged in Plaintiff's Complaint are accurate. Without waiver of this objection, and subject strictly thereto, ALSTOM states the following: Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination. Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed. Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM. ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged. Discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.



WWW.BANOVLAW.COM
1819 L STREET, N.W., SUITE 700        202.822.9699
WASHINGTON, D.C. 20036-3830           202.842.9331 FAX



EXHIBIT
8

However, defendant did not fulfill its obligations to provide a complete response to this interrogatory. It is particularly disturbing because ALSTOM has known since about April 1, 2005, that Mr. Baker had legal claims for overtime pay, we filed suit in July 2005, and we served plaintiff's discovery requests on August 15, 2005.

2.    You spent more time raising meritless objections than you did in providing a complete answer to the interrogatory. However, we will accept your answer, although we may probably have to move to strike any later, inconsistent information you may provide in this litigation, unless you supplement and provide more details it soon.

4.    Although this interrogatory requires a narrative description, you respond by referring to a document. Therefore, unless you supplement and provide more details soon, we may need to move to strike any later, inconsistent information you may provide in this litigation.

5.    The point made regarding defendant's response to interrogatory No. 4 applies here since you incorporate that response by reference.

6.    In light of Mr. Baker's deposition testimony, this response seems incomplete. Please review that testimony and consider supplementing your response. If you do not supplement it and you attempt later to introduce any additional information which is responsive to this interrogatory, we will move to strike it.

7.    This interrogatory went beyond Interrogatory No. 6, yet you incorporate by reference your flimsy response to No. 6. Please provide a more complete response or we will move to compel one.

8.    The objections lack merit. Instruction No. 7 informed defendant, "Unless otherwise indicated, all information requested pertains to defendant's operations in the Metropolitan Washington, D.C. area and to the period from January 1, 2000, to and including the date on which trial begins," so that was the broadest scope possible. Since ALSTOM apparently employed only a few electrical engineers in that area (at least you have not stated otherwise), it should not have been unduly burdensome to give a complete answer to that interrogatory. Further, in context, following the reference to "electrical engineer" in Interrogatory No. 7, you should have realized we were referring to plaintiff's job as electrical engineer. Please provide a complete response promptly or we will move to compel one.

10.    Your response is confusing. What do you mean, "Plaintiff may primarily self directed"? Further, you identify six of plaintiff's managers, but do not describe what role they had in supervising him. Please make this response complete, or we may move to compel a complete response.

14.    The interrogatory was not limited to written communications. Defendant's reliance on a document (ALS 0026) does not answer the interrogatory completely. Therefore, unless you supplement your response soon, we may need to move to strike any later, inconsistent information you may provide in this litigation.

17.     You state, "ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information." What steps is defendant taking to discover any further information which is responsive to this interrogatory?

18.     Defendant states: "ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P. Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt." In addition, ALSTOM refers to the job posting (ALS 0022) and various representations which defendant asserts were made by plaintiff. We note, however, that some of the defendant's late discovery responses contradict its position that the position was exempt. Accordingly, we will move to strike any additional or more detailed information which defendant may later seek to introduce on this topic.

19.     Legal opinions on this subject are not exempt from disclosure under the attorney-client privilege or work product doctrine, since it is a defense to a claim of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended." 29 U.S.C. §260. See Intex Rec. Corp. v. Metalast, 2005 U.S. Dist. LEXIS 10147, *6-7 (D.D.C., May 20, 2005) (asserting waiver of attorney-client privilege where client's reliance on advice of counsel raised is affirmative defense); Minebea Co. v. Papst, 355 F.Supp. 2d 518, 523-25 (D.D.C. 2005) (finding attorney-client privilege waived when raising affirmative defense that makes intent and knowledge of the law relevant); Recycling Solutions v. District of Columbia, 175 F.R.D. 407, 408-09 (D.D.C. 1997); United States v. Exxon Corp., 94 F.R.D. 246, 248-249 (D.D.C. 1981); Anderson v. Nixon, 444 F.Supp. 1195, 1200 (D.D.C. 1978). However, if defendant waives any right to this defense, we will not press for a complete response.

20.     You refer, inter alia, to ALS 0003 or ALS 0004. How are they related to plaintiff's termination?

21.     The response is woefully inadequate. Until it had provided the documents yesterday, ALSTOM had not provided any documents regarding any overtime pay it has paid any electrical engineers. Please provide a complete answer now, or at least indicate steps defendant has taken to respond completely to this interrogatory. "[A] party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control. . . ." Weaver v. Gross, 107 F.R.D. 715, 717 (D.D.C. 1985). See also Morgan v. Federal Home Loan Mortg. Corp., 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); Tavoulareas v. Piro, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or

Letter to Pamela L. White, Esq. and Neil F. Ruby, Esq.
Re:   Kevin Patrick Baker v. ALSTOM Transportation, Inc.
October 14, 2005
Page 4

control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing).

     22.    The objections are meritless.  Decisions and pleadings in overtime cases involving this same defendant may be instructive not only on the defendant's overtime pay practices; they may also include admissions or declarations against interest or even findings that ALSTOM's electrical engineers are not exempt!  If so, ALSTOM could be collaterally estopped from making its exemption defense here.  See Rudberg v. State of Nevada, 896 F. Supp. 1017 (D. Nev. 1995) (preclusive effect against employees); Donovan v. United States Postal Service, 530 F.Supp. 894, 897-900 (D.D.C. 1981).  That defendant is withholding such documents can readily lead to the adverse inference that it must have documents about prior cases which could help plaintiff here.

     23.    The objections lack merit.  We do not ask for any specific privileged documents, but request "[a]ny facts which could possibly support plaintiff's claims."  The request is justifiable.  Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports his claims.  See B. Braun Medical Inc. v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."  Sargent-Welch Scientific Co. v. Ventron Co., 59 F.R.D. 500, 402 (N.D. Ill. 1973).  Accord, King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5-7 (D.D.C. 1987); Diversified Products Corp. v. Sports Center, 42 F.R.D. 3, 4 (D. Md. 1967).  Indeed, even a party's expected contentions at trial are discoverable.  See Anderson v. United Airlines, Inc., 49 F.R.D. 144, 148 (S.D.N.Y. 1969).  Further, even if the interrogatory is redundant or duplicative, defendant still must answer it.

     Verification.  Finally, with respect to defendant's interrogatory answers, they are not signed by an agent or official of defendant.  The instructions in the requests (No. 5) stated: "At their end, please attach a verification of the answers to the interrogatories, signed by an officer or agent of the Agency having first-hand knowledge of some of the answers, as well as information as to the name(s), business address(es), and title(s) of the person(s) subscribing to the jurat."  However, despite that instruction and customary practices, defendant's interrogatory answers were not verified by an official representative of the institution who has first-hand knowledge or information.  You signed them.  That is improper.  See Federal Rule 33(b) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them."); McDougald v. Dunn, 468 F.2d 468, 472 (4th Cir. 1972), quoting Wright & Miller, 8 Federal Practice & Procedures §2172, p. 535 n. 29 (1970); Exxon Corp. v. F.T.C., 384 F.Supp. 755 (D.D.C. 1974), remanded, 174 U.S. App. D.C. 79, 527 F.2d 1386 (1976).  Unless you plan to be a witness for your client, please have an agent of ALSTOM sign them.  Otherwise, we will notice you for a deposition.

Re: <u>Kevin Patrick Baker v. ALSTOM Transportation, Inc.</u>
October 14, 2005
Page 5

### Requests for Admissions

In your letter of October 4, 2005, you attempt to justify defendant's Responses to Plaintiff's Requests for Admissions. However, plaintiff deems the following requests to be admitted and will file such a motion.

2.  Defendant did not deny this request unconditionally, but obliquely referred to plaintiff's employment application.

4.  The answer is not responsive and neither admitted nor denied this request.

9.  Defendant's "admission" about the job posting was not responsive to the request, and the reference to plaintiff's application is not only gratuitous, but also, as explained in his deposition, relying on a false promise.

12.  The objection was meritless and defendant specifically did not admit or deny this.

13.  Defendant continued its deceitful responses by twisting the request and responding to it revision of the request, not plaintiff's actual request.

14.  Defendant did not deny this request unconditionally. While it initially denied the request, the rest of its response was not responsive since it focused on its contention that "plaintiff was primarily self-directed." Working "self-directed" and with supervision are not mutually exclusive.

15.  Defendant referred to time records submitted by defendant and did not directly admit or deny this request. Accordingly, it must be deemed admitted. See Federal Rule 36(a).

18.  Once again defendant was not responsive. The request specifically asked whether "between August 2001 through December 2001, plaintiff worked nearly 160 hours of overtime?" However, defendant just stated that plaintiff worked more than 40 hours in a workweek, without indicating any totals of any sort. Therefore, this request must be deemed admitted.

21.  The request asked, "Do you admit that in February 2002 Curtis Moses ordered plaintiff not to include his overtime hours on his time sheet?" However, defendant's response did not deal at all with the existence or non-existence of such an order. Therefore, this request must be deemed admitted.

23.  Similarly, this request asked, "Do you admit that in November 2002 after plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working overtime to complete various Operational Commitments, Mr. Amar promised that defendant would compensate plaintiff for the overtime he worked?" However, defendant's response plainly did not address any communications between plaintiff and Mr. Amar. Since defendant did not deny this request unconditionally, it must be deemed admitted.

Re:  Kevin Patrick Baker v. ALSTOM Transportation, Inc.
October 14, 2005
Page 6

24.    Defendant's response is argumentative and did not deal with the specific question whether "after August 2001 defendant did not pay plaintiff overtime pay." Since defendant did not deny this request unconditionally, it must be deemed admitted.

25.    As with Requests 13 and 14, defendant chose not to deal specifically with the issue of supervision, but rather reframed the request for its own benefit. Since defendant did not deny this request unconditionally, it must be deemed admitted.

27.    Defendant plainly stated that it did not know enough to admit or deny this request. Since defendant did not deny this request unconditionally, it must be deemed admitted.

28.    Defendant's contention that it does not understand the request and cannot answer it shows that it did not read the following allegation in paragraph 30 of the Complaint: "[O]n August 23, 2003, Mr. Amar and Mr. Moses ordered plaintiff to work overtime to repair a locomotive." Discovery requests of course must be read in the context of underlying pleadings. Further, defendant's denial that plaintiff was entitled to overtime compensation is not responsive to the request, "Do you admit that on or about August 23, 2003, defendant asked or ordered plaintiff to work overtime to repair a locomotive?"

29.    Defendant's contention that it does not understand the request and cannot answer it shows that it did not read the following allegation in paragraph 30 of the Complaint: "[O]n August 23, 2003, Mr. Amar and Mr. Moses ordered plaintiff to work overtime to repair a locomotive. Mr. Amar informed plaintiff that he would receive overtime pay as a bonus or a raise for doing this work." Further, defendant's denial that plaintiff was entitled to overtime compensation is not responsive to the request, "Do you admit that on or about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?"

30.    Defendant asserts that it does not understand who allegedly ordered plaintiff to perform the overtime, but once again defendant fails to read a request in context. Obviously this request refers to the preceding two requests, which just as obviously refer to paragraph 30 of the Complaint. In any event, the request is broad and designed to determine whether any agent of defendant requested or ordered the overtime. Further, the issue is not whether defendant thinks it was obligated by law to pay plaintiff overtime (a point which it repeatedly and gratuitously denies, almost regardless of what the request says), but whether defendant paid plaintiff overtime on the occasion, on August 23, 2003, referred to in paragraph 30 of the Complaint.

31.    Similarly, it is immaterial that the Request fails to mention the person who allegedly ordered plaintiff to perform the referenced overtime. Also, defendant's counsel did not read the request in the context of paragraph 32 of the Complaint, which alleges:

As another example, on August 28, 2003, Mr. Amar and Mr. Moses ordered plaintiff to complete a repair, even though plaintiff had already worked 14 hours of overtime during that pay period. Both managers promised that defendant would compensate plaintiff for that overtime, but defendant never did.

Letter to Pamela L. White and Neil R. Ruhe, Esq.
Re:   Kevin Patrick Baker v. ALSTOM Transportation, Inc.
October 14, 2005
Page 7

Further, defendant neither admitted nor denied the request, so it must be deemed admitted, although defendant again, gratuitously, denies that it was obligated by law to pay plaintiff overtime.

32.     In context, see paragraph 33 of the Complaint, defendant should have realized the request referred to November 2003. Thinking it referred to November 2004, even though that was after defendant discharged plaintiff, defendant went on to state that it did not have enough information with which to admit or deny the request. Accordingly, it must be deemed admitted.

33.     This was a straight-forward factual inquiry: "Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?" Nonetheless, defendant side-stepped the request and once again advanced the non-responsive and gratuitous argument that "plaintiff, as a statutorily-exempt employee, was [not] entitled to overtime compensation." Accordingly, defendant did not deny the request and it must be deemed admitted.

34.     Defendant asserts that plaintiff "fails to specify the calendar year at issue." However, defendant does not go to the trouble of reading the Complaint, which alleges (paragraph 35), "In March 2004, Mr. Pete Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff, and all other salaried personnel of the Northeast Corridor Project, to submit records of all of their hours of overtime worked in fiscal years 2002-2003." Then, assuming the request referred to March 2004, defendant avoids a direct response, for it states that "plaintiff, and others, submitted time records," but does not deal at all with the issue whether Mr. Dimola requested their overtime records. Therefore, this request will be deemed admitted.

36.     It is quite surprising that defendant has so much difficulty giving straight answers. This time plaintiff asked it to admit, "Do you admit that in 2004 defendant paid Saluka Kulasinghe overtime pay for his overtime work?" However, instead of admitting or denying that fact, defendant admitted a _different_ fact –that it properly classified and paid Mr. Kulasinghe.

37.     Defendant did the same thing in this request regarding Kofi Auane-Osawe.

40.     Plaintiff eluded this request, also, since it did not respond directly to the question whether it had "suffered or permitted plaintiff to perform all the work he did for defendant."

41.     This request had a plain English question, "Do you admit that all of the work which plaintiff performed for defendant benefited it?" None of the words in it is a "legal" term. However, defendant frivolously made that contention and refused to answer the question. Therefore, the request is admitted.

43.     Still again defendant rephrases the request to avoid answering it directly. The request asked, "Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?" However, rather than dealing with that issue of defendant's

Letter to Pamela J. White, Esq. and Neil R. Duke, Esq.
Re:   Kevin Patrick Baker v. ALSTOM Transportation, Inc.
October 14, 2005
Page 8

knowledge, defendant postured again to "denies any suggestion that plaintiff, as a statutorily-exempt employee was entitled to overtime compensation."

44.    Why should this response be any different from all the other non-responses advanced by defendant?  The focus of this request was on payment, but still again (in case we have forgotten) defendant denies "denies any suggestion that plaintiff, as a statutorily-exempt employee was entitled to overtime compensation."

If and when we file a motion for partial summary judgment, or oppose one you file, we plan to rely in part on the above-described admissions.

### Requests for Production of Documents

Next, on September 21, 2005, defendant served grossly incomplete responses to Plaintiff's Requests for Production of Documents.  Defendant repeatedly advanced frivolous objections and non-responses, as we explained in our letter of September 27.

We received your late document responses on October 13, and are reviewing them to see if they now make any of your responses complete.

However, we know enough that if by October 21, 2005, defendant does not respond satisfactorily to the foregoing points on plaintiff's interrogatories, we will forthwith file a motion to compel more complete responses.

We look forward to your prompt cooperation and will appreciate it.

Sincerely,

Alan Banov

AB/NS/se
cc:  Mr. Kevin Baker

# ALAN BANOV AND ASSOCIATES

ALAN BANOV
Admitted in the District of Columbia and Maryland

October 17, 2005

NORBERTO SALINAS
Admitted in the District of Columbia and Michigan

MARIA BREMIS
Admitted in the District of Columbia and Maryland

By Facsimile Transmission and by Mail
Pamela J. White, Esq.
Neil E. Duke, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD 21202-1643

Re:    Kevin Patrick Baker v. ALSTOM Transportation, Inc.
       Case No. 05-CV-1352 (RSL) (D.D.C.)

Dear Ms. White and Mr. Duke:

        Assuming this case does not settle soon, we will want to conduct depositions for plaintiff. We write you to ascertain when you and your client's representatives will be available for depositions at our office.

        First, unless the dates need to be changed because of litigation to compel more complete discovery responses from defendant (it is certainly more economical and efficient to have all of defendant's discovery responses in hand before conducting depositions, rather than resuming depositions after we receive those responses), we are available at the following times and dates:

        10/27   9:30 a.m.-5 p.m.
        10/28   12:30-5 p.m.
        10/31   9:30 a.m.-5 p.m.
        11/1    9:30 a.m.-5 p.m.
        11/2    9:30 a.m.-5 p.m.
        11/3    9:30 a.m.-5 p.m.
        11/4    12:30-5 p.m.
        11/7    9:30 a.m.-5 p.m.
        11/8    9:30 a.m.-5 p.m.
        11/9    9:30 a.m.-4 p.m.
        11/10   9:30 a.m.-5 p.m.
        11/14   9:30 a.m.-5 p.m. (date discovery is scheduled to end)

Second, the witnesses we will request pursuant to 30(b)(6) notices will be the following:

a)    The official or representative of ALSTOM who knows the most about the qualifications for plaintiff's position, plaintiff's exempt/non-exempt classification(s), and any audits of his position, and

WWW.BANOVLAW.COM

1819 L STREET, N.W., SUITE 700        202.822.9699
WASHINGTON, D.C. 20036-3830           202.842.9331 FAX
AB@BANOVLAW.COM                       202.822.9698 TDD


EXHIBIT
9

Letter to Linda V. Priebe, Esq.

Re:    Kevin Patrick Baker v. ALSTOM Transportation, Inc.
October 17, 2005
Page 2

   b)    The official or representative of ALSTOM who knows the most about the number of hours worked by plaintiff and overtime which defendant allegedly suffered or permitted him to perform.

   Please let us know this week what dates and times are most convenient to you and your witnesses. It would also be helpful if you would disclose the identity of these witnesses in advance. It will save us time in the depositions.

   We will appreciate your cooperation in this matter.

                                        Sincerely,

                                        Alan Banov

AB/sf
cc:  Mr. Kevin Baker

## Alan Banov

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Friday, October 28, 2005 5:21 PM |
| **To:** | 'Duke, Neil E.' |
| **Cc:** | 'salinas@banovlaw.com'; 'White, Pamela'; 'Kevin Baker'; 'Law Clerk, Alan Banov & Associates' |
| **Subject:** | RE: Kevin Baker |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Mr. Duke,
I am glad November 7 works. We have prepared deposition notices. Perhaps you have them by now.

I will hold off on our motion to compel to give you until November 2 to respond to our deficiency letter. Third, at the point when negotiations impasse, please expect to receive our motion for protective order. Then you can cite all the cases you want to the Court.
Alan Banov

**From:** Duke, Neil E. [mailto:neduke@ober.com]
**Sent:** Friday, October 28, 2005 4:26 PM
**To:** Alan Banov
**Cc:** salinas@banovlaw.com; White, Pamela
**Subject:** RE: Kevin Baker
**Sensitivity:** Confidential

Counsel –
I wholly intend to reply to the substance of your "deficiency letter." Anticipate my response within the coming few days. Third, as a courtesy, I have held off from serving the discovery subpoenas that you reference until your settlement discussions with Pam White have been exhausted. I trust that we will receive your client's response by Nov. 2nd. If negotiations fail, I am prepared to issue the appropriate subpoenas and/or cite the basis and authority for our efforts to the Court.

-----Original Message-----
**From:** Alan Banov [mailto:ab@banovlaw.com]
**Sent:** Friday, October 28, 2005 2:56 PM
**To:** Duke, Neil E.
**Cc:** salinas@banovlaw.com; White, Pamela
**Subject:** RE: Kevin Baker
**Importance:** High
**Sensitivity:** Confidential

Mr. Duke, I am back in town.
Today, if possible, could you or Ms. White please tell me:

2. Assuming the case does not settle, what dates are good for the 30(b)(6) depositions we referenced in our letter of 10/17?
3. Do you plan to respond to our "deficiency" letter of 10/14?
4. Are you continuing to insist on issuing the subpoenas if settlement negotiations reach an impasse?
I would appreciate responses to these questions as soon as possible, so we can make decisions about



EXHIBIT
10

motions to file and deposition notices to serve.
Thank you very much.
Alan Banov

---

**From:** Duke, Neil E. [mailto:neduke@ober.com]
**Sent:** Monday, October 17, 2005 6:23 PM
**To:** ab@banovlaw.com
**Cc:** salinas@banovlaw.com; White, Pamela
**Subject:** Re: Kevin Baker

Dear Counsel:  I am in receipt of your various recent correspondence.  Be advised that each will be responded to in appropriate fashion.

Neil E. Duke
410-347-7398
neduke@ober.com

O B E R | K A L E R
*Attorneys at Law*
www.ober.com
410-547-0699 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202

# Alan Banov

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Tuesday, November 01, 2005 10:01 AM |
| **To:** | 'White, Pamela' |
| **Cc:** | 'Duke, Neil E.'; 'salinas@banovlaw.com' |
| **Subject:** | RE: Your email of October 28 |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Ms. White and Mr. Duke:
I appreciate the fact that you are both busy.

However, we need responses today to the following:

2.  Our deficiency letters
3.  Our inquiry about whether you still plan to issue the subpoenas to Mr. Baker's current employers if we
    reach an impasse in negotiations

.....if you do not respond today to the above, I will need to go back to our motion to compel, since I cannot go into depositions next week without full responses to our written discovery requests.

Please advise me as soon as possible.

Thank you very much for your cooperation.
Alan Banov
PS: Norberto is on his honeymoon and will be out of the office until Nov. 14.  Therefore, please be sure to contact me, not him.

**From:** White, Pamela [mailto:pjwhite@ober.com]
**Sent:** Sunday, October 30, 2005 8:15 PM
**To:** Alan Banov
**Subject:** RE: Your email of October 28
**Sensitivity:** Confidential

Dear Counsel:

I will be at meetings out of the office all day Monday. I will address your messages with my client as soon as practicable.

**Pamela J. White**
410-347-7323
pjwhite@ober.com
O B E R | K A L E R

*Attorneys at Law*

EXHIBIT
11

## Alan Banov

**From:**  Duke, Neil E. [neduke@ober.com]
**Sent:**  Wednesday, November 02, 2005 6:57 PM
**To:**  Alan Banov
**Cc:**  White, Pamela; Kevin Baker
**Subject:** RE: Plaintiff's Motion to Compel

Mr. Banov:  The deficiencies of your observations and analysis will be articulated in our responsive correspondence.  If you have any questions subsequent to your receipt of ALSTOM's response, you are free to contact me.

Neil Duke -

-----Original Message-----
**From:** Alan Banov [mailto:ab@banovlaw.com]
**Sent:** Wednesday, November 02, 2005 6:50 PM
**To:** Duke, Neil E.
**Cc:** White, Pamela; Kevin Baker
**Subject:** Plaintiff's Motion to Compel

Mr. Duke,

This is in response to your e-mails of earlier this evening.

I start a new e-mail thread, so that if we need to use these e-mails as exhibits to pleadings, there will be no question about our showing them to the Court.

We are not posturing.  We did not spend all day on the motion, after waiting weeks for your response, just to posture.

You read our letters of September 27, September 29, and October 14, and we have been waiting for weeks for responses, as you promised in your e-mail of October 17.  The discovery cutoff is around the corner, we have depositions on Monday, and we have been waiting long enough for complete responses to our discovery requests.

At present, absent receipt of more complete answers to the following, we plan to move to compel on the following:
Interrogatories 7, 8, 10, 14, 17, 18, 19, 21, 22, 23; undated verification
Requests for Documents 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 18
In addition, since you did not directly deny them, we deem as admitted Requests for Admission Nos. 2, 4, 9, 12, 13, 14, 15, 18, 21, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 40, 41, 43, 44, but if you will provide revised responsive answers to these requests, we will not ask the Court to deem them admitted.

If you have any positive and concrete responses on these points, such as by providing supplemental answers, new documents, or explaining that we already have EVERYTHING you have, I will be happy to receive and read them before we complete the motion.

EXHIBIT
12
PENGAD-Bayonne, N. J.

We will appreciate your cooperation in this regard.

Alan Banov, Esq.
Alan Banov and Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
202-822-9699
fax: 842-9331
www.banovlaw.com

O B E R | K A L E R
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Neil E. Duke**
neduke@ober.com
410-347-7398

**Offices in**
Maryland
Washington, D.C.
Virginia

November 3, 2005

**VIA FACSIMILE AND U.S. MAIL**

Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

  Re: Kevin Patrick Baker v. ALSTOM Transportation Inc.
    *Civil Action No.05-CV-1352(RSL)*

Dear Counsel:

  This correspondence responds to your most recent letter regarding ALSTOM's discovery submissions. On October 4th, you were served with ALSTOM's Answers to Interrogatories. On October 14th you forwarded a letter wherein you contended that ALSTOM's Answers were not complete. Your assessment lacks merit. Indeed, ALSTOM's Answers were complete and conformed with the federal rules of civil procedure. Any contention on your part that ALSTOM's Answers are "deficient" is highly disingenuous.

I.  **ALSTOM's Answers to Plaintiff's Interrogatories**

**INTERROGATORY NO. 1:**  Identify all persons who have knowledge of the allegations and underlying facts set forth in the underlying Complaint and in your Answer and set forth, as to each person, the detailed facts to which that person has knowledge.

**ANSWER TO INTERROGATORY NO. 1:**  Objection. ALSTOM objects to any suggestion that the version of events and facts alleged in Plaintiff's Complaint are accurate. Without waiver of this objection, and subject strictly thereto, ALSTOM states the following: Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination. Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed. Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM. ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.



EXHIBIT
13

O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 2

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 1**: Defendant did not comply with Definition No. 6 and provide contact information for the witnesses identified in its answer. It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories. See *Jumawid v. Rose*, 126 F.R.D. 641 (D.D.C. 1989); *Founding Church of Scientology v. Director, F.B.I.*, 27 Fed. R. Serv. 2d 601 (D.D.C. 1979); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967). Nor does defendant provide ANY "detailed facts to which that person has knowledge."

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 1**:

Plaintiff's objections lack merit. With respect to Plaintiff's contrived fury regarding the omission of contact information for the named individuals, ALSTOM objects to any attempt by Plaintiff to engage in *ex parte* communications with its current officers, directors, managers, supervisors and agents, absent ALSTOM's prior consent or independent authorization by law. Without waiver of this objection, and subject strictly thereto, ALSTOM identifies the following contact information for the individuals cited in Answer to Interrogatory No. 1: ALSTOM Transportation Inc., 1 Transit Drive, Hornell, NY 14843, (607) 324-4595.

Additionally, ALSTOM fully expressed the facts to which each person has knowledge. As such, Plaintiff's objection regarding the completeness of ALSTOM's Answer is similarly without merit. Without waiver of these objections, and subject strictly thereto, ALSTOM will supplement its Answer if additional, relevant, non-privileged facts are discovered.

**INTERROGATORY NO. 2:**     Describe in detail plaintiff's job duties for ALSTOM while he was a temporary employee.

**ANSWER TO INTERROGATORY NO. 2**:     Objection.     Plaintiff was employed by TechAid while serving as a temporary employee with ALSTOM. As such, ALSTOM objects to this Interrogatory to the extent that it seeks information that emanates from TechAid. ALSTOM further objects on the basis that Plaintiff served as a temporary hire with ALSTOM at different

Alan Banov, Esquire
November 3, 2005
Page 3

locations and this Interrogatory fails to specify which job site is being referred to with respect to information regarding Plaintiff's job duties. Accordingly, further clarification is necessary for ALSTOM to provide an appropriate response. Without waiver of this objection, and subject strictly thereto, ALSTOM states that Plaintiff's general duties consisted of testing, monitoring, repairing and inspection of railcars.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 2**:  You spent more time raising meritless objections than you did in providing a complete answer to the interrogatory. However, we will accept your answer, although we may probably have to move to strike any later, inconsistent information you may provide in this litigation, unless you supplement and provide more details it soon.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 2**:

Plaintiff's objection lacks merit.  Moreover, Plaintiff has failed to raise a valid objection

to ALSTOM's Answer.  Accordingly, a response is unnecessary.

**INTERROGATORY NO. 4**:     Describe in detail all requirements, educational or otherwise, for the position of electrical engineer in the Metropolitan Washington area.

**ANSWER TO INTERROGATORY NO. 4**:     ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0022.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 4**:  Although this interrogatory requires a narrative description, you respond by referring to a document. Therefore, unless you supplement and provide more details soon, we may need to move to strike any later, inconsistent information you may provide in this litigation.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 4**:

Plaintiff's objection lacks merit.  Fed.R.Civ.P., Rule 33(d) specifically instructs that

where an answer to an interrogatory may be derived or ascertained from the business records of

the party upon whom the interrogatory has been served . . . and the burden of deriving or

ascertaining the answer is substantially the same for the party serving the interrogatory as for the

Alan Banov, Esquire
November 3, 2005
Page 4

party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine . . . such records . . . *Id.* In response to this Interrogatory, ALSTOM provided Plaintiff with documents which fully answered the inquiry. As such, Plaintiff's contention that a narrative description is required is lacking and plainly not supported by the federal rules.

**INTERROGATORY NO. 5**:     (If different from your response to Interrogatory No. 4) Describe in detail all requirements, educational or otherwise, for the position for which defendant hired plaintiff.

**ANSWER TO INTERROGATORY NO. 5**:     Please refer to Answer to Interrogatory No. 4.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 5**: The point made regarding defendant's response to interrogatory No. 4 applies here since you incorporate that response by reference.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 5**:

Plaintiff's objection lacks merit. Fed.R.Civ.P., Rule 33(d) specifically instructs that where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine . . . such records . . . *Id.* In response to this Interrogatory, ALSTOM provided Plaintiff with documents which fully answered the inquiry. As such,

O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 5


Plaintiff's reliance upon its Objection to Interrogatory No. 4 and contention that a narrative

description is required is lacking and plainly not supported by the federal rules.


**INTERROGATORY NO. 6**:        Describe in detail the communication between Matt Rivera and plaintiff about his working for defendant, including without limitation their meeting in about September 2000.

**ANSWER TO INTERROGATORY NO. 6**:        Objection.    ALSTOM objects on the grounds that this Interrogatory is vague, overly broad and ambiguous.  Without waiver of these objections, and subject strictly thereto, ALSTOM states that in or around September 2000, Matt Rivera communicated to Plaintiff that the Electrical Engineer position was exempt from overtime.    Notwithstanding Mr. Rivera's description of this particular feature of the job, Plaintiff elected to accept the position of Electrical Engineer.  Plaintiff declined to accept a position lower in status than that of Electrical Engineer wherein he may have been afforded overtime compensation.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 6**:  In light of Mr. Baker's deposition testimony, this response seems incomplete.  Please review that testimony and consider supplementing your response.  If you do not supplement it and you attempt later to introduce any additional information which is responsive to this interrogatory, we will move to strike it.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 6**:

        Plaintiff's objection lacks merit.  Moreover, Plaintiff has failed to raise a valid objection

to ALSTOM's Answer.  Accordingly, a response is unnecessary.[1]

**INTERROGATORY NO. 7**:        Describe in detail all the circumstances of defendant's hiring plaintiff as an electrical engineer, including without limitation, all communications defendant had with plaintiff about the position(s) for which it considered him and the position(s) which it offered to him.

**ANSWER TO INTERROGATORY NO. 7**:        Please refer to Answer to Interrogatory No. 6.

---

[1] Moreover, Plaintiff's counsel has represented that he has not read the full transcript of Plaintiff's deposition.  As such, Plaintiff's objection is most insincere.

O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 6

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 7**:    This interrogatory went beyond Interrogatory No. 6, yet you incorporate by reference your flimsy response to No. 6.  Please provide a more complete response or we will move to compel one.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 7**:

Plaintiff's objection lacks merit.    Plaintiff's objection is also incoherent and inflammatory.  Furthermore, Plaintiff has failed to articulate a legitimate basis for his objection.

As such, a response is unnecessary and ALSTOM relies upon its Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8**:    Describe in detail all of the electrical engineer's duties during the period between January 1, 2001, and December 31, 2004.

**ANSWER TO INTERROGATORY NO. 8**:    Objection.    ALSTOM objects on the grounds that this *Interrogatory* is vague, overly broad, oppressive not reasonably calculated to lead to the discovery of relevant or admissible evidence.  ALSTOM further objects on the basis that Plaintiff fails to specify the identity of the particular electrical engineer in question and the potential of variances in the day-to-day duties and responsibilities for different employees may exist.  As such, Defendant is incapable of framing an appropriate response.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 8**:    The objections lack merit.  Instruction No. 7 informed defendant, "Unless otherwise indicated, all information requested pertains to defendant's operations in the Metropolitan Washing, D.C. area and to the period from January 1, 2000, to and including the date on which trial begins," so that was the broadest scope possible.  Since ALSTOM apparently employed only a few electrical engineers in that area (at least you have not stated otherwise), it should not have been unduly burdensome to give a complete answer to that interrogatory.  Further, in context, following the reference to "electrical engineer" in Interrogatory No. 7, you should have realized we were referring to plaintiff's job as electrical engineer.  Please provide a complete response promptly or we will move to compel one.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 8**:

Plaintiff's objection lacks merit.  ALSTOM reiterates its objection and Answer to this Interrogatory.  Without waiver of these objections, and subject strictly thereto, ALSTOM relies upon the documents previously supplied, to include ALS 0041 – 0045 and ALS 0356 – 0370.

Alan Banov, Esquire
November 3, 2005
Page 7

**INTERROGATORY NO. 10**:    Describe in detail all supervision of plaintiff when he worked for defendant as an electrical engineer.

**ANSWER TO INTERROGATORY NO. 10**:    Objection.    Plaintiff may primarily self directed.  See ALS 0041 – 0045.  Without waiver of this objection, and subject strictly thereto, ALSTOM states the following:  ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0041 – 0045, ALS 0356 - 0370.  ALSTOM further states that its present and/or past managers, to include, but not limited to, Phil Schulp, Curtis Moses, Joe Cruz, Jack Schroeder, Matt Rivera and Pascal Gerod served as resources for Plaintiff and assisted Plaintiff is setting day-to-day task-related priorities.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 10**:    Your response is confusing.  What do you mean, "Plaintiff may primarily self directed"?  Further, you identify six of plaintiff's managers, but do not describe what role they had in supervising him.  Please make this response complete, or we may move to compel a complete response.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 10**:

As a preliminary response, Plaintiff is advised to substitute the following sentence in the above-referenced Answer:  "Plaintiff *was* primarily self-directed."  Plaintiff's objection to ALSTOM's Answer lacks merit.  Plaintiff was primarily self-directed, as opposed to being "supervised."  The documents cited in response to this Interrogatory reveal Plaintiff's own admission of this fact.  As such, ALSTOM's reliance on the documents cited was appropriate.  Fed.R.Civ.P., Rule 33(d) specifically instructs that where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to

Alan Banov, Esquire
November 3, 2005
Page 8

afford to the party serving the interrogatory reasonable opportunity to examine . . . such records .

. . *Id.* In response to this Interrogatory, ALSTOM provided Plaintiff with documents that fully

answered the inquiry.   Moreover, the roles of each manager and/or supervisor cited was

provided.   Without waiver of these objections, and subject strictly thereto, ALSTOM will

supplement its Answer upon the discovery of relevant, non-privileged, discoverable information.

**INTERROGATORY NO. 14:**      Describe in detail all communications which defendant had
with plaintiff about his status as exempt or non-exempt before it discharged him.

**ANSWER TO INTERROGATORY NO. 14:**      ALSTOM elects to produce documents
responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's
attention to documents previously provided and/or available for inspection, to include, but not
limited to, ALS 0026, wherein Plaintiff was specifically advised that his full time position as an
Electrical Engineer "would be exempt from overtime."

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 14:**      The
interrogatory was not limited to written communications. Defendant's reliance on a document
(ALS 0026) does not answer the interrogatory completely. Therefore, unless you supplement
your response soon, we may need to move to strike any later, inconsistent information you may
provide in this litigation.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 14:**

Plaintiff's objection lacks merit.   Fed.R.Civ.P., Rule 33(d) specifically instructs that

where an answer to an interrogatory may be derived or ascertained from the business records of

the party upon whom the interrogatory has been served . . . and the burden of deriving or

ascertaining the answer is substantially the same for the party serving the interrogatory as for the

party served, it is a sufficient answer to such interrogatory to specify the records from which the

answer may be derived or ascertained and to afford to the party serving the interrogatory

Alan Banov, Esquire
November 3, 2005
Page 9

reasonable opportunity to examine . . . such records . . . *Id.* In response to this Interrogatory,

ALSTOM provided Plaintiff with documents that fully answered the inquiry.

**INTERROGATORY NO. 17**:     Describe in detail all communications which defendant ever had with plaintiff about overtime pay before he filed this suit.

**ANSWER TO INTERROGATORY NO. 17**:     Objection.     ALSTOM objects on the grounds that information responsive to this Interrogatory may be protected from disclosure pursuant to FRE 408.  Without waiver of this objection, and subject strictly thereto, please refer to Answer to Interrogatory No. 6.  ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 17**:  You state, "ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information."  What steps is defendant taking to discover any further information which is responsive to this interrogatory?

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 17**:

ALSTOM's Answer properly directed Plaintiff to its Answer to Interrogatory No. 6,

which afforded a complete response to this Interrogatory.  Plaintiff has failed to suggest the basis

of his objection in light of ALSTOM's prior Answer.  As such, a response is unnecessary and

ALSTOM relies upon its Answer to Interrogatory No. 6.  ALSTOM reiterates that it will

supplement its Answer upon the discovery of any relevant, non-privileged discoverable

information, consistent with the federal and local rules of procedure.

**INTERROGATORY NO. 18**:     Describe in detail all facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 18**:     ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's


O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 10

attention to documents previously provided and/or available for inspection, to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt. ALSTOM also refers Plaintiff to its job posting for the Electrical Engineer position (ALS 0022), which describes the necessary experience, skills, education and training required for the position. ALSTOM also relies upon Plaintiff's representations that he possessed the requisite skills, training and education to serve as an overtime-exempt Electrical Engineer.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 18**: Defendant states: "ALSTOM elects to produce documents responsive to this Interrogatory pursuant to Fed.R.Civ.P. Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an Electrical Engineer was exempt." In addition, ALSTOM refers to the job posting (ALS 0022) and various representations which defendant asserts were made by plaintiff. We note, however, that some of the defendant's late discovery responses contradict its position that the position was exempt. Accordingly, we will move to strike any additional or more detailed information which defendant may later seek to introduce on this topic.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 18**:

Plaintiff has failed to articulate any legitimate objection to ALSTOM's Answer to this Interrogatory. Instead, Plaintiff posits a self-serving statement regarding the merits of his case. Plaintiff additionally disregards his own prior communications with ALSTOM regarding his ability to serve in the position of an exempt Electrical Engineer and his prior representations regarding his educational background. As such, a response is unnecessary and ALSTOM relies upon its Answer to Interrogatory No. 6.

**INTERROGATORY NO. 19**:   Describe in detail any legal opinions on which defendant may have relied in classifying plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 19**:   Objection.   ALSTOM objects on the grounds that this *Interrogatory* is seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 11

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 19**:    Legal opinions on this subject are not exempt from disclosure under the attorney-client privilege or work product doctrine, since it is a defense to a claim of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that the had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended." 29 U.S.C. §260. *See Intex Rec. Corp. v. Metalast*, 2005 U.S. Dist. LEXIS 10147, *6-7 (D.D.C., May 20, 2005) (asserting waive of attorney-client privilege where client's reliance on advice of counsel raised its affirmative defense); *Minebea Co. v. Papst*, 355 F.Supp. 2d 518, 523-25 (D.D.C. 2005) (finding attorney-client privilege waived when raising affirmative defense that makes intent and knowledge of the law relevant); *Recycling Solutions v. District of Columbia*, 175 F.R.D. 407, 408-09 (D.D.C. 1997); *United States v. Exxon Corp.*, 94 F.R.D. 246, 248-249 (D.D.C. 1981); *Anderson v. Nixon*, 444 F.Supp. 1995, 1200 (D.D.C. 1978). However, if defendant waives any right to this defense, we will not press for a complete response.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 19**:

Plaintiff's objection lacks merit. Plaintiff's objection also fails to reference any defense cited by ALSTOM that would support its objection to ALSTOM's Answer. As such, a response is unnecessary and ALSTOM reiterates its prior Answer to this Interrogatory.

**INTERROGATORY NO. 20**:    Describe in detail why defendant terminated plaintiff's employment.

**ANSWER TO INTERROGATORY NO. 20**:    Objection. Plaintiff does not contest the basis of his termination as a part of his instant Complaint. Accordingly, this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection and subject strictly thereto, ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0002 - 0021.

Alan Banov, Esquire
November 3, 2005
Page 12

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 20**:  You refer, inter alia, to ALS 0003 or ALS 0004.  How are they related to plaintiff's termination?

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 20**:

Plaintiff has failed to state a legitimate objection to ALSTOM's Answer.  Instead, Plaintiff questions 2 of the 19 documents cited in ALSTOM's response.  ALSTOM specifically directed Plaintiff's attention to documents included within the bates range ALS 0002 to 0021. Within that selection of documents, the basis of Plaintiff's termination is disclosed.  Namely, Plaintiff's verbal and physical attack upon one of his former ALSTOM colleagues was the basis of his termination.  ALS 0003 does not relate to the basis of Plaintiff's termination.  ALS 0004 also does not relate to the basis of Plaintiff's termination.  Instead, ALS 0004 pertains to an allegation that Plaintiff was misusing company resources.

**INTERROGATORY NO. 21**:    Describe in detail any overtime pay which defendant has paid any of its electrical engineers anywhere in the United States, including without limitation their identify, their work sites, their position titles and the dates of such pay.

**ANSWER TO INTERROGATORY NO. 21**:    Objection.    The position of Electrical Engineer is an overtime exempt position.  ALSTOM directs Plaintiff's attention to ALS 0022 for a description of the position.  Without waiver of this objection, and subject strictly thereto, ALSTOM will supplement its answer if any relevant, non-privileged, discoverable information exists.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 21**:    The response is woefully inadequate.  Until it had provided the documents yesterday, ALSTOM had not provided any documents regarding any overtime pay it has paid any electrical engineers. Please provide a complete answer now, or at least indicate steps defendant has taken to respond completely to this interrogatory.  "[A] party cannot take a purposeful restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control...."  *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).  *See also Morgan v. Federal Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the

775687                                   12



O B E R | K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 13

defendant to provide declarations regarding discovery information sought by the plaintiff); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing).

## RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 21:

Plaintiff's objection lacks merit. The position of Electrical Engineer is overtime exempt.

ALSTOM reiterates its Answer to this Interrogatory. Without waiver of these objections, and

subject strictly thereto, ALSTOM will supplement its Answer to this Interrogatory upon the

discovery of relevant, non-privileged, discoverable information.

**INTERROGATORY NO. 22:** Describe in detail any complaints or suits for overtime pay ever brought by or on behalf of any employees against defendant (whether in court or in any administrative agencies), and all decisions or opinions with respect to those complaints for suits.

**ANSWER TO INTERROGATORY NO. 22:** Objection. ALSTOM objects to this Interrogatory on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive. Defendant further objects on the basis that this Interrogatory has absolutely no relevance to the subject matter of this litigation. As such, this Interrogatory is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to respond.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 22:** The objections are meritless. Decisions and pleadings in overtime cases involving this same defendant may be instructive not only on the defendant's overtime pay practices; they may also include admissions or declarations against interest or even findings that ALSTOM's electrical engineers are not exempt! If so, ALSTOM could be collaterally estopped from making its exemption defense here. See *Rudberg v. State of Nevada*, 896 F.Supp. 1017 (D. Nev. 1995) (preclusive effect against employees); *Donovan v. United States Postal Service*, 530 F.Supp. 894, 897-900 (D.D.C. 1981). That defendant is withholding such documents can readily lead to the adverse inference that it must have documents about prior cases which could help plaintiff here.

Alan Banov, Esquire
November 3, 2005
Page 14

## RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 22:

Plaintiff's objection lacks merit. Without waiver of its objections, and subject strictly thereto, ALSTOM supplements its Answer to this Interrogatory by stating that it is unaware of any other "complaints or suits."

**INTERROGATORY NO. 23**:    Describe in detail any facts which could possibly support plaintiff's claims herein.

**ANSWER TO INTERROGATORY NO. 23**:    Objection.    ALSTOM objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive. ALSTOM further objects on the grounds that this Interrogatory calls for information protected from disclosure by attorney-client privilege and/or work product doctrine. Defendant also objects to the extent that this Interrogatory is redundant and/or duplicitous to the previously-referenced Requests.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 23**:    The objections lack merit. We do not ask for any specific privileged documents, but request "[a]ny facts which could possibly support plaintiff's claims." The request is justifiable. Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports his claims. *See B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact." *Sargent-Welch Scientific Co. v. Ventron Co.*, 59 F.R.D.500, 402 (N.D. Ill. 1973). *Accord., King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5-7 (D.D.C. 1987); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3,4 (D. Md. 1967). Indeed, even a party's expected contentions at trial are discoverable. *See Anderson v. United Airlines, Inc.*, 49 F.R.D. 144, 148 (S.D.N.Y. 1969). Further, even if the interrogatory is redundant or duplicative, defendant sill must answer it.

## RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 23:

Plaintiff's Interrogatory amounts to nothing more than a fishing expedition. Plaintiff's claims against ALSTOM lack merit. As such, there is no basis for Plaintiff to assert that any facts exist that would support his claim.

O B E R ｜ K A L E R
A Professional Corporation

Alan Banov, Esquire
November 3, 2005
Page 15

II.     **Verification**:    Plaintiff's objection regarding verification of ALSTOM's Answers to

Interrogatories is a moot issue.  A copy of the verification page was forwarded to you subsequent

to your October 14th letter.

In closing, I remain available to discuss with you any issue regarding ALSTOM's
discovery responses.  To date, I have yet to receive the courtesy of a telephone call from you to
discuss your purported discovery concerns.

Very truly yours,

Neil E. Duke

NED/cks
cc:     Pamela J. White, Esquire

775687                                    15

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

Neil E. Duke
neduke@ober.com
410-347-7398

Offices in
Maryland
Washington, D.C.
Virginia

November 3, 2005

**VIA FACSIMILE AND U.S. MAIL**
Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

          Re:    Kevin Patrick Baker v. ALSTOM Transportation Inc.
                 *Civil Action No.05-CV-1352(RSL)*

Dear Counsel:

          This correspondence responds to your most recent letter regarding ALSTOM's discovery submissions. On September 21, 2005, you were served with ALSTOM's formal *Responses to Plaintiff's Request for Production of Documents.* You were advised at that time that copies of documents responsive to your discovery request would be made available for your inspection. You subsequently failed to express any interest in arranging for a mutually convenient time to engage in such inspection.

          Initially, you were provided with a number of documents, consisting of ALS 0001 – 0071. On October 10, 2005, you were provided with additional documents responsive to *Plaintiff's Request for Production of Documents* (ALS 0072 – 0491). All of the documents available to ALSTOM and responsive to Mr. Baker's document production request have been made available to you. Notwithstanding the completeness of ALSTOM's document production and response, you maintain that ALSTOM's submission was "deficient." In response to your concern, on October 4th, I forwarded correspondence to you (consisting of 20 pages), that articulated the basis of each of ALSTOM's responses to Mr. Baker's document production request (in addition to ALSTOM's responses to Plaintiff's Requests for Admission). You failed to respond to my October 4th correspondence until October 14th, wherein you suggested, by letter, that you had received our document submission and would be reviewing it "to see if they now make any of [ALSTOM's] responses complete." Please refer to your letter, dated October 14, 2005. To date, you have yet to inform me of the results of your "review."

          You have also failed to respond to the specific points raised in my October 4th letter regarding the sufficiency of ALSTOM's *Responses to Plaintiff's Requests for Admission.* Yet, by email, dated November 2nd, you expressed your intention to file a *Motion to Compel* "more complete answers" to Plaintiff's *Request for Production of Documents* and *Responses to*

775779.1



EXHIBIT
14

Alan Banov, Esquire
November 3, 2005
Page 2

*Requests for Admission*. However, as previously stated, you have yet to respond to my October 4th letter, which fully stated the basis for each of ALSTOM's aforesaid discovery responses. You have also failed to extend the courtesy of a telephone call to discuss either issue. Your failure to respond to my October 4th letter regarding ALSTOM's *Responses to Plaintiff's Request for Production of Documents* and ALSTOM's *Responses to Plaintiff's Requests for Admission*, coupled with your reluctance to engage in any constructive dialog and your failure to inform me of the result of your review of ALSTOM's supplemental document production (ALS 0072 – 0491), only serves to frustrate the process of amicably resolving these issues. As always, I invite you to engage in constructive dialog regarding any discovery-related issue.

Very truly yours,

Neil E. Duke

NED/cks
cc:    Pamela J. White, Esquire

775779.1

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

Neil E. Duke
neduke@ober.com
410-347-7396

Offices In
Maryland
Washington, D.C.
Virginia

November 4, 2005

VIA FACSIMILE AND U.S. MAIL
Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

Re:     Kevin Patrick Baker v. ALSTOM Transportation Inc.
        *Civil Action No.05-CV-1352(RSL)*

Dear Counsel:

This correspondence is being forwarded to you, in response to your letter, dated October 28th, which enclosed Plaintiff's Deposition Notices. Your October 28th letter misrepresents certain facts which are troubling. You contend in your letter that I did not respond to your October 17th letter, which sought available dates for taking the depositions of 30(b)(6) witnesses. Your statement is misguided. On October 28th I sent you an email (4:46 p.m.), and specifically advised you that November 7th was an acceptable deposition date. Shortly thereafter (5:21 p.m.), you responded by email commenting that you were glad that November 7th was acceptable. However, at 5:44 p.m. you faxed a letter suggesting that I had not responded to your October 17th letter regarding selection of a deposition date. Your October 28th letter, which claims that I was somehow non-responsive to your request is most insincere.

Second, on November 1st, I received Plaintiff's First and Second 30(b)(6) Deposition Notices. Plaintiff's First Notice seeks to depose a witness or representative who knows the most about the qualifications for plaintiff's position, plaintiff's exempt/non-exempt classification(s), and any audits of his position. Plaintiff's Second Notice seeks a witness or representative who knows the most about the number of hours worked by Mr. Baker and overtime that he was allegedly suffered. Curtis Moses will serve as ALSTOM's witness/representative regarding the issues identified in Plaintiff's Second Notice and, with respect to Plaintiff's First Notice, Mr. Moses will serve as ALSTOM's witness/representative regarding the issue of the qualifications for Mr. Baker's position. ALSTOM will offer Gregory Muscato as its witness/representative regarding the issues of Mr. Baker's classification and audits for his position, which are referenced in Plaintiff's First Notice. Please be advised that Mr. Muscato is not available on November 7th, due to a scheduling conflict. However, Mr. Muscato is generally available on the dates of November 16th, 17th, and 18th. For scheduling purposes, November 17th is the most convenient date. Recognizing that the discovery deadline is November 14th, ALSTOM will not object to your taking of Mr. Muscato's deposition on November 17th, assuming that date is


EXHIBIT
15

Alan Banov, Esquire
November 4, 2005
Page 2

acceptable. Let me know at your earliest opportunity whether your schedule permits your taking of Mr. Muscato's deposition on November 17th.

Finally, enclosed as Attachment A to Plaintiff's First and Second Deposition Notices is a request that ALSTOM's witness/representative bring certain documents. ALSTOM objects to your 30(b)(6) document production request on several grounds. First, your document production request is nothing more than a reiteration of Plaintiff's First Request for Production of Documents.[1]  You were served with ALSTOM's formal Responses to Plaintiff's Request for Production of Documents on September 21, 2005. You were also initially provided with a number of documents, consisting of ALS 0001 – 0071. On October 4th, you were provided with a lengthy supplement, which addressed ALSTOM's document production. On October 10, 2005, you were provided with additional documents responsive to *Plaintiff's Request for Production of Documents* (ALS 0072 – 0491). All of the documents available to ALSTOM and responsive to Mr. Baker's document production request have been made available to you. As such, your request that ALSTOM's 30(b)(6) witness/representative bring copies of the same documents that have already been provided to you makes no sense and subjects ALSTOM to an unnecessary expense.

Additionally, many of the documents that you have requested have absolutely no bearing on the aforesaid subject matters referenced in your deposition notices. For instance, your 30(b)(6) document production request calls for ALSTOM's witness representative to produce documents such as, (a) insurance policies and agreements which may arguably be used to satisfy any part of a judgment (Request No. 16); (b) reports made by experts (Request No. 17); and (c) affidavits, reports or statements taken from witnesses (Request No. 18). How are these documents germane to the topical categories referenced in your 30(b)(6) deposition notices? As previously stated, ALSTOM has already produced all of the relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents. Accordingly, your 30(b)(6) document production request is an unnecessary and unwarranted exercise.

If you have any questions regarding the points raised in this letter, please feel free to contact me at your earliest opportunity.

Very truly yours,

Neil E. Duke

NED/cks
cc:    Pamela J. White, Esquire

---

[1] The singular exception is document request number one, which will be produced for inspection (if available).

775799.1

**Alan Banov**

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Friday, November 04, 2005 5:22 PM |
| **To:** | 'Duke, Neil E.' |
| **Cc:** | 'White, Pamela'; 'Norberto Salinas'; Kevin Baker |
| **Subject:** | your letter of today |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Today, because I essentially spent all day with two new clients, I have had ZERO time in which to respond to any of your prior letters, and now you send me more letters. My prior e-mail also referred to your request for documents from Mr. Baker. He is in the process of gathering them to give to us to give you. Trust me: he has been advised timely and frequently to produce them.
I will see if on Sunday I can come here to respond more fully to your letters. Otherwise, I will do so after the depositions on Monday.

Meanwhile, while on October 17 I asked you to produce two 30(b)(6) witnesses and while on October 28 you agreed to produce the witnesses this Monday at 9:30, today at about 5 p.m. (I was busy until then) I see your e-mail saying you cannot produce one of the two 30(b)(6) witnesses until November 17, after the discovery closes. As it turns out, I am available that day. I will agree to conduct Mr. Muscato's deposition at that time, without prejudice to plaintiff's position that you are way too late with the contents of your letter regarding the depositions. As for the objections to producing the documents, you will, or should, note that the notices are virtually identical to the requests for production of documents served on you months ago. Therefore, your timing objection is invalid. And if on Monday you do not produce ALL available documents, including ALL documents previously requested in our requests, we will need to finish Mr. Moses's deposition with the requested documents in hand.

Alan Banov

Alan Banov, Esq.
Alan Banov and Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
202-822-9699
fax: 842-9331
www.banovlaw.com



EXHIBIT
16

11/4/2005

**Alan Banov**

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Sunday, November 06, 2005 4:28 PM |
| **To:** | 'Duke, Neil E.' |
| **Cc:** | 'White, Pamela'; 'Norberto Salinas'; Kevin Baker; 'Law Clerk, Alan Banov & Associates' |
| **Subject:** | your most recent letter |
| **Importance:** | High |

Mr. Duke,

This is in response to your letter of today and some earlier letters from you.

I told Ms. White that I WOULD replace the motion for protective order, and I **will**. However, you may have overlooked the point I made in my e-mail of Friday that I had ZERO time that day to work on this case at all. I have already "corrected" the motion and once I can get some help from my law clerk in "correcting" the exhibit package to eliminate former exhibits 4 and 8, I can file the motion electronically on Monday, after the deposition. Meanwhile, to show my good faith, I will send the "corrected" version to Judge Lamberth by e-mail and explain what I am doing.

In response to your request for Mr. Baker's resume, we have two objections. (1) Whatever resumes he created after he left Alstom are of ZERO value in this case and cannot possibly lead to the discovery of admissible evidence. Do you have any case law for the proposition that a post-employment resume would be admissible when it is the employee's background before he is hired that is relevant to the decision whether to make him exempt or not?
(2) In addition, we note that Mr. Baker was not served with a notice to produce documents at his deposition and that his responses to defendant's request for production of documents are not due until November 9, 2005. The closest request for a resume is Request No. 17, to which we plan to object on the foregoing grounds.
Nonetheless, without waiving our objections, I attach the electronic file for Mr. Baker's resume, which was last modified in 2004. He represents that he created it in 2004 before he applied to AMTRAK and SAIC. (It was also on the CD which we sent to ALSTOM's in-house counsel when we were trying to negotiate with ALSTOM before filing the suit.)

Finally, I am confused about whether you still have any non-privileged discoverable documents. Your letter of November 3 said, in part:
"You were advised [on September 21] that copies of documents responsive to your discovery request would be made available for your inspection," but '[y]ou subsequently failed to express any interest in arranging for a mutually convenient time to engage in such inspection."

To be polite, both of those statements are not supported by the record.

First, in response to many requests for documents, you stated (emphasis added):
"Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery."

That confused us, so in our letter of September 27 we repeatedly asked you, "Why do you say that the documents 'will be made available for inspecting pursuant to Rule 34 upon discovery'?" In your letter of October 4 you said that you would charge us for copies of those documents. In our letter of October

EXHIBIT
17

7 we told you that we objected to paying, but would pay the charges since we wanted the documents. We received your bill on October 10; on October 12 we told you we would send you the money; on October 13 we mailed you a check for $46.09 to cover the cost of copying those documents; and we received them on October 13. I do not think there was any accompanying representation that you had still other documents to produce to us. Did I miss that? I certainly don't see one in the file. If there was no such representation, I don't know why you can suggest that we did not take you up on your offer to produce documents for our inspection.

I am also confused by the suggestion in your November 3 letter that there are still more documents for us to read in your office. Your letter of November 4 says, "As previously stated, ALSTOM has already produced all of the relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents" (emphasis added).

**Do you have any more relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents? If so, please bring them tomorrow to the deposition.** I also reiterate our request that you produce the original document of which Plaintiff's Employment Application, Defendant's Depo. Ex. 3 (ALS0076) is a copy. The production of that document is covered by our original request for documents.

Thank you very much for your cooperation.

Alan Banov

Alan Banov, Esq.
Alan Banov and Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
202-822-9699
fax: 842-9331
www.banovlaw.com