**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN PATRICK BAKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil File No.: 05-CV-01352 (RCL) ) |
| ALSTOM TRANSPORTATION INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Defendant, ALSTOM Transportation Inc. ("ALSTOM"), opposes *Plaintiff's Motion for Protective Order.*  ALSTOM hired Mr. Baker as an overtime exempt Electrical Engineer in October 2000.  During the course of his employment application process with ALSTOM, and at various points thereafter, Mr. Baker represented that he possessed a bachelor's degree in electrical engineering.

ALSTOM terminated Mr. Baker's employment in June 2004, after Mr. Baker physically assaulted one of his co-workers.  Approximately one year later, in July 2005, Mr. Baker filed a lawsuit against ALSTOM alleging that he had been misclassified as an exempt employee.  An important element of Mr. Baker's lawsuit is the issue whether he actually possessed a bachelor's degree in electrical engineering.  Despite Mr. Baker's prior representations that he held such a degree, he now contends that he does not possess that academic credential.   ALSTOM seeks to investigate this contradiction and apparent resume fraud through reasonable discovery efforts.  Specifically, ALSTOM intends to subpoena records maintained by Mr. Baker's subsequent employers that would disclose how Mr. Baker has represented his academic credentials to other non-parties.  Despite the

obvious utility of ALSTOM's inquiry, Mr. Baker has filed a *Motion for Protective Order*, arguing that such records are not relevant. Mr. Baker's contention lacks merit on a number of grounds.

**I.    STATEMENT OF RELEVANT FACTS**

    A.    *Plaintiff Consistently Represented To ALSTOM That He Held A Bachelor's Degree In Electrical Engineering*.

ALSTOM hired Plaintiff, Kevin P. Baker ("Mr. Baker"), as a full-time Electrical Engineer in October 2000. *See ALSTOM's Job Offer Letter*, dated October 16, 2000, attached hereto as **Exhibit A**; *see also Plaintiff's Complaint*, at ¶ 13. Mr. Baker was specifically advised when he was hired that his position was exempt from overtime compensation. *See* **Exhibit A**.

ALSTOM outlined the qualifications of an Electrical Engineer. ALSTOM's standard job posting advertised that the *required* "Education and Training" for the position was a "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and that a competency was a "BS in Electrical/Mechanical Engineering." *See ALSTOM Electrical Engineer Job Posting*, attached hereto as **Exhibit B**.

Mr. Baker represented in his employment application that he held a bachelor's degree in Electrical Engineering from SUNY Binghamton. *See Baker Employment Application*, (sworn under oath), dated October 27, 2000, attached hereto as **Exhibit C**. ALSTOM relied upon Mr. Baker's representations regarding his educational background.

---

[1] A response to ALSTOM's discovery request for Mr. Baker's college transcripts is still outstanding.

After Mr. Baker was hired by ALSTOM as an Electrical Engineer, he continued to represent that he held a bachelor's degree.  Specifically, Mr. Baker represented that he was a "degreed Electrical Engineer" in each of his performance self-evaluations.  *See Baker Performance Self-Evaluations*,[2] various dates, attached collectively hereto as **Exhibit D**.  Mr. Baker separately reported that he held a "B.S. in Electrical Engineering" to ALSTOM's human resources department during that department's audit of the company's job position categories.  *See Baker Job Audit Form*, dated December 18, 2003, attached hereto as **Exhibit E**.

B.   *Plaintiff Has Placed The Issue Of His Academic Credentials At The Forefront Of This Case.*

The issue of Mr. Baker's academic credentials is an important aspect of his *Complaint*.  For instance, Mr. Baker alleged the following facts in his *Complaint*:

- Plaintiff has Associates Degrees in Engineering Science from Onondaga Community College, in Electronic Engineering Technology from Tidewater Community College, and in Automotive Technology from City Colleges of Chicago.  *He has no bachelor's or advanced degrees.  See Plaintiff's Complaint,* at ¶ 6. (emphasis added).

- Although defendant gave him the title of Electrical Engineer, plaintiff was not exempt as a "professional" under the FLSA, 29 U.S.C. § 213(a).  The work he did was more descriptive of a technician, which is not a primary duty qualifying for exemption under the FLSA, because it did not require knowledge of an advanced type, [and] was not an occupation that has attained recognized advanced status . . ."  *See Plaintiff's Complaint*, at ¶ 51.

- Also, plaintiff possesses only associate's degrees, not a bachelor's or advanced degree, which is characteristic of a position qualified for the professional exemption.  *See Plaintiff Complaint*, at 52.

- In the circumstances, plaintiff was not a bona fide "professional" employee within the meaning of the FLSA, 29 U.S.C. § 213(a)(1), or Department of Labor regulations, 29 C.F.R., Part 541.

---

[2] Mr. Baker's representations in his performance self-evaluation regarding degreed status are highlighted for the Court's convenience.  *See* ALS 0356-0370.

Mr. Baker has pursued certain admissions about his academic credentials as a means of distancing himself from his prior representations.[3]

- Plaintiff's Request for Admission No. 1: Do you admit that plaintiff has Associates Degrees in Engineering Science from Onondaga Community College, in Electronic Engineering Technology from Tidewater Community College, and in Automotive Technology from City Colleges of Chicago?

- Plaintiff's Request for Admission No. 2: Do you admit that plaintiff has no bachelor's or advanced degrees?

- Plaintiff's Request for Admission No. 8: Do you admit that the subject position required a Bachelor of Science degree in Electrical/Electronics, Communications/Telecommunications Engineering or an equivalent degree?

- Plaintiff's Request for Admission No. 9: Do you admit that plaintiff's position did not require a prolonged course of specialized intellectual instruction?

- Plaintiff's Request for Admission No. 11: Do you admit that plaintiff's position did not require a master's degree?

Mr. Baker has offered testimony regarding his academic credentials, retracting his prior representations that he possessed a bachelor's degree. *See e.g. Plaintiff's Deposition Transcript* ("Dep. Tr."), pgs 56 - 61, attached hereto as **Exhibit F.**

Mr. Baker's attempt to distance himself from his prior representations regarding his academic pedigree must be disregarded. ALSTOM properly classified Mr. Baker as an exempt professional Electrical Engineer, which is a recognized specialty within the field of science. Moreover, Mr. Baker performed work that required advanced knowledge, was predominantly intellectual in character and required his consistent exercise of discretion and judgment.

---

[3] Last week, however, Mr. Baker's counsel represented that he was producing Mr. Baker's 2004 resume, informing once again, that Mr. Baker was a degreed Electrical Engineer.

      C.      *ALSTOM Has Made Reasonable Efforts To Discover The Truth About Mr. Baker's Representations.*

Indisputably, Mr. Baker represented that he possessed a bachelor's degree in Electrical Engineering during his employment application process and during his tenure as an ALSTOM employee. *See supra*. Nonetheless, Mr. Baker now adopts the position that he never possessed such a degree as a means of supporting his claim that he was misclassified as an exempt professional employee. *See Plaintiff's Complaint,* at 52. ALSTOM rightfully seeks relevant, discoverable information as to Mr. Baker's resume fraud and generally as to his credibility. His capacity to tell the truth in any employment setting is also squarely at issue.

Mr. Baker testified during his deposition that he currently works for two different employers, AMTRAK in Washington D.C. and SAIC in Maryland. *See Plaintiff's Dep. Tr.*, pgs. 71, 77, **Exhibit F**. ALSTOM plans to subpoena those records of Mr. Baker's employment that should include the representations that he has made regarding his academic credentials to each employer.

On October 13, 2005, as a matter of courtesy, ALSTOM's counsel requested verification of the addresses of Mr. Baker's current employers, AMTRAK and SAIC. *See Letter to Counsel*, dated October 13, 2005, attached hereto as **Exhibit G**. On October 17th, Mr. Baker's counsel refused to supply the requested information. *See Banov Letter*, dated October 17, 2005, attached hereto as **Exhibit H**. In declining to respond, Mr. Baker's counsel posited that he could not "imagine how such subpoenas could possibly produce any documents which are relevant to any claims or defenses in this case or which could possibly lead to the discovery of admissible evidence." *Id*.

On October 21, 2005, ALSTOM's counsel explained the purpose and relevance of the request:

> ALSTOM hired Mr. Baker as an Electrical Engineer and advised him that his position was exempt from overtime compensation. This fact is beyond dispute. There were certain requirements for the position of Electrical Engineer. ALSTOM's job posting for the position of Electrical Engineer advertised that the *required* "Education and Training" for the position was a "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and that a *desired* competency was a "BS in Electrical/Mechanical Engineering." *See* ALS 0022. During his application process, Mr. Baker represented under oath that he held a bachelor's degree in Electrical Engineering from SUNY Binghamton. *See* ALS 0023 – 0025. ALSTOM relied upon Mr. Baker's representations. Even after Mr. Baker was hired, he continued to represent to his colleagues that he held a bachelor's degree. These instances have been identified to you and do not bear repeating.
>
> Notwithstanding these facts, Mr. Baker has adopted the position that he never held a bachelor's degree in support of his contention that he was improperly classified as an exempt employee and, thus, owed overtime compensation. The issues of Mr. Baker's educational background and his representations regarding his academic pedigree are relevant in this case. Your own discovery requests confirm these points.

*Id*. Inexplicably, Mr. Baker still refused to cooperate and on November 1, 2005, Mr. Baker's counsel filed a *Motion for Protective Order*. Mr. Baker's *Motion for Protective Order* lacks merit and must be dismissed.

## II.    ANALYSIS

### A.    Plaintiff Lacks Standing To Seek A Protective Order.

ALSTOM's as yet unserved subpoena *duces tecum* would be directed to his current (non-party) employers and Mr. Baker has failed to allege any personal right or privilege with respect to the materials that will be subpoenaed.[4] It is well settled that "[a]

---

[4] Rule 26(c) instructs that, "[u]pon motion by a party or by the person *from whom discovery is sought*, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or

motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested. Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action." Fed.R.Civ.P., Rule 26(c); *See* Wright & Miller, Federal Practice and Procedure, at § 2459 (1995); *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co.*, 519 F.Supp. 668, 680 (D.D.Del. 1981)(As a general matter, a party has no standing to seek to quash a subpoena directed to one who is not a party); *Clayton Brokerage Co. v. Clement*, 87 F.R.D. 569, 571 (D.C.Md. 1980)("underscoring the inappropriateness of the defendant's relevancy objection is his lack of standing to challenge this subpoena to the bank"); *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346 (D.C.N.Y. 1967)(same).

This general rule was fully articulated by the court in *Shepherd v. Castle*, 20 F.R.D. 184, 188 (D.C.Mo. 1957). In *Shepherd*, the court reasoned that,

> When a limitation order is sought . . . it should be made by the person to whom the subpoena *duces tecum* is directed. He is the one who suffers from any "annoyance, embarrassment or oppression" caused thereby, or to be protected . . . Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief . . ."

*Id*. (citations omitted). Mr. Baker is not the party to whom ALSTOM's subpoena request will be issued. Moreover, Mr. Baker has failed to allege any personal right or privilege with respect to his personnel records maintained by a non-party.[5] Given this clear

---

person from annoyance, embarrassment, oppression, or undue burden or expense . . ." *Id*. (emphasis added).

  Mr. Baker has failed to file any certification as required by Rule 26, therefore, his *Motion for Protective Order* may be dismissed on that basis alone. Mr. Baker has also failed to properly confer with ALSTOM pursuant to Local Rule 7(m) and file a proper statement of his efforts to comply with said rule.

[5] Mr. Baker would have no basis to assert any personal right with respect to the personnel records maintained by either AMTRAK and/or SAIC. Mr. Baker testified that he works for AMTRAK at its

authority, Mr. Baker's *Motion for Protective Order* must be dismissed because he lacks standing to pursue such relief.

B.  *Plaintiff's Representations Regarding His Academic Credentials Are Clearly Relevant.*

Mr. Baker has placed the issue of his academic pedigree at the forefront of this case. This issue of resume fraud permeates Mr. Baker's Complaint, his discovery-related requests and his testimony. *See supra*. Mr. Baker's prior representation that he possessed a bachelor's degree and his recent contradictions that he actually does not have that academic credential is an important issue as it relates to Mr. Baker's claim and ALSTOM's defenses. Mr. Baker relies upon his current contention that he does not hold such a degree to buttress his claim that he was misclassified as exempt from overtime. Conversely, ALSTOM relied, in part, on Mr. Baker's representations regarding his academic credentials to assign him his duties and responsibilities. Accordingly, the issue of Mr. Baker's academic credentials is clearly relevant in this case.

Rule 26(b)(1) permits parties to seek discovery for good cause of any matter relevant to the subject matter of the action.[6] *See e.g. FDIC v. Wise*, 139 F.R.D. 168, 170 (D.Colo. 1991)(under Rule 26(b)(1), materials need only be relevant to the subject matter of the litigation to be discoverable); *Mitsui & Co. v. P.R. Water Res. Auth.*, 79 F.R.D. 72, 80 (D.P.R. 1978); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 138 (W.D. Okla. 1977);

---

Washington, D.C. location and for SAIC in Maryland. Neither Washington, D.C., nor Maryland afford an employee of a private company any statutory entitlement or privilege with respect to personnel files maintained by the company.

[6] Rule 26(b)(1) instructs that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

*Bowman v. General Motors Corp.*, 64 F.R.D. 62, 69 (E.D.Pa. 1974); *Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589, 590 (D.Neb. 1995)(stating that discovery rules are to be "broadly and liberally construed" to serve purpose of discovery).

The term "relevant" encompasses any matter "that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v Sanders*, 437 U.S. 340, 351 (1978). "Requests for discovery should be considered relevant if there is any possibility that information sought may be relevant to the subject matter of the action." *Detweiler Bros. v. John Graham & Co.*, 412 F.Supp. 416, 422 (E.D.Wash. 1976), citing 8 Charles A. Wright, et. al., Federal Practice and Procedure § 2008, at 108-09 (2d ed. 1994); *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D.Kan. 2000); *Gatewood v. Stone Container* Corp., 170 F.R.D. 455, 458 (S.D.Iowa 1996); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 287 (C.D.Cal. 1996); *DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 5 (N.D.N.Y. 1998); *Gladfelter v. Wal-Mart Stores, Inc.*, 1138 F.R.D. 589, 590 (D.Neb. 1995); *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 544 (N.D.Ind. 1991); *Alexander v. FBI*, 194 F.R.D. 316, 325 (D.D.C. 2000).

What is otherwise discoverable by the evidentiary standard of relevancy is entirely different than what a party may pursue under the discovery standard of relevancy. *See* Fed.R.Civ.P., 26(b), Notes of Advisory Comm. – 1946 Amendments. "It is much broader in scope and encompasses any information that relates to the subject matter of a case, regardless of its admissibility at trial." *See* Discovery Practice, Roger S. Haydock and David F. Herr, (4th Ed. 2002). *See also Freeman v. Seligson*, 405 F.2d 1326, 1335 (D.C.Cir. 1968); *Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589, 590

(D.Neb. 1995); *Weiss v. Amoco Oil Co.*, 142 F.R.D. 311, 315 (S.D.Iowa 1992); *United States v. City of Torrance*, 164 F.R.D. 493, 495 (C.D.Cal. 1995); *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997). Courts have consistently held that discovery is appropriate even if it is intended only to acquire impeachment information. *See e.g. Neuberger & Scott v. Shapiro*, 196 F.R.D. 286 (E.D.Pa. 2000).

Mr. Baker consistently represented to ALSTOM that he possessed a bachelor's degree in Electrical Engineering. Whether and how Mr. Baker has perpetuated his resume fraud with subsequent employers is clearly relevant information both to explore his duties and credibility.

WHEREFORE, Defendant, ALSTOM Transportation Inc., respectfully requests that the Court issue an *Order* dismissing Plaintiff's *Motion for Protective Order*.

Respectfully Submitted,

_____/s/_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM Transportation Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil File No.: 05-CV-1352(RCL) |
| | ) |
| ALSTOM TRANSPORTATION INC. | ) |
| | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 11th day of November 2005, that a copy of the foregoing *Defendant's Motion and Memorandum of Law In Opposition to Plaintiff's Motion for Protective Order* were served upon Plaintiff's counsel identified below:

Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036


_____/s/_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM Transportation Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER<br><br>Plaintiff,<br><br>vs.<br><br>ALSTOM TRANSPORTATION INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil File No.: 05-CV-1352(RCL)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon consideration of Plaintiff's *Motion for Protective Order*, Defendant's *Opposition*, Plaintiff's *Reply* and all argument, it is hereby ORDERED, that, Plaintiff's *Motion for Protective Order* is DENIED.

_____       _____
Date                                              Judge, United States District Court