**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN PATRICK BAKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil File No.: 05-CV-1352(RCL) |
| | ) |
| ALSTOM TRANSPORTATION INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL: POINTS AND AUTHORITIES

Defendant, ALSTOM Transportation Inc. ("ALSTOM"), through undersigned counsel, responds to *Plaintiff's Motion to Compel*. The Federal and Local Rules of discovery encourages parties to make good faith efforts to resolve their discovery disputes without seeking the intervention of the Court. ALSTOM has responded to each of Plaintiff's discovery demands and requests for supplemental responses. Moreover, ALSTOM has invited Plaintiff on multiple occasions to articulate the basis of any discovery-related concern. Despite these good-faith efforts, Plaintiff has summarily disengaged from the collaborative process.[1] Plaintiff has also declined to respond to ALSTOM's supplemental discovery responses and has failed to extend the courtesy of a single telephone call to ALSTOM's counsel regarding any discovery concern. Additionally, Plaintiff's Motion to Compel fails to properly reference ALSTOM's supplemental discovery responses and, thus, advise the Court of ALSTOM's good-faith

---

[1] In stark contrast, ALSTOM has engaged in good faith efforts with Plaintiff regarding Plaintiff's belated discovery responses. Plaintiff filed late responses to ALSTOM's First Set of Interrogatories, First Request for Production of Documents and failed to produce requested documents identified in Plaintiff's deposition for nearly two months. Plaintiff's failure to provide the most basic of information, has hindered ALSTOM's effort to fully and comprehensively prepare its own witnesses for their depositions. Nonetheless, ALSTOM recognizes the value of amicably resolving discovery disputes, if at all possible, without seeking the needless intervention of the Court.

1

efforts to resolve any discovery dispute.  Plaintiff's Motion to Compel is not made in good faith and any suggestion on Plaintiff's part that ALSTOM has failed to be responsive in the discovery process is patently disingenuous.  A review of the relevant procedural facts and ALSTOM's efforts to amicably resolve Plaintiff's self-described discovery concerns clearly demonstrates the insincerity of Plaintiff's instant Motion to Compel.

Finally, Plaintiff has failed to certify his effort to confer with ALSTOM's counsel as required by the Local Rules of Practice, Rule 7(m) and Fed.R.Civ.P., Rule 37(d).  *See infra*, at ¶¶ 6 and 7.  Accordingly, Plaintiff's Motion to Compel must be dismissed on the aforesaid grounds and foregoing analysis.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY AND FACTS

1.    On September 14, 2005, the Court issued a Scheduling Order which designated November 14, 2005, as the date that discovery would close.

2.    On September 19, 2005, ALSTOM served Plaintiff with its Response to Plaintiff's Requests for Admissions.[2]  On September 27, 2005, Plaintiff forwarded a letter which contended that ALSTOM's Responses were "deficient."

On October 4, 2005, ALSTOM responded to Plaintiff's self-described discovery concerns with a comprehensive 13-page response to each of Plaintiff's objections (and supplementing ALSTOM's prior responses where necessary).  ALSTOM's counsel invited Plaintiff's attorney to contact him whenever convenient if there were any questions or concerns regarding the response.

---

[2] Plaintiff contends in his Motion to Compel that ALSTOM's Responses to Plaintiff's Requests for Admission were filed after the September 17th deadline, thus late.  However, Plaintiff ignores the fact that September 17th fell on a Saturday.  As such, ALSTOM's September 19th (not September 20th), filing was not late.

Plaintiff failed to respond to ALSTOM's October 4th letter until November 2, 2005. On November 2nd, by email, Plaintiff expressed his intention to file a Motion to Compel more complete answers to Plaintiff's Responses to Plaintiff's Requests for Admissions.

On November 3, 2005, ALSTOM's counsel responded to Plaintiff's November 2nd email, by reminding Plaintiff's attorney of his failure to respond to the October 4th letter. ALSTOM's counsel further noted Plaintiff's failure to extend the courtesy of a single telephone call to discuss the issue or to engage in constructive dialog.

On November 11, 2005, Plaintiff filed a Motion to Compel without responding to ALSTOM's October 4th letter or extending the courtesy of a single telephone call regarding this issue.

3.      On October 4, 2005, ALSTOM served Plaintiff with its Answers to Plaintiff's Interrogatories. On October 14, 2005, Plaintiff forwarded a letter to ALSTOM's counsel, contending that ALSTOM's Answers to Plaintiff's Interrogatories were not complete.

On November 3, 2005, ALSTOM responded to Plaintiff's October 14th letter by serving Plaintiff's counsel with a 15-page letter responding to each of Plaintiff's objections (and supplementing ALSTOM's prior Answers to Interrogatories where necessary). Plaintiff's instant Motion to Compel fails to fully set forth the substance of the supplemental responses contained in ALSTOM's November 3rd letter.[3] Moreover, Plaintiff made no effort to communicate with ALSTOM's counsel regarding the issue of

---

[3] Instead, in the text of his Motion to Compel, Plaintiff advances objections to ALSTOM's original Answers to Interrogatories (served on October 4th), without fully referencing ALSTOM's supplemental responses (served on November 3rd). Plaintiff's sharp practice only serves to mislead the Court.

ALSTOM's Interrogatory responses after receiving ALSTOM's November 3rd supplemental Answers.

On November 11, 2005, Plaintiff filed a Motion to Compel without responding to ALSTOM's November 3rd supplemental submission or extending the courtesy of a single telephone call regarding this issue.

4.    On September 21, 2005, ALSTOM served Plaintiff with its Responses to Plaintiff's Request for Production of Documents. In addition to its formal discovery response, ALSTOM originally provided Plaintiff with a number of documents consisting of ALS 0001 – 0071 as a part of its Initial Disclosures.[4]

On September 27, 2005, Plaintiff forwarded a letter which contended that ALSTOM's Responses were "deficient." In response, on October 4, 2005, ALSTOM provided a comprehensive response to Plaintiff's September 27th letter, responding to each of Plaintiff's objections (and supplementing ALSTOM's prior responses where necessary). Again, ALSTOM's counsel invited Plaintiff's counsel to contact him whenever convenient if there were any questions or concerns regarding the response.

On October 10, 2005, ALSTOM provided Plaintiff with additional documents responsive to Plaintiff's Request for Production of Documents (ALS 0071 – 0491).

On October 14, 2005, Plaintiff's attorney forwarded a letter to ALSTOM's counsel, wherein he suggested that he had received ALSTOM's October 10th document submission and would be reviewing it "to see if they now make any of [ALSTOM's] responses complete."

---

[4] ALSTOM timely filed its Initial Disclosures on September 16, 2005 and attached the above-referenced documents. Conversely, Plaintiff failed to provide any documents responsive to his Initial Disclosures until November 7, 2005, after repeated prompting by ALSTOM's counsel.

By email, dated November 2, 2005, Plaintiff's attorney expressed his intention to file a Motion to Compel more complete responses to Plaintiff's Request for Production of Documents.

On November 3, 2005, ALSTOM's counsel reminded Plaintiff's attorney of his failure to respond to ALSTOM's October 4th letter or its subsequent document production. ALSTOM's counsel further noted Plaintiff's failure to extend the courtesy of a single telephone call to discuss the issue or to engage in constructive dialog.

On November 11, 2005, Plaintiff filed a Motion to Compel without responding to ALSTOM's October 4th letter or extending the courtesy of a single telephone call regarding this issue.

5.      ALSTOM has continued to cooperate in the discovery process, notwithstanding Plaintiff's apparent unwillingness to engage in a collaborative approach.

6.      Local Rule 7(m) requires that counsel for the moving party confer in good faith with opposing counsel before the filing of any non-dispositive motion and to file a statement regarding any such effort. Plaintiff has failed to confer with ALSTOM's counsel and has not filed the required Rule 7(m) statement. Plaintiff's Motion to Compel must be dismissed.

7.      Fed.R.Civ.P., Rule 37(d) instructs that a party seeking to compel discovery responses pursuant to Rule 33 or Rule 34 must include a certification that the party has attempted to confer with the adverse party in good faith. Plaintiff has failed to file the required Rule 37(d) certification. Accordingly, Plaintiff's Motion to Compel must be dismissed.

### INTERROGATORIES, ANSWERS TO INTERROGATORIES, PLAINTIFF'S OBJECTIONS TO DEFENDANT'S ANSWERS AND DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS[5]

**INTERROGATORY NO. 1**:    Identify all persons who have knowledge of the allegations and underlying facts set forth in the underlying Complaint and in your Answer and set forth, as to each person, the detailed facts to which that person has knowledge.

**ANSWER TO INTERROGATORY NO. 1**:    Objection.  ALSTOM objects to any suggestion that the version of events and facts alleged in Plaintiff's Complaint are accurate.  Without waiver of this objection, and subject strictly thereto, ALSTOM states the following:  Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination.  Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed.  Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM.  ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 1**:  Defendant did not comply with Definition No. 6 and provide contact information for the witnesses identified in its answer.  It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories.  See *Jumawid v. Rose*, 126 F.R.D. 641 (D.D.C. 1989); *Founding Church of Scientology v. Director, F.B.I.*, 27 Fed. R. Serv. 2d 601 (D.D.C. 1979); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967).  Nor does defendant provide ANY "detailed facts to which that person has knowledge."

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 1**:

Plaintiff's objections lack merit.  With respect to Plaintiff's contrived fury regarding the omission of contact information for the named individuals, ALSTOM objects to any attempt by Plaintiff to engage in *ex parte* communications with its current officers, directors, managers, supervisors and agents, absent ALSTOM's prior consent or independent authorization by law.  Without waiver of this objection, and subject strictly thereto, ALSTOM identifies the following contact information for the individuals cited in

---

[5] ALSTOM reiterates its prior Answers and supplemental responses to Plaintiff's Interrogatories in light of Plaintiff's failure to properly reference ALSTOM's supplemental responses in his Motion to Compel.

Answer to Interrogatory No. 1: ALSTOM Transportation Inc., 1 Transit Drive, Hornell, NY 14843, (607) 324-4595.

Additionally, ALSTOM fully expressed the facts to which each person has knowledge. As such, Plaintiff's objection regarding the completeness of ALSTOM's Answer is similarly without merit. Without waiver of these objections, and subject strictly thereto, ALSTOM will supplement its Answer if additional, relevant, non-privileged facts are discovered.

**INTERROGATORY NO. 7**:    Describe in detail all the circumstances of defendant's hiring plaintiff as an electrical engineer, including without limitation, all communications defendant had with plaintiff about the position(s) for which it considered him and the position(s) which it offered to him.

**ANSWER TO INTERROGATORY NO. 7**:    Please refer to Answer to Interrogatory No. 6.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 7**: This interrogatory went beyond Interrogatory No. 6, yet you incorporate by reference your flimsy response to No. 6. Please provide a more complete response or we will move to compel one.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 7**:

Plaintiff's objection lacks merit. Plaintiff's objection is also incoherent and inflammatory. Furthermore, Plaintiff has failed to articulate a legitimate basis for his objection. As such, a response is unnecessary and ALSTOM relies upon its Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8**:    Describe in detail all of the electrical engineer's duties during the period between January 1, 2001, and December 31, 2004.

**ANSWER TO INTERROGATORY NO. 8**:    Objection. ALSTOM objects on the grounds that this *Interrogatory* is vague, overly broad, oppressive not reasonably calculated to lead to the discovery of relevant or admissible evidence. ALSTOM further objects on the basis that Plaintiff fails to specify the identity of the particular electrical engineer in question and the potential of variances in the day-to-day duties and

responsibilities for different employees may exist.  As such, Defendant is incapable of framing an appropriate response.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 8**:  The objections lack merit.  Instruction No. 7 informed defendant, "Unless otherwise indicated, all information requested pertains to defendant's operations in the Metropolitan Washing, D.C. area and to the period from January 1, 2000, to and including the date on which trial begins," so that was the broadest scope possible.  Since ALSTOM apparently employed only a few electrical engineers in that area (at least you have not stated otherwise), it should not have been unduly burdensome to give a complete answer to that interrogatory.  Further, in context, following the reference to "electrical engineer" in Interrogatory No. 7, you should have realized we were referring to plaintiff's job as electrical engineer.  Please provide a complete response promptly or we will move to compel one.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 8**:

Plaintiff's objection lacks merit.  ALSTOM reiterates its objection and Answer to this Interrogatory.  Without waiver of these objections, and subject strictly thereto, ALSTOM relies upon the documents previously supplied, to include ALS 0041 – 0045 and ALS 0356 – 0370.

**INTERROGATORY NO. 10**:    Describe in detail all supervision of plaintiff when he worked for defendant  as an electrical engineer.

**ANSWER TO INTERROGATORY NO. 10**:    Objection.  Plaintiff may primarily self directed.  See ALS 0041 – 0045.  Without waiver of this objection, and subject strictly thereto, ALSTOM states the following:  ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0041 – 0045, ALS 0356 - 0370.  ALSTOM further states that its present and/or past managers, to include, but not limited to, Phil Schulp, Curtis Moses, Joe Cruz, Jack Schroeder, Matt Rivera and Pascal Gerod served as resources for Plaintiff and assisted Plaintiff is setting day-to-day task-related priorities.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 10**:  Your response is confusing.  What do you mean, "Plaintiff may primarily self directed"?  Further, you identify six of plaintiff's managers, but do not describe what role they had in supervising him.  Please make this response complete, or we may move to compel a complete response.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 10**:

As a preliminary response, Plaintiff is advised to substitute the following sentence in the above-referenced Answer: "Plaintiff *was* primarily self-directed." Plaintiff's objection to ALSTOM's Answer lacks merit. Plaintiff was primarily self-directed, as opposed to being "supervised." The documents cited in response to this Interrogatory reveal Plaintiff's own admission of this fact. As such, ALSTOM's reliance on the documents cited was appropriate. Fed.R.Civ.P., Rule 33(d) specifically instructs that where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine . . . such records . . . *Id*. In response to this Interrogatory, ALSTOM provided Plaintiff with documents that fully answered the inquiry. Moreover, the roles of each manager and/or supervisor cited was provided. Without waiver of these objections, and subject strictly thereto, ALSTOM will supplement its Answer upon the discovery of relevant, non-privileged, discoverable information.

**INTERROGATORY NO. 14:** Describe in detail all communications which defendant had with plaintiff about his status as exempt or non-exempt before it discharged him.

**ANSWER TO INTERROGATORY NO. 14:** ALSTOM elects to produce documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and directs Plaintiff's attention to documents previously provided and/or available for inspection, to include, but not limited to, ALS 0026, wherein Plaintiff was specifically advised that his full time position as an Electrical Engineer "would be exempt from overtime."

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 14**:  The interrogatory was not limited to <u>written</u> communications.  Defendant's reliance on a document (ALS 0026) does not answer the interrogatory completely.  Therefore, unless you supplement your response soon, we may need to move to strike any later, inconsistent information you may provide in this litigation.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 14**:

Plaintiff's objection lacks merit.  Fed.R.Civ.P., Rule 33(d) specifically instructs that where an answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine . . . such records . . . . *Id*.  In response to this Interrogatory, ALSTOM provided Plaintiff with documents that fully answered the inquiry.

**INTERROGATORY NO. 17**:    Describe in detail all communications which defendant ever had with plaintiff about overtime pay before he filed this suit.

**ANSWER TO INTERROGATORY NO. 17**:    Objection.  ALSTOM objects on the grounds that information responsive to this Interrogatory may be protected from disclosure pursuant to FRE 408.  Without waiver of this objection, and subject strictly thereto, please refer to Answer to Interrogatory No. 6.  ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 17**:  You state, "ALSTOM will supplement its answer upon the discovery of any relevant, non-privileged, discoverable information."  What steps is defendant taking to discover any further information which is responsive to this interrogatory?

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 17**:

ALSTOM's Answer properly directed Plaintiff to its Answer to Interrogatory No. 6, which afforded a complete response to this Interrogatory.  Plaintiff has failed to

suggest the basis of his objection in light of ALSTOM's prior Answer.  As such, a

response is unnecessary and ALSTOM relies upon its Answer to Interrogatory No. 6.

ALSTOM reiterates that it will supplement its Answer upon the discovery of any

relevant, non-privileged discoverable information, consistent with the federal and local

rules of procedure.

**INTERROGATORY NO. 18**:        Describe in detail all facts which could possibly
permit defendant to classify plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 18**:        ALSTOM    elects    to    produce
documents responsive to this *Interrogatory* pursuant to Fed.R.Civ.P., Rule 33(d) and
directs Plaintiff's attention to documents previously provided and/or available for
inspection, to include, but not limited to, Plaintiff's job offer (ALS 0026), wherein he was
notified that his position as an Electrical Engineer was exempt.  ALSTOM also refers
Plaintiff to its job posting for the Electrical Engineer position (ALS 0022), which
describes the necessary experience, skills, education and training required for the
position.  ALSTOM also relies upon Plaintiff's representations that he possessed the
requisite skills, training and education to serve as an overtime-exempt Electrical
Engineer.

**PLAINTIFF'S  OBJECTION  TO  ANSWER  TO  INTERROGATORY  NO.  18**:
Defendant states: "ALSTOM  elects  to  produce  documents  responsive  to  this
Interrogatory pursuant to Fed.R.Civ.P. Rule 33(d) and directs Plaintiff's attention to
documents previously provided and/or available for inspection to include, but not limited
to, Plaintiff's job offer (ALS 0026), wherein he was notified that his position as an
Electrical Engineer was exempt."  In addition, ALSTOM refers to the job posting (ALS
0022) and various representations which defendant asserts were made by plaintiff.  We
note, however, that some of the defendant's late discovery responses contradict its
position that the position was exempt.  Accordingly, we will move to strike any
additional or more detailed information which defendant may later seek to introduce on
this topic.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 18**:

        Plaintiff has failed to articulate any legitimate objection to ALSTOM's Answer to

this Interrogatory.  Instead, Plaintiff posits a self-serving statement regarding the merits

of his case.  Plaintiff additionally disregards his own prior communications with

ALSTOM regarding his ability to serve in the position of an exempt Electrical Engineer

and his prior representations regarding his educational background.  As such, a response

is unnecessary and ALSTOM relies upon its Answer to Interrogatory No. 6.

**INTERROGATORY NO. 19**:     Describe in detail any legal opinions on which
defendant may have relied in classifying plaintiff as exempt from overtime pay.

**ANSWER TO INTERROGATORY NO. 19**:     Objection.  ALSTOM objects on the
grounds that this *Interrogatory* is seeks information protected from disclosure by the
attorney-client privilege and/or work product doctrine.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 19**:
Legal opinions on this subject are not exempt from disclosure under the attorney-client
privilege or work product doctrine, since it is a defense to a claim of liquidated damages
"if the employer shows to the satisfaction of the court that the act or omission giving rise
to such action was in good faith and that the had reasonable grounds for believing that his
act or omission was not a violation of the Fair Labor Standards Act of 1938, as
amended."  29 U.S.C. §260.  *See Intex Rec. Corp. v. Metalast*, 2005 U.S. Dist. LEXIS
10147, *6-7 (D.D.C., May 20, 2005) (asserting waive of attorney-client privilege where
client's reliance on advice of counsel raised its affirmative defense); *Minebea Co. v.
Papst*, 355 F.Supp. 2d 518, 523-25 (D.D.C. 2005) (finding attorney-client privilege
waived when raising affirmative defense that makes intent and knowledge of the law
relevant); *Recycling Solutions v. District of Columbia*, 175 F.R.D. 407, 408-09 (D.D.C.
1997); *United States v. Exxon Corp*., 94 F.R.D. 246, 248-249 (D.D.C. 1981); *Anderson v.
Nixon*, 444 F.Supp. 1995, 1200 (D.D.C. 1978).  However, if defendant waives any right
to this defense, we will not press for a complete response.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 19**:

        Plaintiff's objection lacks merit.  Plaintiff's objection also fails to reference any

defense cited by ALSTOM that would support its objection to ALSTOM's Answer.  As

such, a response is unnecessary and ALSTOM reiterates its prior Answer to this

Interrogatory.

**INTERROGATORY NO. 21**:     Describe in detail any overtime pay which
defendant has paid any of its electrical engineers anywhere in the United States, including
without limitation their identify, their work sites, their position titles and the dates of such
pay.

**ANSWER TO INTERROGATORY NO. 21**:     Objection.  The position of Electrical
Engineer is an overtime exempt position.  ALSTOM directs Plaintiff's attention to ALS
0022 for a description of the position.  Without waiver of this objection, and subject

strictly thereto, ALSTOM will supplement its answer if any relevant, non-privileged, discoverable information exists.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 21**:  The response is woefully inadequate.   Until it had provided the documents yesterday, ALSTOM had not provided any documents regarding any overtime pay it has paid any electrical engineers.   Please provide a complete answer now, or at least indicate steps defendant has taken to respond completely to this interrogatory.   "[A] party cannot take a purposeful restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control…." *Weaver v. Gross*, 107 F.R.D. 715, 717 (D.D.C. 1985).  *See also Morgan v. Federal Home Loan Mortg. Corp.*, 197 F.R.D. 12 (D.D.C. 2000) (ordering the defendant to provide declarations regarding discovery information sought by the plaintiff); Tavoulareas v. Piro, 93 F.R.D. 11, 20-21 (D.D.C. 1981) (court ordered plaintiff to produce not only documents which were under his possession or control, but also documents for which he had a legal right to control or obtain, and to show in detail that he had made a good-faith effort to do so and that that effort had been unavailing).

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 21**:

Plaintiff's objection lacks merit.  The position of Electrical Engineer is overtime exempt.

ALSTOM reiterates its Answer to this Interrogatory.  Without waiver of these objections,

and subject strictly thereto, ALSTOM will supplement its Answer to this Interrogatory

upon the discovery of relevant, non-privileged, discoverable information.

**INTERROGATORY NO. 22**:      Describe in detail any complaints or suits for overtime pay ever brought by or on behalf of any employees against defendant (whether in court or in any administrative agencies), and all decisions or opinions with respect to those complaints for suits.

**ANSWER TO INTERROGATORY NO. 22**:      Objection.  ALSTOM objects to this Interrogatory on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive.  Defendant further objects on the basis that this Interrogatory has absolutely no relevance to the subject matter of this litigation.  As such, this Interrogatory is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to respond.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 22**:The objections are meritless.  Decisions and pleadings in overtime cases involving this same defendant may be instructive not only on the defendant's overtime pay practices; they may also include admissions or declarations against interest or even findings that ALSTOM's electrical engineers are not exempt!  If so, ALSTOM could be collaterally

estopped from making its exemption defense here.  See *Rudberg v. State of Nevada*, 896 F.Supp. 1017 (D. Nev. 1995) (preclusive effect against employees); *Donovan v. United States Postal Service*, 530 F.Supp. 894, 897-900 (D.D.C. 1981).  That defendant is withholding such documents can readily lead to the adverse inference that it must have documents about prior cases which could help plaintiff here.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 22**:

Plaintiff's objection lacks merit.  Without waiver of its objections, and subject

strictly thereto, ALSTOM supplements its Answer to this Interrogatory by stating that it

is unaware of any other "complaints or suits."

**INTERROGATORY NO. 23**:    Describe in detail any facts which could possibly support plaintiff's claims herein.

**ANSWER TO INTERROGATORY NO. 23**:    Objection.  ALSTOM objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive.  ALSTOM further objects on the grounds that this Interrogatory calls for information protected from disclosure by attorney-client privilege and/or work product doctrine.  Defendant also objects to the extent that this Interrogatory is redundant and/or duplicitous to the previously-referenced Requests.

**PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 23**:  The objections lack merit.  We do not ask for any specific privileged documents, but request "[a]ny facts which could possibly support plaintiff's claims."  The request is justifiable. Defendant must provide all evidence which is relevant to plaintiff's claims, even evidence which supports <u>his</u> claims.  *See B. Braun Medical Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).  "Moreover, "[i]t is well settled that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact."  *Sargent-Welch Scientific Co. v. Ventron Co*., 59 F.R.D.500, 402 (N.D. Ill. 1973).  *Accord*., *King v. E.F. Hutton & Co., Inc*., 117 F.R.D. 2, 5-7 (D.D.C. 1987); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3,4 (D. Md. 1967).  Indeed, even a party's expected contentions at trial are discoverable.  *See Anderson v. United Airlines, Inc*., 49 F.R.D. 144, 148 (S.D.N.Y. 1969).  Further, even if the interrogatory is redundant or duplicative, defendant sill must answer it.

**RESPONSE TO PLAINTIFF'S OBJECTION TO INTERROGATORY NO. 23**:

Plaintiff's Interrogatory amounts to nothing more than a fishing expedition.

Plaintiff's claims against ALSTOM lack merit.  As such, there is no basis for Plaintiff to

assert that any facts exist that would support his claim.

**REQUESTS FOR ADMISSIONS, RESPONSESTO REQUESTS FOR ADMISSION, DEFENDANT'S RESPONSES AND DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS[6]**

**REQUEST FOR ADMISSION NO. 2:**    Do you admit that plaintiff has no bachelor's or advanced degrees?

**RESPONSE:**    Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding the allegations set forth this Request. Without admitting or denying the allegation, Defendant relies upon plaintiff's application for employment, which represents that he held such a degree.

**RESPONSE TO OBJECTION**:    Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the request.    Plaintiff has represented at various points during the course of his employment (even under oath), that he possessed a bachelor's degree.    Defendant relied upon those representations in offering Plaintiff a position with the company.    Plaintiff now suggests that his prior representations regarding his educational background were false.    As such, Defendant is without sufficient information, knowledge or belief regarding the veracity of Plaintiff's prior attestations.    Moreover, Plaintiff has failed to submit a copy of his college transcripts as a part of his Initial Disclosures.

**REQUEST FOR ADMISSION NO. 4:**    Do you admit that in his interview of plaintiff, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked?

**RESPONSE:**    Defendant admits that plaintiff was interviewed for a position with the company.  Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation.  Defendant states that it has made reasonable inquiry.  However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Rivera.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

---

[6] ALSTOM reiterates its prior supplemental Response to Plaintiff's Requests for Admissions in light of Plaintiff's failure to properly reference ALSTOM's supplemental responses in his Motion to Compel.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 36 and fairly meets the substance of the request.  Notwithstanding the

adequacy of Defendant's prior response, Defendant has made additional further inquiry

into the allegation set forth in this Request and restates its denial.

**REQUEST FOR ADMISSION NO. 9**:    Do you admit that plaintiff's position did not
require a prolonged course of specialized intellectual instruction?

**RESPONSE**:    Defendant neither admits nor denies any legal conclusion relating to the
term "prolonged course of specialized intellectual instruction," which is vague, unduly
broad and ambiguous as a request for admission.  Defendant, instead, admits that the Job
Posting advertising the position of Electrical Engineer, that plaintiff applied for, stated
the following requirement:  "Bachelor's or higher degree in Electrical, Electronic, or
other appropriate engineering field" and plaintiff's application for employment represents
that he held an advanced degree.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Moreover, Plaintiff

has failed to respond to Defendant's concern regarding the ambiguity of this Request or

its reference to a legal term of art.

**REQUEST FOR ADMISSION NO. 12**:    Do you admit that defendant supervised
plaintiff's work for it?

**RESPONSE**:    This Request is vague, ambiguous and difficult to decipher and
Defendant can neither admit nor deny this Request.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Plaintiff's Request

is not artfully phrased and Plaintiff has failed to respond to Defendant's concern

regarding its ambiguity.

**REQUEST FOR ADMISSION NO. 13**:    Do you admit that during the period covered
by his claims herein, plaintiff did not supervise any employees?

**RESPONSE**:     Defendant denies the allegation set forth in this Request and specifically states that plaintiff was directly and/or indirectly responsible for the work of others through quality assurance and the rendering of necessary and timely assistance.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegation set forth in the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 14**:     Do you admit that the period covered by his claims herein, plaintiff did not work unsupervised?

**RESPONSE**:     Defendant denies the allegation set forth in this Request and responds that plaintiff was primarily self-directed.  Defendant further states that plaintiff had reporting requirements and his performance was evaluated.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegation set forth in the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 15**:     Do you admit that from January 2001 to August 2001, plaintiff often worked over nine hours a day, without a lunch break?

**RESPONSE**:     Defendant admits that plaintiff submitted and Defendant maintained daily time records, and denies the opinion embedded in this Request as to the frequency of a 9-hour work day.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding whether plaintiff consumed lunch on break on any given day.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant admitted the existence of daily time records and properly stated its lack of information, knowledge or belief regarding Plaintiff's self-serving observation that he did not lunch on any given

day.   Plaintiff fails to state his basis for concluding that Defendant's response was

inadequate.

**REQUEST FOR ADMISSION NO. 18**:    Do you admit that between August 2001
through December 2001, plaintiff worked nearly 160 hours of overtime?

**RESPONSE**:     Defendant admits that plaintiff worked in excess of a 40 hour work
week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee,
was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:     Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied

plaintiff's suggestion that he was entitled to overtime compensation and on that basis

denied that the hours that plaintiff worked beyond a 40 hour week were "overtime."

Plaintiff fails to state his basis for concluding that Defendant's responsive denial was

inadequate.

**REQUEST FOR ADMISSION NO. 21**:    Do you admit that in February 2002 Curtis
Moses ordered plaintiff not to include his overtime hours on his time sheet?

**RESPONSE**:     Defendant admits that plaintiff made notations on his company
timesheet regarding his hours worked.  Defendant denies that plaintiff was instructed not
to capture his work hours.  Defendant denies any suggestion that plaintiff, as a statutorily-
exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:     Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied

plaintiff's suggestion that he was entitled to overtime compensation and on that basis

denied that he received any instructions regarding "overtime hours."  Plaintiff fails to

state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 23**:    Do you admit that in November 2002 after
plaintiff indicated to Gabriel Amar, the Operations Manager, that he had been working
overtime to complete various Operational Commitments, Mr. Amar promised that
defendant would compensate plaintiff for the overtime he worked?

**RESPONSE**:     Defendant admits that it consistently sought to fairly compensate all of its employees, to include plaintiff, through payment of additional compensation calculated in the form of overtime.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 24:**     Do you admit that after August 2001 defendant did not pay plaintiff overtime pay?

**RESPONSE**:     Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Defendant denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION**:     Defendant's response complied with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 27**:     Do you admit that in March 2003 Mr. Amar indicated to plaintiff that he would not have to work as many overtime hours?

**RESPONSE**:     Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of decreased hours.  Defendant states that it has made reasonable inquiry.  However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.  Furthermore, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:     Defendant's response complied with Fed.R.Civ.P., Rule 36 and fairly meets the substance of the Request.

**REQUEST FOR ADMISSION NO. 28**:     Do you admit that on or about August 23, 2003, defendant asked or ordered plaintiff to work overtime to repair a locomotive?

**RESPONSE**:    This Request is vague, ambiguous and fails to specifically identify the purported person who "asked" or "ordered" plaintiff toward any purpose.  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations

set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's

responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 29**:    Do you admit that about August 23, 2003, defendant promised to pay plaintiff overtime pay for repairing said locomotive?

**RESPONSE**:    This Request is vague, ambiguous and fails to specifically identify the purported person who made any purported promise to plaintiff.  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation and denies the remaining allegations of this Request.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations

set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's

responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 30**:    Do you admit that plaintiff did the requested overtime work, but defendant did not compensate him for that overtime or for many other hours of overtime which management ordered him to work?

**RESPONSE**:    This Request fails to specifically identify the person who  allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.  Furthermore, Defendant denies any allegation that it failed to pay plaintiff what it was obligated to pay him by law.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations

set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's

responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 31**:    Do you admit that on or about August 28, 2003, defendant asked or ordered plaintiff to work overtime to complete a repair job and promised that defendant would compensate plaintiff for working overtime?

**RESPONSE**:    This Request fails to specifically identify the person who  allegedly "ordered" plaintiff to perform "overtime."  As such, Defendant neither admits nor denies this Request.  To the extent that any Response is feasible, Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations

set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's

responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 32**:    Do you admit that in November Mr. Amar informed plaintiff that defendant's Human Resources department was in the process of reviewing all of the Field Services job descriptions and pay structures and that defendant would pay overtime pay to all field engineering personnel as non-exempt employees?

**RESPONSE**:    This Request fails to specify the calendar year at issue.  However, for the sake of formulating its response, Defendant shall presume that plaintiff is referring to November 2004.  Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation.  Defendant states that it has made reasonable inquiry.  However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Amar.  If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

**SUPPLEMENTAL RESPONSE**:    Denied.

**REQUEST FOR ADMISSION NO. 33**:    Do you admit that after November 2003 defendant did not pay plaintiff overtime pay for his overtime work?

**RESPONSE**:    Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,
Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations
set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's
responsive denial was inadequate.

**REQUEST FOR ADMISSION NO. 34**:    Do you admit that in March Mr. Pete
Dimola (new Project Operations Manager & Eastern Regional Manager) asked plaintiff,
and all other salaried personnel of the Northeast Corridor Project, to submit records of all
of their hours of overtime worked in fiscal years 2002-2003?

**RESPONSE**:    This Request fails to specify the calendar year at issue.  However, for
the sake of formulating its response, Defendant shall presume that plaintiff is referring to
March 2004.  Defendant admits that plaintiff, and others, submitted time records.
Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was
entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,
Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for
concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 36**:    Do you admit that in 2004 defendant paid
Saluka Kulasinghe overtime pay for his overtime work?

**RESPONSE**:    Defendant admits that the named individual was properly classified as a
non-exempt employee and paid accordingly.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,
Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for
concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 37**:    Do you admit that in 2004 defendant paid
Kofi Auane-Osawe overtime pay for his overtime work?

**RESPONSE**:    Defendant admits that the named individual was properly classified as a
non-exempt employee and paid accordingly.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for

concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 40**:    Do you admit that defendant suffered or permitted plaintiff to perform all the work he did for defendant?

**RESPONSE**:    Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.  To the extent that any response is feasible, Defendant admits that plaintiff performed all of the work on his part to be performed.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for

concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 41**:    Do you admit that all of the work which plaintiff performed for defendant benefited it?

**RESPONSE**:    Defendant neither admits nor denies this Request to the extent that it states (or calls for), a legal conclusion.

**RESPONSE TO OBJECTION**:    Defendant's objection is well founded and Plaintiff

fails to clarify or to structure this Request in a fashion that does not call for Defendant to

draw a legal conclusion.

**REQUEST FOR ADMISSION NO. 43**:    Do you admit that defendant was aware that plaintiff sometimes worked more than 40 hours in a workweek?

**RESPONSE**:    Defendant admits that plaintiff's position as an Electrical Engineer necessitated, at times, that he work in excess of 40 hours per week.  Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Plaintiff fails to state his basis for

concluding that Defendant's response was inadequate.

**REQUEST FOR ADMISSION NO. 44**:    Do you admit that defendant did not pay plaintiff for his overtime work during the period of August 2001 to June 2004 with overtime pay at 1.5 times his regular hourly rate?

**RESPONSE**:    Defendant denies any suggestion that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation.

**RESPONSE TO OBJECTION**:    Defendant's response complied with Fed.R.Civ.P.,

Rule 36 and fairly meets the substance of the Request.  Defendant denied the allegations

set forth in this Request.  Plaintiff fails to state his basis for concluding that Defendant's

responsive denial was inadequate.

### REQUESTS FOR PRODUCTION OF DOCUMENTS, RESPONSES TO REQUESTS, DEFENDANT'S RESPONSES AND DEFENDANT'S RESPONSES TO PLAINTIFF'S OBJECTIONS[7]

**REQUEST NO. 2:**  All of plaintiff's pay records.

**RESPONSE TO REQUEST NO. 2**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection, to include, but not limited to ALS 0219 – 221.

**REQUEST NO. 3**:  All of plaintiff's time and attendance records.

**RESPONSE TO REQUEST NO. 3**:    Copies    of    relevant,    non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection, to include, but not limited to ALS 0222 - 0355.

---

[7] ALSTOM reiterates its prior supplemental Response to Plaintiff's Requests for Production of Documents in light of Plaintiff's failure to properly reference ALSTOM's supplemental responses in his Motion to Compel.

**REQUEST NO. 4**: All documents which reflect the time plaintiff worked on any projects.

**RESPONSE TO REQUEST NO. 4**:     Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection, to include, but not limited to ALS 0222 - 0355.

**REQUEST NO. 5**:  All employee handbooks or personnel manuals which defendant has had since January 1, 2000, and which applied to plaintiff.

**RESPONSE TO REQUEST NO. 5**:     Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with

Fed.R.Civ.P., Rule 34.   To the extent that such documents exist, Defendant will

supplement its response upon the discovery of such documents.

**REQUEST NO. 6**: All organization charts which contained or referred to plaintiff's position.

**RESPONSE TO REQUEST NO. 6**:     Copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:     Defendant's response fully complies with

Fed.R.Civ.P., Rule 34.   To the extent that such documents exist, Defendant will

supplement its response upon the discovery of such documents.

**REQUEST NO. 8**: All advertisements for electrical engineer positions or any other positions which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 8**:     Objection.   The term "advertisement" is ambiguous, vague and undefined.  Defendant further objects to this Request on the grounds that it calls for information regarding "substantially similar" positions.  This aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably

calculated to lead to the discovery of admissible evidence.  Without waiver of these objections, and subject strictly thereto, Defendant states that to the extent that this Request calls for relevant job announcement information, Plaintiff has already been served with a copy of the relevant Job Posting, through receipt of Defendant's Initial Disclosures (e.g. ALS 0022).  Defendant will supplement its response to this Request upon the discovery of relevant, non-privileged discoverable documents pursuant to Fed.R.Civ.P., Rule 34.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34 and responsive document(s) has been produced.  Plaintiff's

objection lacks basis.

**REQUEST NO. 9**: All job descriptions for plaintiff's position, all other electrical engineer positions in the Metropolitan Washington area, or any other positions in the Metropolitan Washington area which were substantially similar to plaintiff's.

**RESPONSE TO REQUEST NO. 9**:        Objection.  Plaintiff has already been served with a copy of the relevant Job Posting/Job Descriptions through receipt of Defendant's Initial Disclosures (e.g. ALS 0022).  Defendant further objects to this Request on the grounds that it calls for information regarding "substantially similar" positions.  This aspect of the Request is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of these objections, and subject strictly thereto, Defendant will supplement is response to this Request upon the discovery of relevant, non-privileged discoverable documents pursuant to Fed.R.Civ.P., Rule 34.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34 and responsive document(s) has been produced.  Plaintiff's

objection lacks basis.

**REQUEST NO. 10**: Pay records for all electrical engineers employed anywhere by defendant since January 1, 2000.

**RESPONSE TO REQUEST NO. 10**:        Objection.  Defendant declines to respond to this Request because it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection, to include, but not limited to ALS 0375 - 0395.

**REQUEST NO. 11**: All personnel records of Saluka Kulasinghe.

**RESPONSE TO REQUEST NO. 11**:      Objection.  This Request is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:      Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection, to include, but not limited to ALS 0396 - 0443.

**REQUEST NO. 12**: All personnel records of Kofi Auane-Osawe.

**RESPONSE TO REQUEST NO. 12**:      Objection.  This Request is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of this objection, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:      Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are

available for inspection and/or were previously produced, to include, but not limited to

ALS 0444 - 0491.

**REQUEST NO. 13**: Copies of computer files (including e-mails), magnetic tape recordings, videotapes, and/or photographs which relate or pertain to plaintiff's employment by defendant.

**RESPONSE TO REQUEST NO. 13:**      Objection.  Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests.  Without waiver of these objections, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:      Defendant's    response    fully    complies    with

Fed.R.Civ.P., Rule 34.  Plaintiff fails to respond to Defendant's concern that this request

is redundant to Plaintiff's other requests which call for information related to his employment history. Copies of relevant, non-privileged, discoverable documents are available for inspection and/or were previously produced responsive to Plaintiff's other requests. See e.g. ALS 0001 – 0071.

**REQUEST NO. 14:** All documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints.

**RESPONSE TO REQUEST NO. 14**:    Objection.    Defendant objects to this Request on the grounds that the production of documents related to other employees is overly broad, unduly burdensome and oppressive. Defendant further objects on the basis that the requested documents have absolutely no relevance to the subject matter of this litigation. As such, this Request is not reasonable calculated to lead to the discovery of admissible evidence and Defendant declines to produce such documents.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with Fed.R.Civ.P., Rule 34 and Plaintiff fails to adequately respond to Defendant's concerns.

**REQUEST NO. 15**: Any documents which could possibly support plaintiff's claims.

**RESPONSE TO REQUEST NO. 15**:    Objection.    Defendant objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and oppressive. Defendant further objects on the grounds that this Request calls for information protected from disclosure by attorney-client privilege or work product doctrine. Defendant also objects to the extent that this Request is redundant and/or duplicitous to the previously-referenced Requests. Without waiver of these objections, and subject strictly thereto, Defendant states that copies of relevant, non-privileged, discoverable documents will be made available for inspection pursuant to Rule 34 upon discovery.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with Fed.R.Civ.P., Rule 34 and Plaintiff fails to adequately respond to Defendant's concerns.

Copies of relevant, non-privileged, discoverable documents are available for inspection and/or were previously produced responsive to Plaintiff's other requests.

**REQUEST NO. 18**: All affidavits, reports, or statements taken from any witnesses or prospective witnesses for defendant.

**RESPONSE TO REQUEST NO. 18**:    Objection.    Defendant objects on the grounds that this Request seeks information protected by attorney-client privilege or the work product doctrine.  Defendant further objects to the extent that Plaintiff has already been served with copies of documents relevant to this Request, through receipt of Defendant's Initial Disclosures.  These documents included, but are not limited to, memoranda regarding the basis of Plaintiff's termination (i.e. his assault of a co-worker).  See e.g. ALS 0014 – 18.  Without waiver of these objections, and subject strictly thereto, Defendant states that it will supplement its response upon the discovery of additional relevant, non-privileged, discoverable documents pursuant to Rule 34.

**RESPONSE TO OBJECTION**:    Defendant's    response    fully    complies    with Fed.R.Civ.P., Rule 34.  Copies of relevant, non-privileged, discoverable documents are available for inspection and/or were previously produced, to include, but not limited to ALS 0014 - 0018.  Plaintiff's objection fails to address Defendant's prior production.

Respectfully Submitted,


_____/s/_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax
Attorneys for Defendant, ALSTOM
Transportation Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil File No.: 05-CV-1352(RCL) |
| | ) |
| ALSTOM TRANSPORTATION INC. | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 25th day of November 2005, that a copy of the foregoing *Defendant's Opposition to Plaintiff's Motion to Compel* was served electronically upon Plaintiff's counsel identified below:

Alan Banov, Esquire
Norberto Salinas, Esquire
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036


_____*/s/*_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.