UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-1352 (RCL) |
| | ) |
| ALSTOM TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE COMPLETE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR DOCUMENTS AND TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

Plaintiff Kevin P. Baker, by his undersigned counsel, replies to Defendant's Opposition to Plaintiff's Motion to Compel to correct misstatements of the record defendant made in its Opposition. The misstatements and the corrections are as follows:

1. Defendant contends: "ALSTOM has invited Plaintiff on multiple occasions to articulate the basis of any discovery-related concern. Despite these good-faith efforts, Plaintiff has summarily disengaged from the collaborative process." Def's Opp. at 1. This is patently false. As explained in Plaintiff's motion, on September 27, 2005, plaintiff's counsel sent a "deficiency letter" to defendant (Exhibit 4 to Plaintiff's Motion), in which they detailed the extent to which defendant's responses to plaintiff's discovery requests were unresponsive or incomplete. While on September 29 defendant promised that it would send a "formal response" to each of plaintiff's discovery-related issues by October 4, on October 4 it served late interrogatory answers which were grossly incomplete and sent a letter (Exhibit 7 to Plaintiff's Motion), which merely argued about why the initial responses were complete and did not produce any additional documents or information. On October 14, plaintiff's counsel wrote

another deficiency letter (Exhibit 8 to Plaintiff's Motion), describing in detail the lingering deficiencies in defendant's responses, particularly in its answers to plaintiff's interrogatories. On October 17, plaintiff's counsel sent another letter (Exhibit 9 to Plaintiff's Motion), asking defendant for more complete discovery responses before the commencement of plaintiff's depositions. Later that day, one of defendant's attorneys responded to the letters in an e-mail stating: "Be advised that each will be responded to in appropriate fashion." See Exhibit 10 to Plaintiff's Motion. However, it took another series of e-mails on October 28, November 1, and November 2 (Exhibits 11, 12 to Plaintiff's Motion)[1] before defendant responded on November 3 to plaintiff's October 14 deficiency letter.

   2.   Defendant asserts: "Plaintiff's Motion to Compel fails to properly reference ALSTOM's supplemental discovery responses."  Def's Opp. at 1.  Once again defendant's assertion is flatly contradicted by the record.  Repeatedly in his motion to compel plaintiff mentioned that on October 13 he received a large stack of documents from defendant.  See Pl's Motion, Mem. at 3, 17, 35, 36, 37, 38, 43, 44, 45, 47, 48.  However, plaintiff also needed to point out that when defendant produced those documents, "it did not indicate which documents, if any, were responsive to [which particular discovery] request."  *Id*. at 17, 36, 37, 43, 44, 45, 47, 48.  Nor did defendant amend its interrogatory answers or responses to plaintiff's requests for documents to indicate how the additional documents answered certain discovery requests.  Furthermore, considering the dates on the October 13 documents and the circumstances in which they were created, it is quite safe to say categorically that all of those documents were in the possession, custody, or control of defendant when this suit was filed and that, in view of their

---

[1]  It should also be noted that the list of deficiencies which plaintiff included in the e-mail of November 2, while quite lengthy, was shorter than the lists in the above-referenced letters.  See also Plaintiff's Motion, Mem. at 4-5.

relevance to claims and defenses in this case, they should have been produced as part of defendant's initial disclosures on September 16, about a month earlier![2]

    3.   Typical of defendant's posture in this case, defendant's November 3 letter argued that defendant's discovery responses were sufficient, but offered no new documents and defendant did not supplement defendant's discovery responses. By this point it was two and one half months after plaintiff had served his discovery requests and four days before the date on which defendant promised to produce two witnesses for 30(b)(6) depositions by plaintiff. At the same time defendant made contradictory statements about the availability of additional exhibits. On November 3, defendant's counsel wrote that "documents responsive to [plaintiff's] discovery request <u>would be made available</u> for your inspection." (Exhibit 14 to Plaintiff's Motion), <u>but</u> on November 4 he stated, "All documents available to ALSTOM and responsive to [plaintiff's] document production request <u>have been made available</u> to you," and that ALSTOM already produced all "relevant, non-privileged discoverable documents that were responsive to Plaintiff's Request for Production of Documents." Exhibit 15 to Plaintiff's Motion. Finally, after plaintiff filed his motion, defendant has not produced one additional document or supplemented its discovery responses in any way, other than showing plaintiff's counsel his original employment application.[3]

    4.   Defendant states: "Plaintiff has failed to certify his effort to confer with ALSTOM's counsel as required by the Local Rules of Practice, Rule 7(m) and Fed.R.Civ.P., Rule 37(d)."

---

[2] Indeed, defendant introduced at least one of these "new" documents as an exhibit when deposing plaintiff on September 28, 15 days earlier. See Pl's Motion, Mem. at 35.

[3] In plaintiff's depositions of defendant's 30(b)(6) witnesses, on November 7 and 17, his attorney requested defendant's counsel to produce 16 documents or sets of documents which the witnesses identified. To date none has been produced. However, since defendant maintained on November 25 that it is making a "significant effort" to locate the documents, plaintiff does not request the Court's intervention on that matter at this time.

Def's Opp. at 2.  That is not quite true.  While Federal Rule 37(d) does require a certification, Rule 7(m) merely provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Thus, the local rule does not require a "certification" *per se*.  In his motion plaintiff did explain in painstaking detail all of his informal efforts for months to obtain more complete responses before filing the motion including a clear indication that defendant refused to provide more complete response.  *Cf. Ross v. Citifinancial, Inc.*, 203 F.R.D. 239 (S.D. Miss. 2001) (discovery motion denied without prejudice where party failed to confer in good faith; party may refile motion in accordance with requirements).  Although plaintiff's counsel did not strictly follow the technical requirements of Local Rule 7(m) and Fed. R.Civ.P. 37(d), this should not be fatal to plaintiff's motion, since it is crystal clear that plaintiff's counsel made considerable informal efforts to obtain the relief sought herein, defendant constantly rebuffed those efforts, and the motion describes those efforts fairly and accurately.  *See Land Ocean Logistics, Inc. v. Aqua Golf Corp.*, 181 F.R.D. 229, 235-236 (W.D.N.Y. 1998) (party acted with a sufficient degree of good faith in bringing discovery motion); *Reidy v. Runyon*, 169 F.R.D. 486, 490 (E.D.N.Y. 1997) (excusing failure to confer where compromise unlikely).  However, in the interests of expediency (discovery officially ended on November 14,[4] dispositive motions are currently due by December 12, 2005) and in an effort to minimize a further drain on the Court's resources by filing another motion, plaintiff includes an explicit certification below.

---

[4]  Defendant has rejected plaintiff's request that it join in, or consent to, a motion to extend discovery.

5. With respect to defendant's "substantive" defenses, plaintiff sees no need to rehash his arguments about defendant's incomplete responses or to discuss defendant's responses to plaintiff's objections to certain interrogatories, documents requests, or requests for admissions. Plaintiff's original motion fairly sets out both party's competing arguments. However, the Court should note that instead of repeating the arguments and objections about defendant's interrogatory answers which plaintiff included <u>in his motion</u>, defendant's Opposition recites what plaintiff said in <u>his "deficiency" letter</u> of October 14 (Ex. 8). Thus, in his Motion to Compel, plaintiff criticizes defendant's response to Interrogatory No. 1 as follows:

> Defendant did not comply with Definition No. 6 to plaintiff's discovery requests (Exhibit 1, p. 4) and provide contact information for the witnesses identified in its answer. Definition No. 6 provided:
>
> The term "identify" as used herein in connection with "persons" means: State the names, races, titles, present home addresses, present business addresses and telephone numbers, and employers of such persons or, if the present titles and addresses are unknown, the last known addresses and employers of such persons.
>
> It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories. *See Jumawid v. Rose*, 127 F.R.D. 641, 642 (D.D.C. 1989); *Founding Church of Scientology v. Director, F.B.I.*, 27 Fed. R. Serv. 2d 601, 605 (D.D.C. 1979); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967). Nor does defendant provide ANY "detailed facts to which that person has knowledge." Defendant stated, *inter alia*:
>
> Carl Hilsdorf, Ellie Morey, and Gregory C. Muscato are familiar with the terms and conditions of Plaintiff's employment, to include Plaintiff's termination. Phil Schulp, Curtis Moses, Matt Rivera and Louis Gomes possess knowledge regarding Plaintiff's duties as an Electrical Engineer and the nature of the work that Plaintiff performed. Mr. Rivera is also familiar with the circumstances surrounding Plaintiff's acceptance of his overtime-exempt position with ALSTOM. ALSTOM will supplement its answer upon the discovery of additional relevant, non-privileged, discoverable information in accordance with the Court's Scheduling Order and its general discovery obligations.
>
> However, defendant did not fulfill its obligations to provide a complete response to this interrogatory. It is particularly disturbing because ALSTOM has known since about April 1, 2005, that Mr. Baker had legal claims for overtime pay, plaintiff filed suit in July 2005, and plaintiff served his discovery requests on August 15, 2005.

>      In its letter of November 3, defendant refused to divulge personal contact information for any of the witnesses identified in that answer, on the ground that if plaintiff's counsel contacted them, it would constitute an improper ex parte contact. That is incorrect. See Rule 4.3, District of Columbia Bar Rules of Professional Conduct. The witnesses are not in the "control group" for making decisions on the direction of the company, and defendant's discovery responses do not provide any basis for believing that any of the referenced witnesses made the decisions on plaintiff's pay that are involved in this suit.
>
>      Defendant also stated that it "will supplement its Answer if additional, relevant, non-privileged facts are discovered." See Exhibit 13. Considering how long defendant was aware of the instant dispute, see above, isn't it time for it to provide complete information about what each witness supposedly knows? Plaintiff respectfully asks the Court to order a complete answer to this question. Defendant's failure to respond completely has prejudiced plaintiff in his depositions of defendant's witnesses, which began November 7, 2005.

Pl's Mot. to Compel, Mem. at 8-9.

Strangely, however, defendant recites plaintiff's argument as follows:

> **PLAINTIFF'S OBJECTION TO ANSWER TO INTERROGATORY NO. 1**:
>
> Defendant did not comply with Definition No. 6 and provide contact information for the witnesses identified in its answer. It is settled that the proponent of a discovery request is entitled full acceptance of its definitions and the language of its interrogatories. See *Jumawid v. Rose*, 126 F.R.D. 641 (D.D.C. 1989); *Founding Church of Scientology v. Director, F.B.I.*, 27 Fed. R. Serv. 2d 601 (D.D.C. 1979); *Diversified Products Corp. v. Sports Center*, 42 F.R.D. 3, 4 (D. Md. 1967). Nor does defendant provide ANY "detailed facts to which that person has knowledge."

Def's Opp. at 6. This is what plaintiff said in his October 14 letter (see above, p. 5), not his motion.

Then, in opposing Plaintiff's Motion to Compel with respect to defendant's Responses to Plaintiff's Requests for Admissions (Def. Opp. at 15-24) and defendant's Responses to Plaintiff's Requests for Documents, defendant fails to recite any of plaintiff's arguments at all.

These deficiencies are presumably due to negligence, not malice, but defendant nonetheless has not complied with Local Rule 26.2(d), which provides:

> Answers, responses and objections to interrogatories and requests for admissions or for production of documents and motions to compel answers or responses, shall identify and

quote each interrogatory or request in full immediately preceding the answer, response or objection thereto.

Further, defendant's haphazard recitation selectively takes plaintiff's arguments out of context.

Finally, a quick perusal of many of defendant's responses within its Opposition should convince the Court that defendant is just continuing the "gamesmanship" which plaintiff's counsel observed back in September 27 (Ex. 4 to motion), rather than making any conciliatory efforts to make its discovery responses more complete.

Respectfully submitted,

_____/s/_____
Alan Banov (D.C. Bar No. 95059)
Norberto P. Salinas (D.C. Bar No. 474710)
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
(202) 822-9699
Fax: (202) 842-9331
ab@banovlaw.com
Attorneys for Plaintiff

CERTIFICATION REQUIRED BY L.Civ.R. 7(m)

The undersigned hereby certifies that since September 27, 2005, has made good-faith informal attempts to secure compliance with plaintiff's discovery requests, as explained above, in the Memorandum in Support of Plaintiff's Motion to Compel More Complete Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents (particularly at pp. 2-6) and, as shown in Exhibits 4, 8, 9, 10, 11, 12 to that motion, that defendant has not complied with plaintiff's requests to supplement its answers and produce relevant documents which have been requested in discovery. In fact, since plaintiff began requesting more complete discovery responses over two months ago, defendant has produced only one stack of documents, which it had before the litigation began and which it should have produced in its Initial Disclosures, but did not. Aside from those documents, defendant has refused to supplement its responses in any way.

Respectfully submitted,

_____/s/_____
Alan Banov (D.C. Bar No. 95059)
ALAN BANOV & ASSOCIATES