UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-1352 (RCL) |
| | ) |
| ALSTOM TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

    Plaintiff Kevin Patrick Baker, by his undersigned counsel, hereby supplements his Motion for a Protective Order to preclude Defendant ALSTOM Transportation, Inc. from issuing subpoenas to plaintiff's current employers, by bringing to the Court's attention a recent decision by the Department of Labor in similar circumstances, *John Ambrose v. U.S. Foodservice, Inc. & Royal Ahold N.V.*, Case No. 2005 SOX 105 (ALJ Stansell-Gamm, Dec. 22, 2005), copy attached hereto as Exhibit A.

    In *Ambrose*, the respondent companies in a Sarbanes-Oxley Act case sought subpoenas to require two companies to provide documents relating to the complainant. The respondents argued that the complainant could have entered into business arrangements with the two companies, which were competitors of the respondents, and sought the documents to limit the complainant's damages under the after-acquired evidence doctrine enunciated in *McKennon v. Nashville Banner Publishing*, 513 U.S. 352 (1995). After balancing competing interests of the parties, the administrative law judge granted a motion to quash the subpoenas. He stated, Inter Alia, "Most of the rationale to support subpoenas concerning information Sysco and Lee may have about Mr. Ambrose's activities in regards to the restaurant during his employment with USF is speculative." *Ambrose* at 3.

While the *Ambrose* decision certainly does not bind the Court, the reasoning therein applies, a fortiori, to the instant case. While the records sought therein were at least arguably relevant, there is no such relevance here, since whatever plaintiff's current employers have in their files about him cannot possibly bear any relevance to the issues in the instant case. Thus, in its motion for summary judgment, defendant makes no issues regarding plaintiff's current employment. Indeed, one of defendant's 30(b)(6) witnesses testified that it would make no difference how plaintiff's current employers classified him. Muscato Dep. 74-75 (Ex. B hereto).

Also, as in *Ambrose*, it is apparent that defendant is just trying to embarrass and harass plaintiff. In deposing plaintiff, defendant asked him for his Social Security number on the record, until plaintiff's counsel objected (Baker Dep. 34-36), and it has not once, but _twice_, filed exhibits containing plaintiff's Social Security number, in violation of LCvR 5.4 (f) (1). See Defendant's motions to strike and replace those exhibits.

WHEREFORE, plaintiff respectfully requests that the Court issue a Protective Order to prohibit defendant, under pain of sanctions, from issuing subpoenas duces tecum to plaintiff's current employers, so as to protect plaintiff from "annoyance, embarrassment, oppression." (FED.R.CIV.P. 26(c)).

Respectfully submitted,

_____/s/_____
Alan Banov (D.C. Bar No. 95059)
Norberto P. Salinas (D.C. Bar No. 474710)
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
(202) 822-9699
Fax: (202) 842-9331
ab@banovlaw.com
Attorneys for Plaintiff