IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER,<br><br>      Plaintiff,<br><br>vs.<br><br>ALSTOM TRANSPORTATION INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Civil File No.: 05-CV-01352 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER:
POINTS AND AUTHORITIES**

Defendant, ALSTOM Transportation Inc. ("ALSTOM"), hereby opposes the untimely filing of *Plaintiff's Supplemental Memorandum in Support of Motion for Protective Order* ("Supplemental Memorandum") and states the following in support thereto:

**I.  SUMMARY OF ARGUMENT**

Plaintiff filed a *Motion for Protective Order* on November 1, 2005, essentially seeking to bar ALSTOM from securing relevant resume information and other representations made by Plaintiff to third parties, including his current employers. Plaintiff seeks to quash subpoenas not addressed to him and not yet served under Rule 45.

ALSTOM filed a timely *Opposition* to *Plaintiff's Motion for Protective Order* on November 11, 2005. Had Plaintiff elected to file a *Reply* to ALSTOM's *Opposition*, he was obligated under the Local Rules of Practice to do so no later than November 21, 2005. *See infra, Statement of Relevant Procedural History*, at ¶ 4. However, Plaintiff failed to file a *Reply* by that deadline. Instead, on December 28, 2005, Plaintiff filed a

779161.1                                        1

"Supplemental Memorandum" in lieu of filing a *Reply*. Plaintiff's most untimely filing must be disregarded as an improper attempt to circumvent the Local Rules of Practice. Additionally, the analysis and authority Plaintiff relies upon in his "Supplemental Memorandum" lacks merit, further justifying the dismissal of Plaintiff's belated filing.

## II.    STATEMENT OF RELEVANT PROCEDURAL HISTORY

1.    On November 1, 2005, Plaintiff, Kevin P. Baker ("Mr. Baker"), filed a *Motion for Protective Order*. *See* Court Document No. 11.

2.    On November 7, 2005, Mr. Baker contemporaneously filed both a *Consent Motion to Withdraw Plaintiff's Motion for Protective Order* and *Corrected Motion for Protective Order*.[1] *See* Court Document Nos. 12 and 13.

3.    On November 11, 2005, ALSTOM filed a timely *Opposition* to Mr. Baker's *Motion for Protective Order*. *See* Court Document No. 16; *see also* Local Rule 7(b), instructing that "an opposing party shall serve and file a memorandum of points and authorities in opposition to a motion within eleven (11) days." *Id.*

4.    Local Rule 7(d) instructs that "[w]ithin five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum." As such, Mr. Baker's *Reply* was due no later than November 21st (i.e. five days after ALSTOM's November 11th filing of its *Opposition*, three days additional time pursuant to Fed.R.Civ.P., Rule 6(e), plus the benefit of several extra days because the deadline fell on a Saturday).

5.    Contrary to the instructions set forth in Local Rule 7(d), Mr. Baker failed to file a *Reply* within the required time frame.

---

[1] The purpose of Mr. Baker's November 7th filings were to correct his disclosure of confidential communications between counsel in his November 1st filing.

6.  In lieu of filing a *Reply*, on December 28, 2005, Mr. Baker filed a "Supplemental Memorandum in Support of Motion for Protective Order."[2]  Mr. Baker failed to seek leave of the Court or the consent of opposing counsel for his untimely filing.  Accordingly, Mr. Baker's belated "Supplemental Memorandum" must be stricken from the record.

### III. ANALYSIS

A.  *Plaintiff's "Supplemental Memorandum" Must Be Stricken As Untimely*.

Mr. Baker's "Supplemental Memorandum" amounts to an improper attempt to file an untimely *Reply* and must be stricken on that basis.  The Local Rules of Practice, Rule 7, instructs parties of the required deadlines for filing motions, oppositions and replies.  *See* Local Rules of Practice, Rule 7.  Therein, parties are instructed that oppositions to motions must be filed within eleven (11) days of service of a motion.  *See* Local Rule 7(b).  Parties are similarly advised that replies are due no later than five (5) days subsequent to the filing of an opposition.  *See* Local Rule 7(d).

On November 1, 2005, Mr. Baker filed a *Motion for Protective Order* and ALSTOM filed a timely *Opposition* on November 11, 2005.  *See Statement of Relevant Procedural History*, *supra*, at ¶¶ 1 – 3.  Accordingly, Mr. Baker was obligated to file a *Reply*, if he elected to do so, no later than November 21, 2005.  *See Statement of Relevant Procedural History, supra*, at ¶ 4 - 6.  However, Mr. Baker failed to file his *Reply* (styled for all intents and purposes as a "Supplemental Memorandum"), until December 28,

---

[2] On December 27th, the day prior to filing the instant "Supplemental Memorandum," Mr. Baker's counsel filed a *Motion* seeking an 8-day extension of time to file an *Opposition* to ALSTOM's *Motion for Summary Judgment*.  *See* Court Document No. 25.  Therein, Mr. Baker's counsel cited various reasons why he was unable to file a timely *Opposition* on December 29th, the date set by this Court's September 14, 2005, *Scheduling Order*, such as his secretary taking a scheduled vacation and his preoccupation with other litigation.  *Id*.  Contrary to these representations, it would appear that Mr. Baker's counsel had sufficient time to research, draft and file the instant "Supplemental Memorandum."

2005. *Id*. Mr. Baker's failure to adhere to Local Rule 7(d) is inexcusable and necessitates that his "Supplemental Memorandum" be stricken from the record. Moreover, Mr. Baker has failed to seek the Court's permission or the consent of opposing counsel[3] to file an untimely "Supplemental Memorandum." This oversight serves as an additional basis to strike Mr. Baker's improvident filing.

    B.  <u>*The Basis Of Plaintiff's "Supplemental Memorandum" Lacks Merit*</u>.

Mr. Baker's "Supplemental Memorandum" lacks merit upon analysis. As a preliminary matter, even Mr. Baker acknowledges that the sole authority cited and relied upon in his memorandum does not amount to binding precedent.[4] *See* Plaintiff's "Supplemental Memorandum," at page 2, citing *Ambrose v. U.S. Foodservice, Inc. & Royal Ahold N.V.*, Case No. 2005 SOX (ALJ Stansell-Gamm, December 22, 2005), attached as Exhibit A to Plaintiff's "Supplemental Memorandum." Accordingly, the Court should disregard Mr. Baker's "Supplemental Memorandum" on that basis.

Moreover, the administrative decision, *Ambrose v. U.S. Foodservice, Inc. & Royal Ahold N.V.*, is clearly distinguishable from the facts present in this instant matter. In *Ambrose*, the complainant was an employee of a private corporation who was terminated, allegedly due to his ownership and/or operation of a private restaurant business while employed by the respondent. The complainant alleged that respondent's stated justification for terminating him was a ruse and that he had been, in fact,

---

[3] Counsel for the parties engaged in extensive communications regarding the request made by Mr. Baker's counsel to extend the deadline for his filing of an *Opposition* to ALSTOM's *Motion for Summary Judgment*. *See supra*, at FN 2; *see also* compilation of communications between counsel, attached hereto as **Exhibit A**. However, at no point did Mr. Baker's counsel even hint of his imminent filing of a "Supplemental Memorandum" connected to his early November filing of a *Motion for Protective Order*.

[4] Mr. Baker relies upon an opinion by an Administrative Law Judge ("ALJ"), assigned to the U.S. Department of Labor that lacks any persuasive or meaningful value. Mr. Baker's "Supplemental Memorandum" also fails to address any of the points raised in ALSTOM's November 11th *Opposition*.

suspended and eventually terminated in retaliation for filing internal reports of insider trading with the Securities and Exchange Commission. *Id*. The complainant subsequently filed a complaint with the Secretary of Labor, alleging a violation of the employee protection provisions of Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, and Title VIII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. The complainant's administrative complaint was dismissed by the Secretary of Labor's Regional Administrator and timely appealed to the Office of Administrative Law Judges for a hearing. *Id*.

At some unspecified point during the appeals process, respondents attempted to subpoena records related to the complainant from two separate companies (W.S. Lee & Sons and Sysco Corporation). The respondent justified its attempt to subpoena the records on various grounds, *inter alia*, (a) that the complainant may have entered into business arrangements with the two companies; (b) that disclosure of the companies' records might be relevant to the issue of damages; and (c) that release of certain records might shed light on the complainant's understanding of and/or adherence to the terms of a non-solicitation agreement. *Id*. Ultimately, in *Ambrose*, the ALJ was not persuaded that the respondent's discovery needs outweighed the possible harm to the employee's potential future business relations with the companies or that less intrusive means were not available to accomplish the same discovery objectives.

Upon analysis, the ALJ's decision squared with the relevant facts and circumstances at play in that case. Namely, the representations made by the complainant to Lee and Sysco were not central to the issues litigated between the parties. Moreover, respondent's discovery production requests were seemingly unspecified and sought to

explore untested theories and possibilities. The facts at issue in this matter are clearly distinguishable.

The issue, *sub judice*, is whether ALSTOM is entitled to pursue, through discovery, a discreet set of documents from Mr. Baker's subsequent employers[5] related to his representations regarding his educational background. ALSTOM hired Mr. Baker as a full-time, overtime exempt Electrical Engineer in October 2000.[6] A stated expectation of the ALSTOM Electrical Engineer position was that the *required* "Education and Training" consisted of a "Bachelor's or higher degree in Electrical, Electronic, or other appropriate engineering field" and that a competency was a "BS in Electrical/Mechanical Engineering." Mr. Baker represented in his employment application that he held a bachelor's degree in Electrical Engineering from SUNY Binghamton, and continued to profess his possession of such a degree throughout the course of his ALSTOM employment. Now, after filing his instant lawsuit against ALSTOM, Mr. Baker contends that he actually never possessed a bachelor's degree in Electrical Engineering.[7]

Mr. Baker's academic pedigree is undeniably relevant as it relates to Mr. Baker's claim that he was misclassified as an exempt professional employee. ALSTOM presently

---

[5] Both of Mr. Baker's subsequent employers, AMTRAK and SAIC are in the high tech industry. As such, it is more than reasonable to anticipate that the employment records specifically related to Mr. Baker's application with both will contain representations regarding his professed academic pedigree.

[6] The facts outlined in this paragraph are set forth in ALSTOM's *Opposition* to *Plaintiff's Corrected Motion for Protective Order*.

[7] Mr. Baker presently suggests that he is actually several credits shy of completing the requirements for his B.S. degree. In response, ASLTOM issued a discovery request to Mr. Baker in early October 2005, for "[a]ny and all documents, to include but not limited to a complete transcript, from either an academic or vocational institution documenting your courses taken, credits earned and/or completion of the highest grade level at that institution." To date, Mr. Baker has yet to produce complete disclosure, despite ALSTOM's repeated requests. In justifying this gross delay, Mr. Baker's counsel has blamed the inefficiency of academic administrators and Mr. Baker himself. The patience exhibited by ALSTOM with respect to this outstanding and important discovery concern stands in stark contrast to Mr. Baker's continual threats to file various motions to compel discovery.

seeks to unravel Mr. Baker's apparent resume fraud and explore this issue through legitimate discovery efforts.  *See* 29 C.F.R. §541.3(a)(1) (explaining that under the duties test, it must be demonstrated that the employee performed work that required *knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study*).  *Id*. (emphasis added).  Clearly, how Mr. Baker has represented his academic training and background to other parties is a reasonable field of inquiry.  Mr. Baker, himself, has pursued this same line of inquiry in his own discovery efforts.  *See* ALSTOM's *Opposition*, *Statement of Relevant Facts*, Section B.  Any suggestion by Mr. Baker that such information has no relevance in this matter would be disingenuous.[8]  Accordingly, the facts explained in *Ambrose*, *supra*, are clearly distinguishable and Mr. Baker's reliance on that administrative decision is misplaced.[9]

WHEREFORE, Defendant, ALSTOM Transportation Inc., respectfully requests that the Court issue an *Order* striking *Plaintiff's Supplemental Memorandum in Support of Motion for Protective Order* and further issue an *Order* dismissing *Plaintiff's Corrected Motion for Protective Order*.

---

[8] Indeed, even under the circumstances presented in *Ambrose*, the ALJ acknowledged the relevance of the respondent's inquiry.

[9] Mr. Baker's attempt to characterize ALSTOM's 30(b)(6) witness as supportive of his position is patently misleading and taken out of context.  *See* Mr. Baker's "Supplemental Memorandum", at page 2.  In fact, a cursory review of the deposition transcript attached to Mr. Baker's Memorandum reveals the insincerity of any such contention.  Gregory Muscato, ALSTOM's 30(b)(6) witness, unequivocally advised Mr. Baker's counsel that Mr. Baker had been properly classified as an exempt professional and that how his subsequent employers now classify him is irrelevant.  This exchange between Mr. Muscato and Mr. Baker's counsel had nothing to do with Mr. Baker's resume fraud or his representations about his academic degrees to SAIC and AMTRAK.

Respectfully Submitted,


_____*/s/*_____
Pamela J. White (D.C. Bar No. 962787)
Neil E. Duke (D.C. Bar No. 471942)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 East Baltimore Street
Baltimore, MD  21202-1643
(410) 685-1120
(410) 547-0699 – Fax

Attorneys for Defendant, ALSTOM
Transportation Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALSTOM TRANSPORTATION INC. )<br>)<br>Defendant. ) | Civil File No.: 05-CV-1352(RCL) |

**ORDER**

Upon consideration of *Plaintiff's Supplemental Memorandum in Support of Motion for Protective Order Motion for Protective Order*, Defendant's *Opposition, Plaintiff's Supplemental Memorandum*, *Defendant's Motion for Leave of Court* and *Opposition to Plaintiff's Supplemental Memorandum*, and all argument thereto, it is hereby ORDERED, that, Plaintiff's *Supplemental Memorandum in Support of Motion for Protective Order Motion for Protective Order* is STRICKEN from the record and further ORDERED that, Plaintiff's *Motion for Protective Order Motion* is dismissed.

_____         _____
Date                             Judge, United States District Court

779161.1                          9