# EXHIBIT A



**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120/ Fax 410-547-0699
www.ober.com

**Pamela J. White**
pjwhite@ober.com
(410) 347-7323

**Offices In**
Maryland
Washington, D.C.
Virginia

December 27, 2005

**VIA E-MAIL AND U.S. MAIL**

Alan Banov, Esquire
Alan Banov and Associates
1819 L. Street, N.W., Suite 700
Washington, D.C. 20036-3830

> Re:   Kevin Patrick Baker v. ALSTOM Transportation Inc.
> *Civil Action No.05-CV-1352(RSL)*

Dear Mr. Banov:

I am prompted to respond to your Friday, December 23 evening e-mail primarily because of your continuing demands and apparent expectation to recover Mr. Baker's attorneys' fees from ALSTOM. Your recent communications serve as uncivil reminders why reimbursement of unreasonable fees are not contemplated by statute or relevant case authorities. Nothing in Rule 1.5 of the Rules of Professional Conduct suggests that Mr. Baker reasonably incurs mounting fees for vitriolic communications which do not reflect the proper performance of legal services but denigrate the experience, reputation and ability of both the author and the recipient. E.g., Rule 1.5(a)(1), (7).

I have reviewed counsels' correspondence in this matter, hoping to glean some understanding of the source for your vituperative remarks. I am guided by the DC Bar Voluntary Standards for Civility in Professional Conduct[1] to conclude that promotion or toleration of incivility to opposing counsel "demeans the legal profession, undermines the administration of justice, and diminishes respect for …the legal process.…" (Preamble).

After my review, I also am confident that Neil Duke and I have not communicated with you or intended to signal that we 'prefer to argue than to be cooperative.' We have never intended to be less than respectful to counsel, your client, and your client's legal claims. We

---

[1] Reacting to the contents of your December 23 e-mail, I was troubled by your quotation of standard No. 10 of the Voluntary Standards of Civility. You had responded to my letter request on November 23 by requiring that I must file a motion to secure an extension of time to respond to your Motion to Compel (apparently because you erroneously believed that I had already missed the proper filing date). As you did not offer me the "waiver of procedural formalities" anticipated by Standard No. 10, and I would not waste time on a formal motion for a 5 calendar day extension of time, we proceeded to file ALSTOM's timely response to your motion the day after Thanksgiving.

Alan Banov, Esquire
December 27, 2005
Page 2

have respectfully pressed our client's defenses consistently with ALSTOM's stated interests from the date of my first meeting with Mr. Salinas. At that meeting, I clearly set out and have since repeated ALSTOM's intention not to capitulate to Mr. Baker's overtime claim.[2] ALSTOM will not agree to any resolution of his claims premised on calculation of overtime or FLSA "back pay". You also are aware that ALSTOM's scheduling and discovery considerations have always anticipated and focused on a timely summary judgment motion.[3]

I remain satisfied that Neil Duke's communications are invariably straightforward. He has advised of his pragmatic scheduling considerations and his intentions to respond efficiently and promptly under the circumstances to your inquiries and demands.[4] At the same time, while we have been disappointed in the untimeliness of Mr. Baker's discovery responses, we have not reacted in the belligerently antagonistic manner that characterizes many of your communications.[5]

Mr. Salinas's email late Friday afternoon, December 23rd, complained that your document review "will take much of our time early next week" and requested "an 8-day extension" to respond to the pending summary judgment motion. No other reason was offered to

---

[2] We moved very quickly to research the contents of Mr. Salinas' April demand letter, which alleged multiple claims not subsequently pursued in this FLSA litigation. Nevertheless, at our meeting early in May, I first noted ALSTOM's pragmatic concerns and the real prospect of litigation because of ALSTOM's self-audit completed early in 2004. Mr. Salinas' May 26 e-mail proved the point (of ALSTOM's risk assessment) as he questioned the findings of the ALSTOM audit: "...I would hope that ALSTOM did not misclassify Saluka K. after its audit". My communications in May and June were consistent: ALSTOM would not pay expressly to settle the overtime claim. (See e.g., my letters of June 13, June 15, October 28).

[3] After service of the Complaint, ALSTOM timely removed and Answered Mr. Baker's Complaint in mid-July. The parties' Rule 26 joint statement, filed in mid-September, acknowledged that the case was likely to be resolved by dispositive motion, and the stated agreed dates for filing summary judgment motions. Your September 29 letter promised that "we will proceed to work on a motion for partial summary judgment." Your letter of December 1 'assumed' that we were preparing ALSTOM's motion for summary judgment and reported that you had "begun preparing our opposition to such a motion."

[4] Your mid-August discovery demands were followed promptly by ALSTOM's initial disclosures on September 16, response to request for admissions on September 19, response to requests for documents on September 21, the parties' consent motion for protective order on October 3, and interrogatory answers on October 4. In the midst of these efforts, as Mr. Duke prepared to take Mr. Baker's deposition on September 28, without the benefit of Plaintiff's initial disclosures, your extraordinary letter dated September 27 challenged ALSTOM's discovery responses, described us as "paragons of deceit," and decried our "gamesmanship." Your e-mail on the evening of September 29 demanded our immediate response to your September 27 "deficiency" letter or face your motion to compel (not filed until November).

[5] ALSTOM's formal and informal discovery requests in mid-October were followed by your demand for Rule 30(b)(6) depositions, your threats and subsequent motion for protective order (without standing), your threat to file your motion to compel discovery, your extraordinary demands for settlement (while threatening to file your motions), and your court-filed breach of the confidentiality of the subject of settlement. ALSTOM has invited discussion of counsel and has timely responded to each of your demands and motions, while patiently awaiting Mr. Baker's discovery responses.

779087

Alan Banov, Esquire
December 27, 2005
Page 3

explain such a change to a long-standing, Court-Ordered deadline.  On the holiday, Mr. Duke responded to articulate each of his points of consideration in the circumstances.  He wrote honestly and directly, without offensive language, to explain why "you are free to file a motion with the Court requesting an extension of time," but without ALSTOM's consent.  As civil and straightforward as was Mr. Duke's email, yours in reply was not.  I read your email as an affront to any definition of professionalism.  I invite you to re-read the Voluntary Standards, as I have, and to join me in a new year's resolution to fulfill the spirit and the text of the Code.

Very truly yours,

Pamela J. White

PJW/cks
cc:     Neil E. Duke, Esquire

779087

# Duke, Neil E.

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Tuesday, December 27, 2005 2:52 PM |
| **To:** | Duke, Neil E. |
| **Cc:** | White, Pamela; salinas@banovlaw.com |

**Subject:** RE: Baker v. Alstom

Mr. Duke:
We have already told you that we are moving for an 8-day extension of time for filing our opposition (and an extension of the same length for you to file any reply). That should be all you need to know.
However, we will soon have the motion ready for your review.
Alan Banov

---

**From:** Duke, Neil E. [mailto:neduke@ober.com]
**Sent:** Tuesday, December 27, 2005 1:36 PM
**To:** Alan Banov; salinas@banovlaw.com
**Cc:** White, Pamela
**Subject:** RE: Baker v. Alstom

Mr. Banov: Please send me the motion to which you seek ALSTOM's consent.

Neil Duke -

> -----Original Message-----
> **From:** Alan Banov [mailto:ab@banovlaw.com]
> **Sent:** Tuesday, December 27, 2005 11:50 AM
> **To:** Duke, Neil E.; 'Norberto Salinas'
> **Cc:** White, Pamela
> **Subject:** RE: Baker v. Alstom
> **Importance:** High
>
> Mr. Duke,
> All I really care about right now is whether you have changed your mind about consenting to the motion for extension of time. (We will be filing the motion today, asking for an extension of 8 days.)
> Thank you for your cooperation.
> Alan Banov

1/3/2006

## Duke, Neil E.

| | |
|---|---|
| **From:** | Alan Banov [ab@banovlaw.com] |
| **Sent:** | Tuesday, December 27, 2005 11:50 AM |
| **To:** | Duke, Neil E.; 'Norberto Salinas' |
| **Cc:** | White, Pamela |
| **Subject:** | RE: Baker v. Alstom |

**Importance:** High

Mr. Duke,
All I really care about right now is whether you have changed your mind about consenting to the motion for extension of time. (We will be filing the motion today, asking for an extension of 8 days.)
Thank you for your cooperation.
Alan Banov

**From:** Duke, Neil E. [mailto:neduke@ober.com]
**Sent:** Tuesday, December 27, 2005 10:26 AM
**To:** Alan Banov; Norberto Salinas
**Cc:** White, Pamela
**Subject:** RE: Baker v. Alstom

Mr. Banov:

In response, I would prefer not to revisit the numerous instances wherein you have set the standard for discourtesy and petty responses. It would be a pointless exercise. Instead, I would suggest that you review the text and tone of your prior communications with my office. If you would like to speak with me personally, in lieu of sending me unsolicited opinions, please feel free to do so. My direct dial is 410.347.7398. I will be in my office throughout the day.

Neil Duke -

> -----Original Message-----
> **From:** Alan Banov [mailto:ab@banovlaw.com]
> **Sent:** Friday, December 23, 2005 6:16 PM
> **To:** Duke, Neil E.; 'Norberto Salinas'
> **Cc:** White, Pamela
> **Subject:** RE: Baker v. Alstom

Mr. Duke:

This is a quick response to your "less than gracious" response.

When Ms. White sought the extension of time, I consented. Thus, I stated:

> However, on the assumption, however misguided, that you will be cooperative with us if we need to move for an extension of time, you may indicate in your motion that we do not oppose an extension of time from November 22 to November 30.

Clearly I operated from a misguided assumption at the time.

You may want to read up on the D.C. Bar Rules on Professional Responsibility, Rule 3.4, and the D.C. Bar Voluntary Standards of Civility in Professional Conduct, Scheduling Matters, No. 8,

1/3/2006

which provides:

8.  We will agree to reasonable requests for extensions of time and for waiver of procedural formalities provided our clients' interests will not be adversely affected.

Additional reasons for the extension are that our secretary will be off next week and we cannot expect a temporary employee to be nearly as good as she, we have been immersed in other litigation, and, in case you missed it, this is the holiday season, so there are fewer workdays.

But I guess it wouldn't have made any difference to you if Norberto had given you 100 good reasons for a mere 8-day extension. You would prefer to argue than to be cooperative. We have seen that time and time again in this case.

We will remember your response in the future. Also, we may very well quote you when we file our motion with the Court.

Have an enjoyable holiday.
Alan Banov

---

**From:** Duke, Neil E. [mailto:neduke@ober.com]
**Sent:** Friday, December 23, 2005 5:51 PM
**To:** Norberto Salinas
**Cc:** Alan Banov; White, Pamela
**Subject:** RE: Baker v. Alstom

Dear Counsel:

This informal correspondence is in response to your email (below). In sum, my response is the following: You are free to file a motion with the Court requesting an extension of time. ALSTOM will not consent, stipulate or join in your motion, and reserves the right to oppose it, if necessary. I have considered the following circumstances as the basis for this response:

First, on November 23rd my colleague, Pam White sought a brief extension of time to respond to Plaintiff's Motion to Compel, which was due on November 25th, the day after Thanksgiving. In response (on that same date), Mr. Banov was less than gracious. He suggested that the deadline for filing our response had already elapsed (which was not the case), and instructed that we should file a motion with the Court for an extension of time. Based upon Mr. Banov's lukewarm response, I filed a timely opposition on November 25th.

Second, ALSTOM's summary judgment motion was due on Monday, December 12th. As such, I had anticipated receipt of Mr. Baker's production of documents responsive to ALSTOM First Request for Production of Documents (served on Oct. 10th). However, Mr. Baker's document production was not served timely. It was not until December 6th that I was advised that you were in possession of Mr. Baker's document production. You then insisted that I arrange for a time to inspect and review the documents despite my prior instruction to you on November 4th that you immediately forward Mr. Baker's document production to me upon your receipt of same, in exchange for ALSTOM's payment of the copying charges. Ultimately, I did not receive Mr. Baker's production until the evening of December 9th, one business day prior to when ALSTOM's opposition was due. You then attempted to bill ALSTOM for delivery of those documents. When I noted the hardship caused by Mr. Baker's belated document production, Mr. Banov emailed me on December 10th seemingly suggesting that I was equally culpable because I had not joined him in seeking an earlier extension of the discovery period.

Third, on December 1st, Mr. Banov intimated that you had already begun drafting your opposition to ALSTOM's anticipated summary judgment motion.

Finally, the vast majority of the documents that you have requested (and now received), are irrelevant and

1/3/2006

not reasonably calculated to lead to the discovery of admissible evidence. Rather, the exercise largely amounts to an unnecessary fishing expedition. Pursuant to your request, ALSTOM has produced thousands upon thousands of documents (with more to follow), the vast majority of which are generic technical communications that have absolutely nothing to do with Mr. Baker's circumstances.

In light of these circumstances, I will reiterate once again that you are free to file a motion with the Court seeking an extension of time.

Neil Duke -

-----Original Message-----
**From:** Norberto Salinas [mailto:salinas@banovlaw.com]
**Sent:** Friday, December 23, 2005 4:32 PM
**To:** Duke, Neil E.
**Cc:** 'Alan Banov'
**Subject:** Baker v. Alstom

Mr. Duke,
 We anticipate that our review of the documents you sent us (as I type this, your delivery person has just dropped off 3 boxes of documents) will take much of our time early next week. Because our response to defendant's summary judgment motion is currently due on Thursday, we request from you additional time to file a response. We request an 8-day extension, to January 6, 2006, to file our response. Please let us know whether you agree to our request for an extension.

Sincerely,

Norberto Salinas
Alan Banov & Associates
1819 L Street NW, Suite 700
Washington, D.C. 20036
(202) 822-9699 ext 1012
Fax: (202) 842-9331

Disclaimer: The information contained in this email is attorney privileged and confidential information intended only for the use of the individual or entity to whom this message is originally addressed. If the reader of this message is not the intended recepient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy this message after so notifying the sender.