UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN PATRICK BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-1352 (RCL) |
| | ) |
| ALSTOM TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Kevin Patrick Baker, through his undersigned counsel, hereby opposes Defendant ALSTOM Transportation Inc.'s Motion for Summary Judgment and in support of his opposition states:

1.   As explained in the accompanying Memorandum of Points and Authorities, many of the facts supporting plaintiff's claims are undisputed.  Thus, it is undisputed that plaintiff worked overtime for defendant; that defendant suffered or permitted him to work overtime; and that plaintiff kept and submitted records to defendant which showed that during the period between April 14, 2002, and June 28, 2004,[1] he worked 1365 overtime hours without receiving overtime pay for them.  Defendant has no evidence, documentary or testimonial, to refute plaintiff's abundant evidence that he worked considerable overtime.  Accordingly, unless plaintiff was exempt from overtime under the Fair Labor Standards Act's "professional" exemptions, as defendant claims, it violated the FLSA, 29 U.S.C. §207(a), by willfully failing to pay plaintiff overtime pay for his overtime work for the period of April 14, 2002, through June

---

[1]  Plaintiff claims a limitations period of three, not two, years before he filed this suit, see Complaint ¶¶57, 58(a), because defendant's overtime violations were willful.  See the accompanying Memorandum of Points and Authorities, Part E.

28, 2004.

    2.    It is well settled that exemptions to FLSA's overtime provisions must be narrowly construed, but defendant cannot carry its burden of establishing that plaintiff was a "professional" employee under the FLSA, 29 U.S.C. §213(a). As explained in the accompanying Memorandum of Points and Authorities, plaintiff was not exempt as a "professional" because his position did not require "knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" (29 C.F.R. §541.3(a)(1)); because it did not require "consistent exercise of discretion and judgment" (*id.* at (a)(2)); and because it was not "predominantly intellectual and varied in character" (*id.* at (a)(3)).

    3.    As explained in the accompanying Plaintiff's Response to Defendant's Statement of Relevant and Undisputed Facts, some of the "facts" stated in that portion of defendant's memorandum in support of its motion are <u>not relevant</u>, and <u>most</u> are disputed.

    4.    Finally, the Court should deny defendant's motion for summary judgment because, as shown in Plaintiff's Motion to Compel and in the accompanying 56(f) affidavit, defendant has failed or refused to produce considerable evidence and documents which would permit plaintiff to respond more completely to its summary judgment motion.

    WHEREFORE, plaintiff respectfully requests that the Court deny defendant's Motion for Summary Judgment with prejudice.

3

        Respectfully submitted,


_____/s/_____
ALAN BANOV #95059
Alan Banov & Associates
1819 L Street, N.W., Suite 700
Washington, D.C. 20036
(202) 822-9699
Fax: (202) 842-9331
<u>Attorneys for Plaintiff</u>