**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN PATRICK BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CV-1352 (RCL) |
| | ) |
| ALSTOM TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**56(f) AFFIDAVIT OF ALAN BANOV**

1. I am plaintiff's lead attorney in the above-captioned case.

2. This affidavit is provided pursuant to Federal Rule 56(f), in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

3. I was admitted to the District of Columbia Bar on December 10, 1971. Since 1971, I have been engaged continuously in the practice of law, with a concentration in employment and labor law. Since 1980 I have had my own firm, concentrating in employment law. I am a past president of the Metropolitan Washington Employment Lawyers Association and have spoken at many conferences and seminars on employment law topics. See my website, http://www.banovlaw.com/attorney/banov.htm.

4. For the reasons stated in the accompanying Memorandum of Points and Authorities, I believe that the Court should deny defendant's motion because many of the facts supporting plaintiff's claims are undisputed; because defendant cannot carry its burden of showing that it properly classified plaintiff as an exempt employee under the Fair Labor Standards Act; and because there is no merit to defendant's other defenses.

5. However, if the facts set out in Plaintiff's Opposition are not deemed sufficient to defeat defendant's motion, based on our review of the record in this case, I believe that plaintiff

needs the following information and documents, <u>inter alia</u>, to deal most effectively with defendant's defenses:

    a.   Details about defendant's hiring plaintiff as a direct employee. Paragraph 12 of the Complaint averred:

> Mr. [Matt] Rivera encouraged plaintiff to accept the engineering position, because, he said, management would look more favorably upon him and consider him for promotions and higher raises more quickly. In addition, Mr. Rivera told plaintiff that after six months, management would review his hours and adjust his salary to compensate for the overtime he worked.

In its Answer to the Complaint, ¶12, defendant stated: "Defendant is without knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 11 [sic] of Plaintiff's Complaint." Accordingly, plaintiff has undertaken discovery about Mr. Rivera's conversations with plaintiff. As indicated in Plaintiff's Motion to Compel More Complete Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents and to Deem Requests for Admissions Admitted ["Plaintiff's Motion to Compel"], Mem. at 9-10, defendant's Answer to Plaintiff's Interrogatories, No. 7, incorporated by reference its flimsy response to No. 6, but Defendant's Answer to Interrogatory No. 6 was itself incomplete because it essentially distilled an important conversation about plaintiff's new position at ALSTOM to one sentence ("Matt Rivera communicated to Plaintiff that the Electrical Engineer position was

exempt from overtime.").[1] By contrast, plaintiff has recounted many other aspects of the interviews and communications about ALSTOM's hiring him as a direct employee. See Pl. Opp. to Def's SJ Mot., Mem. at 5-7. If defendant were to answer fully Plaintiff's Interrogatories, Nos. 6 and 7, it would presumably provide more evidence about what defendant told plaintiff about the nature, including the requisite duties, of the job as a direct hire. A narrative interrogatory answer is important because thus far the record contains no notes of the interview, or any position description or vacancy announcement for Plaintiff's job. See Pl. Opp. to Def's SJ Mot., Mem. at 5, 26; Moses Dep. [Ex. 4] 47; Baker Dep. [Ex. 3] 193.

  b. Details about all of the duties of electrical engineers in Washington, D.C., during the period between January 1, 2001, and December 31, 2004. This request goes to the heart of whether defendant correctly classified the position which plaintiff held based on the duties of the position (see Pl. Opp. to Def's SJ Mot., Mem. at 26-27) and is one of the subjects of Plaintiff's Motion to Compel. See *id.*, Mem. at 10-11. Also see Def. Int. Ans. [Ex. 6 hereto], No. 8.

  c. Copies of all advertisements for electrical engineer positions or any other positions which were substantially similar to plaintiff's, including advertisements for the exact position which plaintiff held. This is one of the subjects of Plaintiff's Motion to Compel and is explained

---

[1] See also defendant's Answer to Request for Admissions [Ex. 6 hereto], No. 3, which similarly avoided a direct response:

> Defendant admits that plaintiff was interviewed for a position with the company. Defendant denies that plaintiff, as a statutorily-exempt employee, was entitled to overtime compensation. Pursuant to Fed.R.Civ.P., Rule 36(a), Defendant is without sufficient information, knowledge or belief regarding any statement made to plaintiff in the form of a promise of additional compensation. Defendant states that it has made reasonable inquiry. However, despite Defendant's efforts, the information known or readily obtainable to it is insufficient to enable it to admit or deny the allegation regarding the statements attributed to Mr. Rivera. If necessary, Defendant will supplement its Response in accordance with the Court's Scheduling Order.

Oddly, in spite of its response, defendant could easily obtain information from Mr. Rivera, who continues to work for it. See Moses [Ex. 4] Dep. 50.

in detail on pages 38-40 of the memorandum supporting that motion.  Although an advertisement for an available position is not dispositive of whether an employee is improperly classified as an exempt employee, see Pl. Opp. to Def. SJ Mot., Mem. at 26-27, 35, advertisements for plaintiff's actual position, if one exists, or for <u>identical</u> positions, can help the Court understand the qualifications which defendant required of applicants and duties which it expected the selected employees to perform in that position.

      d.  Copies of all job descriptions for plaintiff's position, all other electrical engineer positions in the Metropolitan Washington area, or any other positions in the Metropolitan Washington area which were substantially similar to plaintiff's.  This is one of the subjects of Plaintiff's Motion to Compel and is explained on pages 40-41 of the memorandum supporting that motion.  Although a position description is not dispositive of whether an employee is improperly classified as an exempt employee, see Pl. Opp. to Def's SJ Mot., Mem. at 26-27, 35, plaintiff's actual position description, if one exists, and position descriptions for identical positions can help the Court understand the duties which defendant expected the employee to perform in that position.

      e.  All supervision of plaintiff when he worked for defendant as an electrical engineer.  This is one of the subjects of Plaintiff's Motion to Compel and is explained on pages 11-12 of the memorandum supporting that motion.  Also see Def. Int. Ans. [Ex. 6 hereto], No. 10.  This information would help determine whether plaintiff was in fact "self-directed," as defendant asserts, and the extent to which plaintiff himself did not serve as a supervisor.

      f.  All communications which defendant had with plaintiff about his status as exempt or non-exempt before it discharged him.  This is one of the subjects of Plaintiff's Motion to Compel and is explained further on page 12 of the memorandum of that motion.  Also see Def. Int. Ans. [Ex. 6 hereto], No. 14.  Defendant's <u>only</u> response has been a reference to a document.  Clearly

any discussions defendant had with plaintiff about plaintiff's non-exempt status could help indicate whether in 2000-2004 defendant considered plaintiff to be performing work which was characteristic of a non-exempt employee.

      g.  All facts which could possibly permit defendant to classify plaintiff as exempt from overtime pay.  This is one of the subjects of Plaintiff's Motion to Compel More Complete Responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents and to Deem Requests for Admissions Admitted and is discussed on pages 13-14 of the memorandum of that motion.  Also see Def. Int. Ans. [Ex. 6 hereto], No. 18.  This is a broader request for information similar to the information requested and discussed in (f) above and goes to the heart of the defendant's defense.  As explained in the accompanying memorandum, defendant has also produced no document which would explain its contemporaneous thought processes in classifying plaintiff as exempt, Mr. Muscato, defendant's 30(b)(6) witness on the classification issue (Muscato Depo. [Ex. 5] 11), joined ALSTOM several years after it hired plaintiff, had no direct information about why defendant regarded plaintiff as exempt, and could merely speculate on why it did so.  See Muscato Depo. [Ex. 5] 9, 36, 40, 55, 72.

      h.  All communications which defendant ever had with plaintiff about overtime pay before he filed this suit.  Clearly any discussions defendant had with plaintiff about plaintiff's overtime pay could help indicate whether in 2000 defendant considered plaintiff to be performing work which was characteristic of a non-exempt employee.  This is one of the subjects of Plaintiff's Motion to Compel and is explained further on page 12 of the memorandum.  Also see Def. Int. Ans. [Ex. 6 hereto], No. 14.

      i.  Any overtime pay which defendant has paid any of its other electrical engineers anywhere in the United States, including without limitation their identity, their work sites, their position titles and the dates of such pay, and pay records for all electrical engineers employed by

defendant in the Washington Metropolitan area since January 1, 2000. This is one of the subjects of Plaintiff's Motion to Compel and is discussed on pages 41-42 of the memorandum of that motion. Also see Def. Int. Ans. [Ex. 6], No. 21. If defendant paid similarly situated employees overtime pay, that could be probative of its recognition that such employees were not exempt or at least of facts tending to show that such employees are not exempt.

    j. Any complaints or suits for overtime pay ever brought by or on behalf of any employees against defendant (whether in court or in any administrative agencies), and all decisions or opinions with respect to those complaints or suits, including all documents containing or relating to any complaints against defendant which were filed by or on behalf of its employees for alleged failure to pay them overtime after January 1, 1999, and the results of those complaints. This is one of the subjects of Plaintiff's Motion to Compel and is explained further on page 45 of the memorandum of that motion. Also see Def. Int. Ans. [Ex. 6 hereto], No. 22.[2] This information could reveal facts supporting plaintiff's contention that he was not exempt or a decision or admissions that similarly situated employees were not exempt.

    In deposing Mr. Muscato, I asked for his request for audits of employee's position in 2003, among others. We confirmed the request with several letters, dated November 8 and 17 and December 1 and 20, 2005. On December 23, defendant produced many documents which I had requested in Mr. Moses's and Mr. Muscato's depositions. However, defendant did not produce any e-mails and other documents in which Mr. Muscato requested the audits of employees' positions in 2003. (Muscato Dep. 26). As part of its defense, defendant obviously relies upon that audit. See Def. Mem. at 11, 12, 17, 23.

---

[2] After plaintiff filed the motion to compel, Gregory Muscato testified that he was unaware of any such suits (Muscato Dep. [Ex. 5] 28), but he did not arrive at ALSTOM until May 13, 2002 (Muscato Dep. [Ex. 5] 9).

Accordingly, the missing documents could illuminate ALSTOM's objectives in conducting the audit and could perhaps even contain declarations against interest.

## VERIFICATION

I have read this affidavit consisting of seven (7) printed pages and certify under penalty of perjury that the statements made in the affidavit and exhibits are true and correct to the best of my knowledge, information, and belief.

Executed at Washington, D.C., this 6th day of January, 2006.

_____/s/_____
Alan Banov (D.C. Bar No. 95059)
ALAN BANOV & ASSOCIATES
1819 L Street, N.W., Suite 700
Washington, D.C. 20036-3830
(202) 822-9699
Fax: (202) 842-9331
ab@banovlaw.com
Attorney for Plaintiff