UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN PATRICK BAKER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1352 (RCL) |
| ) | |
| **ALSTOM TRANSPORTATION, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PROTECTIVE ORDER

Upon Consideration of Defendant's Consent Motion [24] for Protective Order, it is this 29th day of September 2006, HEREBY ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. Any party may designate any non-public document, material or commercial information as "Confidential" under the terms of this Order.

2. Confidential documents shall be defined as any non-public document, material, or information, including trade secrets or other confidential research, development, or commercial information or policy so designated and originating from Defendant, ALSTOM Transportation Inc. ("ALSTOM").

3. Any document, material or information to be designated "Confidential" may be so designated by stamping the document, material or information with the legend "CONFIDENTIAL" prior to its production. Stamping such a legend on the cover of multi-page documents shall so designated all pages of such documents, unless otherwise indicated.

4. In the event counsel for a party receiving documents, material, or information

designated as "Confidential" object to such designation of any or all of such items or class of items, said counsel shall provide the party or non-party witness producing the items or designating the items as "Confidential" written notice of such objections and the reasons therefore. If the producing or designating party disputes the receiving party's objections, all the items shall be treated as "Confidential," pending a resolution of the dispute as to confidentiality. The parties shall attempt in good faith to resolve any dispute as to confidentiality.

5. In the event that the parties are unable to resolve a dispute as to the confidentiality of particular documents, it shall be the obligation of the party designating the items as "Confidential" to move for a ruling regarding the propriety of the designation and the burden shall remain on that party.

6. Whenever materials subject to this Order (including portions of deposition transcripts, or any pleading, motion or memorandum referring to such materials), are proposed to be filed in the court record under seal, the party making such filing must simultaneously submit a motion and accompanying order. The Clerk may return to counsel or destroy any sealed material at the end of the litigation, and all appeals therefrom.

7. Any portion of deposition testimony concerning proprietary or confidential information, and any transcription thereof, and/or any document produced in response to a deposition subpoena may be designated as "Confidential," and shall be treated as "Confidential" and subject to the confidentiality provisions hereof. Such designation should be made no later than thirty (30) days after receipt of the transcript by the designating party.

8. Any document provided to a non-party during the course of a deposition and designated as "Confidential" will be subject to the confidentiality provisions hereof. Furthermore, such non-party will not have the right to retain copies of the aforesaid documents.

9. Documents or material (including portions of deposition transcripts), designated as "Confidential" or information derived therefrom, may be disclosed or made available by a party receiving such information only to "Qualified Persons," who are defined to consist solely of:

a. The Court and Court personnel (at any trial or oral hearing and in the manner provided herein);

b. Counsel to the parties to this action and the paralegal, clerical and secretarial staff employed by such counsel to the extent such disclosure is necessary and to the extent such persons have been advised of and have agreed to the terms of this Order;

c. Court reporters to the extent such persons have been advised of and have agreed to the terms of this Order;

d. Individuals whom counsel in good faith believes may be designated as witnesses in this litigation and/or witnesses at any deposition in this action to the extent such persons have been advised of and have agreed to the terms of this Order;

e. Experts and/or advisors of any kind consulted by the parties or their counsel in connection with this litigation, whether or not retained to testify at trial; provided that prior to the disclosure to such expert and/or advisor of any document, information or material designated as "Confidential," or information derived

    therefrom, counsel for the party proposing to make such disclosure shall deliver a copy of this Order to he expert and/or advisor, shall explain its terms to the expert and/or advisor and shall secure the signature of the expert and/or advisor on a certificate in the form attached hereto as Exhibit A.  The provision s of this paragraph shall also apply to persons employed by experts and/or advisors.  It shall be the obligation of such counsel to retain a copy of all certificates executed pursuant to this paragraph.

10. Documents and materials designated as "Confidential" or information derived therefrom shall be used by the persons receiving them only for the purposes of this action.

11. Each non-lawyer given access to documents, material, or information designated "Confidential" pursuant to the terms hereof shall be advised that the documents, materials, or information are being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

12. Upon termination of this action, including all appeals, each party shall return to counsel for the producing party or destroy, at the option of the producing party, all documents or material designated as "Confidential" and all copies thereof.  If the documents are destroyed, the party or parties causing the destruction fo the documents or material shall represent in writing to the producing party that the documents or materials were destroyed.

13. In the event any non-party seeks access from a receiving party to documents or other material designated as "Confidential," or to information derived therefrom, that receiving party shall: (a) notify the producing party in writing of the non-

        party's request, within forty-eight (48) hours of such request, and (b) not produce, grant access or otherwise make available any such documents, material or information, unless authorized in writing by the producing party, or until ordered to do so by a court of competent jurisdiction.

14. The dismissal of any party, the final determination or the settlement of this action shall not relieve any person who has received documents, material or information designated as "Confidential," or information derived therefrom, from the obligations imposed by this Order.  This Order shall remain in full force and effect.

15. Nothing in this Order is intended or shall be given effect so as to alter any person's obligations of confidentiality, pursuant to any federal or state regulation.


SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, September 29, 2006.